UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
1199SEIU UNITED HEALTHCARE WORKERS EAST,

                                *Petitioner*,

-against-

PSC COMMUNITY SERVICES, NEW PARTNERS, INC. d/b/a PARTNERS IN CARE, STELLA ORTON HOME CARE AGENCY, RICHMOND HOME NEEDS, SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE CITYWIDE HOME CARE, FAMILY HOME CARE OF BROOKLYN AND QUEENS, CARE AT HOME, CHINESE-AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM, UNITED JEWISH COUNCIL OF THE EAST SIDE HOME ATTENDANT SERVICE CORP., THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP., AZOR HOME CARE, BUSHWICK STUYVESANT HEIGHTS HOME ATTENDANT, INC., CABS HOMECARE, RIVERSPRING LICENSED HOMECARE SERVICES AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS CORP., WARTBURG, ALLIANCE FOR HEALTH, INC., REGION CARE, INC., SPECIAL TOUCH HOME CARE SERVICES, INC., RAIN, INC., PRESTIGE HOME CARE, INC., PRESTIGE HOME ATTENDANT, INC. d/b/a ALL SEASON HOME ATTENDANT, PERSONAL TOUCH HOME CARE OF N.Y., INC., PRIORITY HOME SERVICES, PREMIER HOME HEALTH CARE, INC., BRONX JEWISH COMMUNITY COUNCIL HOME ATTENDANT SERVICES, CIDNY INDEPENDENT LIVING SERVICES, HOME CARE SERVICES FOR INDEPENDENT LIVING, NEW YORK FOUNDATION FOR SENIOR CITIZENS HOME ATTENDANT SERVICES, COOPERATIVE HOME CARE ASSOCIATES, RISEBORO HOME CARE, INC., FEGS HOME ATTENDANT SERVICES, HOME HEALTH MANAGEMENT SERVICES, INC., SCHOOL SETTLEMENT HOME ATTENDANT CORP., ROCKAWAY HOME ATTENDANT, BRONXWOOD HOME FOR THE AGED, INC., ACCENTCARE OF NY, INC., ISABELLA VISITING CARE, INC., SOCIAL

**PETITION TO CONFIRM ARBITRATION AWARD**

Civil Action No.

CONCERN COMMUNITY DEVELOPMENT CORP., , ABC HEALTH SERVICES REGISTRY, ALLIANCE HOME SERVICES, *collectively identified by the Arbitrator as the* "HOME HEALTH CARE AGENCIES",

                                                     Respondents

----------------------------------------------------------------------X

Petitioner, 1199SEIU United Healthcare Workers East ("Union" or "1199SEIU"), by and through their attorneys, Levy Ratner, P.C., respectfully states:

## NATURE OF ACTION

1. This action is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 1 et seq. of the Federal Arbitration Act, 9 U.S.C. § 1, et seq. to confirm Arbitrator Martin F. Scheinman's April 17, 2020 Arbitration Award ("Award"). A copy of the Award is attached hereto as Exhibit A.

## PARTIES

2. Petitioner 1199SEIU is a labor organization representing employees in an industry affecting commerce as defined in Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5). 1199SEIU represents 75,0000 current home care workers in New York City and the surrounding counties.

3. Respondents are licensed home care agencies and employers set forth below, each within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2), engaged in an industry affecting commerce within the meaning of Section 2(7) of the NLRA, 29 U.S.C. § 152(7) ("Employers"). They are engaged in the business of providing home care services. Respondents are:

    A.    PSC Community Services

    B.    New Partners, Inc. d/b/a Partners in Care

C. Stella Orton Home Care Agency

D. Richmond Home Needs

E. Sunnyside Home Care Project

F. Sunnyside Cityside Home Care

G. Family Home Care of Brooklyn and Queens

H. Care at Home

I. Chinese-American Planning Council Home Attendant Program

J. United Jewish Council of the East Side Home Attendant Service Corporation

K. The First Chinese Presbyterian Community Affairs Home Attendant Corporation

L. Azor Home Care

M. Bushwick Stuyvesant Heights Home Attendants, Inc.

N. CABS Homecare

O. RiverSpring Licensed Homecare Services Agency, Inc.

P. St. Nicholas Human Supports Corporation

Q. Wartburg

R. Alliance for Health, Inc.

S. Region Care, Inc.

T. Special Touch Home Care Services, Inc.

U. Rain Inc.[1]

V. Prestige Home Care, Inc.

W. Prestige Home Attendant Inc. d/b/a All Season Home Attendant

---

[1] Erroneously referred to in the Award Ray, Inc., due to scrivener's error.  See Award, Ex. A at 5.
1-000-00464: 11122377

