

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080

**LaDonna M. Lusher**
Partner
llusher@vandallp.com

May 22, 2020

VIA ECF
Honorable John G. Koeltl
United States Courthouse
500 Pearl Street, Courtroom #14A
New York, NY 10007-1312

   Re:  *1199SEIU United Healthcare Wrks East v. PSC Comm. Svcs.,et al.* No. 20-cv-03611(JGK)

Dear Judge Koeltl:

      This letter is submitted pursuant to Rule 2(B) of this Court's Individual Practices to request a pre-motion conference, or alternatively, permission for non-party Gail Yan to file a Motion requesting that this Court dismiss the Petition to Confirm Arbitration Award ("Petition"). [Dkt. No. 1.] The Petition must be dismissed due to this Court's lack of subject matter jurisdiction as it seeks confirmation of a preliminary procedural ruling that is not a final award. The Petition should also be dismissed under the principles of federalism which deprive this Court of jurisdiction to review claims previously decided in prior court proceedings. Alternatively, this Court should stay any confirmation of the Arbitrator's Award pending adjudication of claims that are currently proceeding in various courts.

    **I.**    **This Court Lacks Subject Matter Jurisdiction**

      Federal courts only have subject matter jurisdiction to confirm "final" arbitration awards. *See e.g. Mason Tenders Dist. Council of Greater N.Y. v. CAC of N.Y., Inc.,* 46 F. Supp. 3d 432, 435 (S.D.N.Y. 2014); *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980) (Under FAA "a district court does not have the power to review an interlocutory ruling by an arbitration panel.") (*citing Travelers Insurance Co. v. Davis*, 490 F.2d 536, 541-42 & n. 12 (3d Cir. 1974). "In order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." *Kalyanaram v. Am. Ass'n of Univ. Professors at the N.Y. Inst. of Tech.*, 742 F.3d 42, 51 (2d Cir. 2014) (*quoting Michaels*, 624 F.2d at 413); *Schreiber v. Friedman,* 2017 U.S. Dist. LEXIS 222838 (E.D.N.Y. Mar. 30, 2017).

      The Petition seeks confirmation of a preliminary procedural ruling ("Arbitrator's Award") that determined certain claims were arbitrable and that the Arbitrator had authority to make this determination. This is not a final award that resolved liability or damages for the unpaid wage claims that the Arbitrator was asked to resolve in the arbitration. The Arbitrator's Award only resolved *procedural* issues related to whether the claims are arbitrable in the first place. Indeed,



even Petitioner refers to the award as determining only "threshold jurisdictional" issues. [Pet. Br., p.10-11.] All disputes between the parties regarding wage and hour claims remain undecided.

Numerous courts have dismissed petitions to confirm arbitration awards finding a lack of jurisdiction because the award was not final. *See Mason Tenders Dist. Council of Greater N.Y. v. CAC of N.Y., Inc.,* 46 F. Supp. 3d 432 (S.D.N.Y. 2014); *Schreiber,* 2017 U.S. Dist. LEXIS 222838 (dismissal because award was "merely the determination of a procedural matter that is 'required for furtherance of the arbitration.'"); *Zeiler v. Deitsch,* 500 F.3d 157, 169 n.11 (2d Cir. 2007) ("the Court is not aware of—any case in which a court has reviewed an arbitrator's arbitrability determination as a final award.") (*quoting Nat'l Ass'n of Broadcast Employees & Technicians v. Am. Broadcasting Co., Inc.*, 140 F.3d 459, 462 (2d Cir. 1998)). There can be no doubt that the Arbitrator's Award, which solely addressed procedural matters regarding arbitrability, is not a "final" award, thereby depriving this Court of jurisdiction to confirm the award. Yan should be granted permission to move to dismiss the petition. *Canadian St. Regis Band of Mohawk Indians v. New York*, 388 F. Supp. 2d 25, 29 (N.D.N.Y. 2005) ("A challenge may be made to the Court's subject matter jurisdiction under Rule 12(h)(3) by a non-party.") (*citing New York v. Waterfront Airways, Inc.,* 620 F. Supp. 411, 413 (S.D.N.Y. 1985).

## II.     This Court Also Lacks Jurisdiction Under The *Rooker-Feldman* Doctrine

Pursuant to the *Rooker-Feldman* doctrine, "a federal district court does not have jurisdiction to review a claim that has been previously decided by a prior state court proceeding." *Yonkers Elec. Contr. Corp. v. Local Union No. 3, IBEW*, 220 F. Supp. 2d 254, 258 (S.D.N.Y. 2002) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Phifer v. City of New York*, 289 F.3d 49, 49 (2d Cir. 2001)). "The principle arises from the fundamental concepts of federalism and is designed to maintain the independence of state courts." *Yonkers Elec. Contr. Corp.*, 220 F. Supp. 2d at, 258 (string cite omitted). "Federal district courts lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts.'" *Yonkers Elec. Contr. Corp.*, 220 F. Supp. 2d at 258 (quoting *Phifer*, 289 F.3d at 49). "The preclusive nature of the *Rooker-Feldman* doctrine extends to lower state court judgments and even interlocutory decisions." *Yonkers Elec. Contr. Corp.*, 220 F. Supp. 2d at 259 (citing *Campbell v. Greisberger*, 80 F.3d 703, 707 (2d Cir. 1998)).

