F I S H E R | T A U B E N F E L D  L L P

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

May 27, 2020

**VIA ECF**
Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: 1199SEIU United Healthcare Workers East v. PSC Community Services et al.
Case No.: 20-cv-3611 (JGK)

Dear Judge Koeltl:

Along with TakeRoot Justice, we represent Mei Kum Chu, Sau King Chung, Qun Xiang Ling, Epifania Hichez, Carmen Carrasco, Seferina Acosta, and Ramona de la Cruz, proposed intervenors ("Intervenors"), in this matter. Intervenors are named plaintiffs and a putative class member in two state court proceedings against two Respondents in this matter, Chinese-American Planning Council Home Attendant Program ("CPC") and United Jewish Council of the East Side Human Attendant Service ("UJC") (CPC and UJC are collectively the "Agencies"). Intervenors request a premotion conference to discuss their anticipated motion to:

1. Intervene in this action either as of right under Fed.R.Civ.P.24(a) or permissively under Fed.R.Civ.P.24(b);
2. Dismiss the Petition because it is not a final award; and
3. Stay this proceeding.

**1. Relevant Factual Background.**

Intervenors were home care aides employed by the Agencies to care for elderly individuals in and around New York City. They each worked extensive hours each week, but the Agencies did not pay them in accordance with the NYLL for each of the hours they worked.

In December 2015, after they stopped working for the Agencies, their former union 1199SEIU United Healthcare Workers East (the "Union") entered into separate MOAs with the

Agencies, as well as a number of other agencies. The 2015 MOA includes a variety of terms affecting the Agencies' then-current workforce, for example, pay, hours worked, benefit fund and education fund contributions for current employees, paid time off, paid holidays, and bereavement. The 2015 MOA also provided for an ADR procedure that required employees to arbitrate their NYLL claims before Martin Scheinman, Esq. (the "Arbitrator").

In the following years, Intervenors brought two putative class actions in New York State Supreme Court alleging that the Agencies violated the NYLL: Hichez v. United Jewish Council and Chu v. Chinese-American Planning Council. In Hichez, United Jewish Council moved to compel arbitration. The court denied that motion because the plaintiffs had stopped working for UJC prior to the 2015 MOA and the Appellate Division affirmed. In Chu, CPC removed the case to federal court. Judge Forrest remanded the case in part because the plaintiffs had stopped working for CPC prior to the 2015 MOA. The case was stayed and then administratively closed, and the court declined to reopen it. The decisions to dismiss and not reopen are on appeal.

Initially, when Intervenors and other workers brought claims against their agencies, the Union supported the workers and argued that the Arbitrator had no jurisdiction over workers who stopped working before the 2015 MOA ("pre-MOA Employees"). However, in January 2019, the Union suddenly changed its position and filed a class grievance on behalf of all employees, even pre-MOA Employees. It justified its change in heart based on the increase in the number of lawsuits against homecare agencies and the supposed threat those suits posed to the industry as a whole. In December 2019, the Arbitrator proceeded to arbitration and in April 2020 he issued a decision on various "preliminary issues," including determining that he could decide arbitrability of the 2015 MOA's ADR provision and also that he had jurisdiction over pre-MOA Employees[1]. The Union then petitioned this Court to confirm the award.

### 2. The Court Should Permit Intervenors to Intervene.

The Court should allow Intervenors to intervene as of right. "In order to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003). Intervenors meet all of these factors. They filed their motion to intervene a little more than two weeks after this case started and before any Respondent filed a response to the Union's Petition. Further, Intervenors have an interest in this action. Intervenors are asserting statutory NYLL claims for unpaid wages. These statutory claims are independent of the 2015 MOA. Chu v. Chinese-Am. Planning Council Home Attendant Program, Inc., 194 F. Supp. 3d 221, 229 (S.D.N.Y. 2016) (finding that NYLL claims were independent of the CBA); Tamburino v Madison Sq. Garden, LP, 115 AD3d 217, 222-223, 980 NYS2d 83 (1st Dept 2014) (same). Employees, even union members, have a "right to bring statutory claims in court" unless they waive such a right. Abdullayeva v. Attending Homecare Servs. LLC, 928 F.3d 218, 222 (2d Cir. 2019); Rogers v. New York Univ., 220 F.3d 73, 75 (2d Cir. 2000) (referring to "an employee's statutory right to a judicial forum") (abrogated on other grounds by 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009)). And a union can only

