UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

1199SEIU UNITED HEALTHCARE
WORKERS EAST,

                             Petitioner,

       -against-

PSC COMMUNITY SERVICES, NEW
PARTNERS, INC. d/b/a PARTNERS IN
CARE, STELLA ORTON HOME CARE
AGENCY, RICHMOND HOME NEEDS,
SUNNYSIDE HOME CARE PROJECT,
SUNNYSIDE CITYWIDE HOME CARE,
FAMILY HOME CARE OF BROOKLYN
AND QUEENS, CARE AT HOME,
CHINESE-AMERICAN PLANNING
COUNCIL HOME ATTENDANT
PROGRAM, UNITED JEWISH COUNCIL
OF THE EAST SIDE HOME ATTENDANT
SERVICE CORP., THE FIRST CHINESE
PRESBYTERIAN COMMUNITY AFFAIRS
HOME ATTENDANT CORP., AZOR
HOME CARE, BUSHWICK
STUYVESANT HEIGHTS HOME
ATTENDANT, INC., CABS HOMECARE,
RIVERSPRING LICENSED HOMECARE
SERVICES AGENCY, INC., ST.
NICHOLAS HUMAN SUPPORTS CORP.,
WARTBURG, ALLIANCE FOR HEALTH,
INC., REGION CARE, INC., SPECIAL
TOUCH HOME CARE SERVICES, INC.,
RAIN, INC., PRESTIGE HOME CARE,
INC., PRESTIGE HOME ATTENDANT,
INC. d/b/a ALL SEASON HOME
ATTENDANT, PERSONAL TOUCH
HOME CARE OF N.Y., INC., PRIORITY
HOME SERVICES, PREMIER HOME
HEALTH CARE, INC., BRONX JEWISH
COMMUNITY COUNCIL HOME
ATTENDANT SERVICES, CIDNY
INDEPENDENT LIVING SERVICES,
HOME CARE SERVICES FOR
INDEPENDENT LIVING, NEW YORK

1:20-cv-03611-JGK


**WARTBURG'S ANSWER TO
PETITION TO CONFIRM
ARBITRATION AWARD**

| | |
|---|---|
| FOUNDATION FOR SENIOR CITIZENS HOME ATTENDANT SERVICES, COOPERATIVE HOME CARE ASSOCIATES, RISEBORO HOME CARE, INC., FEGS HOME ATTENDANT SERVICES, HOME HEALTH MANAGEMENT SERVICES, INC., SCHOOL SETTLEMENT HOME ATTENDANT CORP., ROCKAWAY HOME ATTENDANT, BRONXWOOD HOME FOR THE AGED, INC., ACCENTCARE OF NY, INC., ISABELLA VISITING CARE, INC., SOCIAL CONCERN COMMUNITY DEVELOPMENT CORP., ABC HEALTH SERVICES REGISTRY, ALLIANCE HOME SERVICES, *collectively identified by the Arbitrator as the* "HOME HEALTH CARE AGENCIES", | |
| Respondents. | |

-----------------------------------------------------------------x

Respondent Wartburg (hereinafter referred to as "Respondent"), by and through its attorneys, for its Answer to the Petition of 1199SEIU United Healthcare Workers East ("Petitioner") to Confirm Arbitration Award (the "Petition") herein, states as follows:

## AS TO "NATURE OF ACTION"

1. Respondent admits that Petitioner seeks to proceed as set forth in Paragraph 1 of the Petition. To the extent Paragraph 1 refers to a document, the content of the document speaks for itself.

## AS TO "PARTIES"

2. Respondent admits the allegations set forth in Paragraph 2 of the Petition, except Respondent denies knowledge or information sufficient to form a belief about the number of homecare workers Petitioner represents in New York City and surrounding counties.

3. Respondent admits the allegations set forth in Paragraph 3 of the Petition as to itself but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Petition as to other Respondents.

### AS TO "JURISDICTION AND VENUE"

4. Respondent admits the allegations set forth in Paragraph 4 of the Petition.

5. Respondent admits the allegations set forth in Paragraph 5 of the Petition.

### AS TO "STATEMENT OF FACTS"

6. Respondent admits the allegations set forth in Paragraph 6 of the Petition as to itself but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Petition as to other Respondents.

7. Respondent admits the allegations set forth in Paragraph 7 of the Petition as to itself but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Petition as to other Respondents.

8. Respondent admits the allegations set forth in Paragraph 8 of the Petition as to itself but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Petition as to other Respondents.

9. Respondent neither admits nor denies the allegations in Paragraph 9 of the Petition and leaves Petitioner to its proofs. To the extent Paragraph 9 of the Petition refers to a document, the content of the document speaks for itself.

10. Respondent admits the allegations set forth in Paragraph 10 of the Petition as to itself, except Respondent avers it signed such Memorandum of Agreement with Petitioner on or around April 9, 2019. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Petition as to other Respondents.

11. Respondent admits the allegations set forth in Paragraph 11 of the Petition as to itself but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Petition as to other Respondents.

12. Respondent admits Petitioner filed the grievance described in Paragraph 12 of the Petition, but denies any wrongdoing alleged in such underlying grievance, and avers that such grievance was filed against Respondent on or around April 12, 2019.

13. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Respondent admits the allegations set forth in Paragraph 14 of the Petition.

15. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Petition, except avers Respondent proceeded to mediation and then to arbitration, resulting in the Arbitrator issuing the Award.

16. Respondent admits the allegations set forth in Paragraph 16 of the Petition as to itself but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Petition as to other Respondents.

17. Respondent neither admits nor denies the allegations in Paragraph 17 of the Petition and leaves Petitioner to its proofs. To the extent Paragraph 17 of the Petition refers to a document, the content of the document speaks for itself.

18. Respondent admits the allegations set forth in Paragraph 18 of the Petition.

19. Respondent admits the allegations set forth in Paragraph 19 of the Petition as to itself but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Petition as to other Respondents.

20. Respondent admits the allegations set forth in Paragraph 20 of the Petition as to itself.

21. Respondent neither admits nor denies the allegations in Paragraph 21 of the Petition and leaves Petitioner to its proofs. To the extent Paragraph 21 of the Petition refers to a document, the content of the document speaks for itself.

22. Respondent admits the allegations set forth in Paragraph 22 of the Petition as to itself.

23. Respondent admits the allegations set forth in Paragraph 23 of the Petition.

24. Respondent admits the allegations set forth in Paragraph 24 of the Petition.

25. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Petition.

Respectfully submitted,

JACKSON LEWIS P.C.

By: /s/ Eric P. Simon
Eric P. Simon
Douglas J. Klein
Ryan C. Chapoteau
666 Third Avenue, 29th Floor
New York, New York 10017
Tel.: (212) 545-4000
Fax: (212) 972-3213
eric.simon@jacksonlewis.com
douglas.klein@jacksonlewis.com
ryan.chapoteau@jacksonlewis.com

Dated: May 29, 2020
New York, New York

*ATTORNEYS FOR
RESPONDENT WARTBURG*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Respondent's Answer has been electronically filed and served on all counsel via ECF.

/s/ Christopher M. Repole
Christopher M. Repole

Dated: May 29, 2020
      New York, New York