X. Personal Touch Home Care of N.Y., Inc.

Y. Priority Home Services

Z. Premier Home Health[2]

AA. Bronx Jewish Community Council Home Attendant Services

BB. CIDNY Independent Living Services[3]

CC. Home Care Services for Independent Living

DD. New York Foundation for Senior Citizens Home Attendant Services

EE. Cooperative Home Care Associates

FF. RiseBoro Homecare, Inc.[4]

GG. Fegs Home Attendant Services

HH. Home Health Management Services Inc.

II. School Settlement Home Attendant Corp.

JJ. Rockaway Home Attendant

KK. Bronxwood Home for the Aged, Inc.

LL. AccentCare of NY, Inc.

MM. Isabella Visiting Care, Inc.

NN. Social Concern Community Development Corp.

OO. ABC Health Services Registry

PP. Alliance Home Services

---

[2] Erroneously referred to in the Award as Premiere Home Health, due to scrivener's error. See Award, Ex. A at 5.
[3] Erroneously referred to in the Award as Sydney Independent Living Services, due to scrivener's error. See Award, Ex. A at 5.
[4] Erroneously referred to in the Award as Rise Borough Home Care, Inc, due to scrivener's error. See Award, Ex. A at 6.

## JURISDICTION AND VENUE

4. The Court has jurisdiction in this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 1 et seq. of the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

5. Venue is proper in this district as the hearing was held in this district.

## STATEMENT OF FACTS

### The Collective Bargaining Agreements

6. 1199SEIU is the sole and exclusive representative of the Employers' home health aide employees for purposes of collective bargaining over the terms and conditions of their employment.

7. 1199SEIU is a party to a collective bargaining agreement with each of the Respondents (collectively, "Agreements" or "CBAs"). While Respondents may have variations in their CBAs, all of the Respondents are parties to substantially similar agreements. Any CBA provision quoted herein or in the accompanying papers is the same among the CBAs. Representative copies of the CBAs, including relevant Memoranda of Agreement, are attached hereto as Exhibits B (CBA), C (2014 Memorandum of Agreement), and D (2015 Memorandum of Agreement), respectively.

8. The CBAs contains grievance and arbitration provision which provides, in relevant part:

**ARTICLE XXVI**
**GRIEVANCE AND ARBITRATION PROCEDURE**

1. A grievance is defined as any dispute between the Union (on its behalf and/or on behalf of any Employee) with the Employer involving the proper application, interpretation, or compliance with the specific written provisions

>of the Agreement based on facts and circumstances occurring during the term of this Agreement. A grievance is subject to arbitration.
>
>2. Grievances will be resolved in accordance with the following procedure.
>
>   \*\*\*
>
>Step 4 -- If the grievance is not resolved at Step 3, the Union and/or Employer may within ten (10) days thereafter request that the matter be submitted for final and binding arbitration under the Labor Arbitration Rules of the American Arbitration Association.
>
>3. Notwithstanding the foregoing, a grievance that affects a substantial number of Employees and is outside the authority of the Employer's representatives designated in Steps 1 and 2 may be presented initially at Step 3 of the grievance procedures. This grievance must be presented in writing and within ten (10) days of the occurrence which gave rise to the grievance.
>
>   \*\*\*
>
>5. The opinion and award of the arbitrator must be made in writing and is final and binding upon all parties. The arbitrator has full authority to decide the issue or issues in dispute, except that s/he does not have authority to amend, alter, modify, add to or subtract from the provisions of this Agreement.

\*\*\*\*

See Ex. B at 28-29 (CBA).

    9. In or about 2014, the Union signed a Memorandum of Agreement amending the CBA with each of the Respondents, which provided that, given changes in federal and state law, the Union and subject Employer would meet in good faith to negotiate an "expeditious and effective alternative dispute resolution procedure for the resolution of claims arising under such laws." Specifically, the Parties agreed:

>[G]iven changes in federal and state law imposing new obligations on the Employer and exposing Employers to significantly increased level of litigation, it is in the interest of the Union, Employees, and the Employer to develop an expeditious and effective alternative dispute resolution procedure for the resolution of claims arising under such laws. Accordingly, between the execution of this Agreement and December 1, 2014, or as otherwise agreed by

the parties, the parties shall meet in good faith to negotiate such an alternative dispute resolution procedure. If the parties are unable to agree to such a procedure in the allotted time, the Employer may submit the dispute to Martin F. Scheinman for final and binding arbitration.