The Arbitrator Award directly violates holdings by numerous courts, including the Second Circuit Court of Appeals and New York Appellate Division, First Department, that have examined respective agreements that are the underlying basis for the Arbitrator's Award, and have determined that the arbitration agreements are not binding on employees whose employment terminated prior to the agreements execution (hereinafter these employees are referred to as "Former Employees").[1] *See e.g. Agarunova v. Stella Orton Home Care Agency, Inc.,* No. 19-798, 2020 U.S. App. LEXIS 5429 (2d Cir. Feb. 24, 2020) (in a civil action alleging statutory unpaid wage claims, court analyzed a 2012 CBA, 2014 MOA, and 2015 MOA between the parties, finding plaintiffs who ceased working for Respondent prior to the execution of the 2015 MOA could not be compelled to arbitration); *Hichez v. United Jewish Council of the E. Side, Home Attendant Serv. Corp.,* 2020 NY Slip Op 00515 (App. Div. 1st Dept. Jan. 23, 2020) (First Department held

---

[1] Yan is a Former Employee the Arbitrator's Award seeks to include in the arbitration



plaintiffs were not compelled to arbitrate statutory wage claims by either the CBA, which "limits mandatory arbitration to disputes between an employee and employer concerning the interpretation or application of [a specific] term of the CBA," or the MOA as plaintiffs "were no longer defendant's employees when it was executed, they were not parties to that agreement, and there is no evidence that the Union was authorized to proceed on their behalf"); *Lorentti-Herrera v. All. for Health, Inc.*, 173 A.D.3d 596 (1st Dept 2019) ("Although defendant and the Union [Petitioner] entered into a memorandum of agreement (MOA)…that modified the CBA to mandate arbitration for Labor Law claims, plaintiff's employment with defendant ended…and neither she nor any other class member who was not employed by defendant when the MOA was entered into is bound by the MOA's arbitration provision."); *Chu v Chinese-American Planning Council Home Attendant Program, Inc*., 194 F.Supp.3d 221, 228 (S.D.N.Y. 2016) ("plaintiffs may not be bound by subsequently adopted amendments to a collective bargaining agreement to which they were not parties"); *Pustilnik v. Premier Home Care Svcs.*, Index No. 155081/2016 (Sup. Ct. N.Y. Cnty.) (same); *Safonova v. Home Care Servs. for Indep. Living, Inc.*, No. 150642/2016, 2017 N.Y. Misc. LEXIS 5457 (Sup. Ct. Jan. 17, 2017) (same), *rev'd on other grounds*, 165 A.D.3d 482 (App. Div. 1st Dept.). *See also Konstantynovska v. Caring Prof., Inc.*, 2018 N.Y. Misc. LEXIS 2810, 2018 NY Slip Op 31475 [U] (Sup. Ct. NY Cty. 2018), *aff'd*, 172 A.D.3d 486 (1st Dept 2019) (same).

These courts also properly determined threshold issues of arbitrability, and the Appellate Division, First Department has expressly held that the Arbitrator lacks authority to make this determination under the exact agreements at issue here. *Hichez*, 2020 NY Slip Op 00515. Several courts have even issued injunctions prohibiting arbitration which are binding on Respondents, as well as the Union and the Arbitrator.[2] Thus, it has already been conclusively established that the claims of Former Employees cannot be brought in this arbitration and that the Arbitrator has no authority over them to determine anything. Yan respectfully requests permission to move to dismiss the Petition pursuant to the *Rooker-Feldman* doctrine as this Court lacks jurisdiction because confirmation would essentially void or reverse countless related court rulings.

### III. At Minimum This Court Should Stay Confirmation Pending Resolution of Related Litigation

In the unlikely event this Court holds it has jurisdiction over the Petition, Yan seeks permission to file a motion requesting that this Court stay confirmation. "It is well-settled that a district court has discretionary power to stay proceedings pursuant to its inherent power to control its docket." *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, No. 17cv1266, 2019 U.S. Dist. LEXIS 5416, at *10 (S.D.N.Y. Jan. 11, 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). A non-party can raise this issue because this power may be exercised *sua sponte* in the interests of justice. *Id.* (citing *Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc.*, 2017 U.S. Dist. LEXIS 121357, at *1 (S.D.N.Y. Aug. 2, 2017).

A stay is warranted due to pending litigation of Former Employees' claims that is proceeding in various courts. A stay will not cause any harm to the Petitioner or the Respondents

---

[2] *See Guzman et al. v. The First Chinese Presbyterian Community Affairs Home Attendant Corp.*, Index No. 157401/2016 (N.Y. Sup. Ct. N.Y. Co.); *Pustilnik v. Premier Home Care Svcs.*, Index No. 155081/2016 (Sup. Ct. N.Y. Cnty.); *Alvarado v. Alliance for Health*, Index No. 155417/2018 (N.Y. Sup. Ct. N.Y. Co. Jan. 13, 2020).



as the Arbitrator's Award solely pertains to preliminary matters. The interests of the courts weigh heavily in favor of a stay. This Court should not confirm an award that expressly violates countless court orders, legal authority, and injunctions. There are also pending motions to modify and stay the arbitration that have yet to be decided by the courts. The interests of Former Employees, who are not parties to this Petition, strongly support a stay. Contrary to the Arbitrator's Award, they are not parties to the arbitration because there is no agreement compelling arbitration of their claims. This has been conclusively established by countless courts as set forth previously. Accordingly, Yan respectfully requests a pre-motion conference, or alternatively, permission to file a motion to request this Court dismiss the petition or stay confirmation of the Arbitrator Award.

        Respectfully submitted,

        LaDonna M. Lusher, Esq.

cc: All counsel of record (via email and ECF)