---

[1] The Arbitrator declined to exercise jurisdiction over Pre-MOA Employees whom a court did not compel to arbitrate, including the Hichez plaintiffs. The Hichez plaintiffs seek to intervene as representatives of the putative class.

waive its members' rights through a clear and unmistakable waiver of that right.  Abdullayeva, 928 F.3d at 222.  Intervenors therefore have a legally protected right, namely their right to proceed in court, that they wish to protect.

Intervenors' right to proceed in court may be impaired should they not be permitted to intervene.  Federal and New York State courts have consistently ruled that pre-MOA Employees do not have to arbitrate their claims.  Agarunova v. Stella Orton Home Care Agency, Inc., 794 F. App'x 138, 140 (2d Cir. 2020); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020).  Further, the Appellate Division in Hichez determined that courts and the not the Arbitrator can decide arbitrability.  Nevertheless, the Union, which has shifted its position on the arbitrability of the pre-MOA Employees' claims supposedly because a prevalence of lawsuits threatens the homecare industry, proceeded to arbitration on behalf of pre-MOA employees and has now moved to confirm the Arbitrator's clearly preliminary award.  Intervenors are therefore legitimately concerned that the Agencies may attempt to weaponize a confirmed award to short-circuit the Intervenors' longstanding cases in state court.  Finally, it is clear that the Union will not protect Intervenors' interest in proceeding in court, as the Union does not believe Intervenors can proceed in court and is trying to prevent them from doing so.  Intervention as of right is therefore warranted.

Intervenors may also intervene permissively.  Under Rule 24(b) a court may allow a timely applicant to intervene permissively "if the applicant has a claim or defense that shares with the main action a common question of law or fact." 1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park, No. 18-CV-3336 (JSR), 2018 WL 9651077, at *3 (S.D.N.Y. Sept. 4, 2018), aff'd, 786 F. App'x 298 (2d Cir. 2019) (quoting Fed. R. Civ. P. 24(b)(1)(B)). "A district court has broad discretion in deciding whether to grant permissive intervention, but must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. quoting (Louis Berger Grp., Inc. v. State Bank of India, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011)).  Intervenors should be allowed to intervene.  First, as noted above, Intervenors' attempt to intervene is timely.  Further, there is an overlap in common questions of law and fact: namely whether the award should be confirmed.  Finally, Intervenors "also satisfy the most important consideration under Rule 24(b), which is that the intervention not unduly delay or prejudice the rights of the existing parties." Techcapital Corp. v. Amoco Corp., No. 99 CIV. 5093 (AGS), 2001 WL 267010, at *3 (S.D.N.Y. Mar. 19, 2001) (permitting permissive intervention to challenge confirmation of an arbitration award).  There will be no prejudice to any party in this case and no delay.  Intervenors do not intend to add additional claims in this lawsuit and their involvement will be limited to challenging the Award.  Further, intervention will not delay the Arbitration.  The Union has only requested confirmation of preliminary matters regarding jurisdiction, and the Arbitration appears to be moving forward.  Accordingly, permissive intervention is warranted.

### 3. The Award is not Final and Therefore Should be Dismissed Or Should Stay This Matter.

Intervenors direct the Court to the May 22, 2020 letter by Virginia & Ambinder LLP for why the Court should dismiss the Petition for not being a final award or stay this matter.

Thank you for your attention to the above.

                                                Respectfully Submitted,
                                                **--------------------/s/------------------**
                                                Michael Taubenfeld