See Ex. C at 6-7 (2014 MOA).

10.     In or about December 2015, the Union signed a Memorandum of Agreement with each of the Respondents that further amended the CBA and that provided for the resolution of claims under the Fair Labor Standards Act, the New York Home Care Worker Wage Parity Law, and/or the New York Labor Law ("Covered Statutes") pursuant to an alternative dispute resolution process:

> **New Article in the CBA, "ALTERNATIVE DISPUTE RESOLUTION", is hereby created, to read…as follows:**
>
> 1. The parties agree a goal of this Agreement is to ensure compliance with all federal, state and local wage hour law and wage parity statutes. Accordingly, to ensure the uniform administration and interpretation of this Agreement in connection with federal, state and local wage-hour and wage parity statutes, all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures described in this Article. The statute of limitations to file a grievance concerning the Covered Statutes shall be consistent with the applicable statutory statute of limitations. All such claims if not resolved in the grievance procedure, including class grievances filed by the Union, or mediation as described below shall be submitted to final and binding arbitration before Martin F. Scheinman, Esq. The Arbitrator shall apply appropriate law and shall award all statutory remedies and penalties, including attorneys' fees, consistent with the FLSA and New York Labor Law in rendering decisions regarding disputes arising under this Article.

See Ex. D at 9 (2015 MOA).

11.     Under the terms of the Alternative Dispute Resolution provision ("ADR Provision"), unresolved grievances concerning violations of the Covered Statutes would be

submitted to mandatory mediation before Martin F. Scheinman, Esq.  Following the completion of the mandatory mediation process, the dispute may proceed to arbitration before Martin F. Scheinman.  Specifically, the MOAs provided:

> 2. Whenever the parties are unable to resolve a grievance alleging a violation of any of the Covered Statutes, before the matter is submitted to arbitration, the dispute shall be submitted to mandatory mediation. The parties hereby designate Martin F. Scheinman, Esq., as Mediator for such disputes. Such mediation shall be requested no more than thirty (30) calendar days following exhaustion of the grievance procedure. Following submission of the dispute to mediation, the parties with the assistance of the Mediator shall establish such procedures as shall expeditiously advance the mediation process, including the scheduling of the exchange of relevant information, submission of position statements, and dates for mediation. In the absence of an agreement, the Mediator shall determine such procedures. Once the matter has been submitted to mediation, the Employer shall be obligated to produce relevant documents as requested by the Union and any objections to production shall be ruled on by the Mediator. The fees of the Mediator shall be shared equally by the Union and the Employer.
>
> 3. No party may proceed to arbitration prior to completion of the mediation process as determined by the Mediator. In the event the Union seeks arbitration of a grievance subject to these procedures, the Union shall submit its demand for arbitration to the Employer and the Arbitrator within four (4) months following the Mediator's declaration that mediation has concluded. The Employer shall be obligated to produce relevant documents as requested by the Union and any objections to production shall be ruled on by the Arbitrator. Prior to hearing, if noticed, the Union shall also be entitled to depositions of relevant witnesses. The fees of the arbitrator shall be shared equally by the Union and the Employer. The Employer shall upon notice be entitled to take the deposition of any Employee seeking relief in such arbitration or any other relevant witness.
>
> ***
>
> 5. The parties agree not to contest court confirmation of an arbitration award rendered under this Article…

See Ex. D at 9-10.

### The Grievance

12. On January 2, 2019, 1199SEIU filed a class action grievance on behalf of all its home care bargaining unit members concerning violations of the CBAs regarding wage and hour claims arising under the Covered Statutes.

13. At the time the grievance was filed, some home care workers who had terminated employment prior to the adoption of the ADR Provision, had initiated putative class action lawsuits in state and federal court to pursue claims under the Covered Statutes on their own. At the time the grievance was filed, no class had been certified in any of these pending lawsuits and, to date, no class has been certified in any of these lawsuits. In most of these cases filed by home care workers, courts compelled the claims to arbitration. However, in a minority of pending actions involving eight former home care workers, courts held that the individual named plaintiff could not be compelled to arbitrate their claims under the ADR Provision. These eight former home care workers shall be referred to as the "Excluded Employees," as explained below.

### The Mediation and Arbitration

14. Pursuant to the Agreements, the Parties proceeded to mediation before Martin S. Scheinman, Esq.

15. With the consent of the Union, certain attorneys representing individual home care employees as plaintiffs in pending court cases, most of which had been compelled to arbitration, also participated in the mediation.

16. At the request of the Parties, on December 24, 2019, the Arbitrator declared the mediation stage complete as the Parties had not been able to reach an agreement.

17.     On December 24, 2019, Arbitrator Scheinman gave the Parties leave to submit briefs addressing threshold issues to be argued orally on the first day of hearing and to be decided in advance of any hearing on the merits, including:

> 1. Are the claims encompassed by the wage and hour related grievances involving current and former 1199 bargaining unit members, including those arising under federal, state and local law, arbitrable?
>
> 2. Does the Arbitrator have jurisdiction to adjudicate the claims asserted in the wage and hour grievances, arising under federal, state and local law, filed by the parties to the Collective Bargaining Agreement ("Agreement") which encompass all claims arising under the federal, state and local laws named in the Agreement, as well as any pending litigation or administrative actions on the identical claims, irrespective of whether employees' employment terminated prior to the effective date of the Memorandum of Agreement providing Alternative Dispute Resolution language for exclusive mediation/arbitration procedures for wage and hour disputes pursuant to the Agreement between the parties?

18.     A hearing was held on January 15, 2020 before the Arbitrator, during which the Parties agreed that Arbitrator Scheinman would hear argument on and decide the threshold jurisdictional issues identified by the Arbitrator before proceeding to a hearing on the merits.

19.     With the consent of the Union, the attorneys representing individual home care employees as plaintiffs in pending court cases who had participated in the mediation were given notice of the hearing and invited to submit briefs. A few attorneys representing such plaintiffs submitted briefs and participated in the hearing.

20.     Following the hearing and submission of briefs, the Arbitrator issued the Award, dated April 17, 2020 ("Award"), deciding, <u>inter alia</u>, the threshold jurisdictional issues, including that the Parties had granted the Arbitrator authority to determine gateway questions of arbitrability and jurisdiction, and finding as follows:

> 1. The claims encompassed by the wage and hour related grievances involving current and former 1199 bargaining unit members, including those arising under federal, state and local law, are arbitrable.
>
> 2. [The Arbitrator has] jurisdiction to adjudicate the claims asserted in the wage and hour grievances, arising under federal, state and local law, filed the parties to the Collective Bargaining Agreement which encompass all claims arising under the federal, state and local laws named in the Agreement, as well as any pending litigation or administrative action on the identical claims, irrespective of whether employees' employment terminated prior to the effective date of the Memorandum of Agreement providing Alternative Dispute Resolution language for exclusive mediation/arbitration procedures for wage and hour disputes pursuant to the Agreement between the parties.

See Ex. A at 47.

21. The Arbitrator expressly excluded from the Award the Excluded Employees, specifically holding that the Award was not binding on Alvaro Ramirez Guzman, Elida Agustina Mejia Herrera, Leticia Panama Rivas, Boris Pustilnik, Maral Agarunova, Epifania Hichez, Carmen Carrasco, and Seferina Acosta. See Ex. A at 48.

22. The Arbitrator transmitted the Award to counsel via electronic mail on April 17, 2020.

23. Section 301 of the LMRA, 29 U.S.C. § 185, provides that suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

24. The Award, in relevant part the Arbitrator's findings (1) and (2) with respect to arbitrability and jurisdiction, should be confirmed and entered as a judgment of this Court pursuant to LMRA Section 301, 29 U.S.C. § 185.

25. 1199SEIU has not applied for the same or similar relief before this or any other court.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner 1199SEIU respectfully prays for an Order confirming the Award of the Arbitrator herein.

Dated: May 8, 2020
New York, New York

                                                    LEVY RATNER, P.C.

                                                 */s Laureve Blackstone*
                                     By:   Laureve Blackstone
                                                 Attorneys for Petitioner
                                                 *1199SEIU United Healthcare*
                                                     *Workers East*
                                                 80 Eighth Avenue
                                                 New York, New York 10011
                                                 (212) 627-8100
                                                 (212) 627-8182 (fax)
                                                 lblackstone@levyratner.com