UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **1199SEIU UNITED HEALTHCARE WORKERS EAST,**<br><br>Petitioner,<br><br>-against-<br><br>PSC COMMUNITY SERVICES, NEW PARTNERS, INC. d/b/a PARTNERS IN CARE, STELLA ORTON HOME CARE AGENCY, RICHMOND HOME NEEDS, SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE CITYWIDE HOME CARE, FAMILY HOME CARE OF BROOKLYN AND QUEENS, CARE AT HOME, CHINESE-AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM, UNITED JEWISH COUNCIL OF THE EAST SIDE HOME ATTENDANT SERVICE CORP., THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP., AZOR HOME CARE, BUSHWICK STUYVESANT HEIGHTS COME ATTENDANT, INC., CABS HOMECARE, RIVERSPRING LICENSED HOMECARE SERVICES AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS CORP., WARTBURG, ALLIANCE FOR HEALTH, INC., REGION CARE, INC., SPECIAL TOUCH HOME CARE SERVICES, INC., RAIN, INC., PRESTIGE HOME CARE, INC., PRESTIGE HOME ATTENDANT, INC. d/b/a ALL SEASON HOME ATTENDANT, PERSONAL TOUCH HOME CARE OF N.Y., INC., PRIORITY HOME SERVICES, PREMIER HOME HEALTH CARE, INC., BRONX JEWISH COMMUNITY COUNCIL HOME ATTENDANT SERVICES, CIDNY INDEPENDENT LIVING SERVICES, HOME CARE SERVICES FOR INDEPENDENT LIVING, NEW YORK FOUNDATION FOR SENIOR CITIZENS HOME ATTENDANT SERVICES, COOPERATIVE HOME CARE ASSOCIATES, RISEBORO HOME CARE, INC., FEGS HOME ATTENDANT SERVICES, HOME HEALTH MANAGEMENT SERVICES, INC., SCHOOL SETTLEMENT HOME ATTENDANT CORP., ROCKAWAY HOME ATTENDANT, BRONXWOOD HOME FOR THE AGED, INC., ACCENTCARE OF NY, INC., ISABELLA VISITING CARE, INC., SOCIAL | Case No. 1:20-cv-03611<br><br>**PREMIER HOME HEALTH SERVICES, INC.'S ANSWER TO PETITION TO CONFIRM ARBITRATION AWARD** |

**CONCERN COMMUNITY DEVELOPMENT CORP., ABC HEALTH SERVICES REGISTRY, ALLIANCE HOME SERVICES,** *collectively identified by the Arbitrator as the* **"HOME HEALTH CARE AGENCIES",**

**Respondents.**

Respondent Premier Home Health Care Services, Inc. (erroneously identified as Premier Home Health Care, Inc.) ("Premier" or "Respondent"), by and through its attorneys, Putney, Twombly, Hall & Hirson LLP, as and for its Answer to the Petition of 1199SEIU United Healthcare Workers East ("Union" or "Petitioner") to Confirm Arbitration Award, states as follows:

## NATURE OF ACTION

1. Respondent admits that Petitioner purports to bring this action under Section 301 of the Labor Management Relations Act ("LMRA") and Section 1 *et seq*. of the Federal Arbitration Act, and that Exhibit A attached to the Petition purports to be the April 17, 2020 Arbitration Award.

## PARTIES

2. Respondent admits Petitioner is a labor organization and represents home care aides in New York City and Suffolk County, but denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Petition.

3. Respondent admits that Premier is a home care agency licensed in New York, but denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Petition as it relates to other Respondents.

**JURISDICTION AND VENUE**

4. Respondent admits the allegation in paragraph 4 of the Petition.

5. Respondent admits the allegation in paragraph 5 of the Petition.

**STATEMENT OF FACTS**

6. Respondent admits the allegation in paragraph 6 of the Petition as it relates to Premier in New York City and Suffolk County, and denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Petition as it relates to other Respondents.

7. Respondent admits that Petitioner is a party to a collective bargaining agreement ("CBA") with Premier. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Petition as it relates to other Respondents.

8. Respondent admits that the Petitioner's CBA with Premier contains a similar grievance and arbitration provision as set forth in Paragraph 8 of the Petition. To the extent there are differences, the content of Petitioner's CBA with Premier speaks for itself. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Petition as it relates to other Respondents.

9. Respondent admits that the Union signed a Memorandum of Agreement ("MOA") amending the CBA with Premier containing a similar provision to meet in good faith to negotiate an "expeditious and effective alternative dispute resolution process for the resolution of claims arising under such laws." To the extent there are differences, the content of Petitioner's MOA with Premier speaks for itself. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Petition as it relates to other Respondents.

10. Respondent admits that the Union signed a Memorandum of Agreement ("MOA") with Premier containing a similar provision for the resolution of claims under "Covered Statutes" pursuant to an alternative dispute resolution process. To the extent there are differences, the content of Petitioner's MOA with Premier speaks for itself. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Petition as it relates to other Respondents.

11. Respondent admits that the allegations in paragraph 11 of the Petition as it relates to Premier, and denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Petition as it relates to other Respondents.

12. Respondent admits the allegation in Paragraph 12 of the Petition.

13. Respondent admits that, at the time the grievance was filed, no class action had been certified in any pending lawsuit brought by home care workers against Premier under the Covered Statutes. Respondent further admits that a putative class action was originally filed by former home care worker Marina Getts ("Getts) in New York County Supreme Court, Index no. 15081/2016 (Sup. Ct. N.Y. Cnty), and after the grievance was filed, Boris Pustilnik, a former home care worker for Premier who terminated his employment with Premier prior to the adoption of the Alternative Dispute Resolution provision ("ADR Provision"), became a named plaintiff in a putative lawsuit in state court against Premier, pursuing claims under the Covered Statutes, Index No. 155081/2016 (Sup. Ct. N.Y. Cnty).

14. Respondent admits the allegation in Paragraph 14 of the Petition as it relates to Premier, and denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Petition as it relates to other Respondents.

15. Respondent denies knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Petition.

16. Respondent admits the allegation in Paragraph 16 of the Petition as it relates to Premier, and denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Petition as it relates to other Respondents.

17. Respondent admits the allegation in Paragraph 17 of the Petition.

18. Respondent admits the allegation in Paragraph 18 of the Petition as it relates to Premier, and denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Petition as it relates to other Respondents.

19. Respondent admits the allegation in Paragraph 19 of the Petition as it relates to Premier, and denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Petition as it relates to other Respondents.

20. Respondent admits the allegation in Paragraph 20 of the Petition, but the content of the Award speaks for itself.

21. Respondent admits the allegation in Paragraph 21 of the Petition, but the content of the Award speaks for itself.

22. Respondent admits the allegation in Paragraph 22 of the Petition as it relates to Premier, and denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Petition.

23. Respondent admits the allegation in Paragraph 23 of the Petition, but the statute speaks for itself.

24. Respondent admits the allegation in Paragraph 24 of the Petition.

25. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Petition.

Respectfully submitted,

Dated: New York, New York
June 1, 2020

**PUTNEY, TWOMBLY, HALL & HIRSON LLP**

 /s/ James E. McGrath, III
James E. McGrath, III
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Premier Home Health Care Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that she caused a true and correct copy of Premier Home Health Services, Inc.'s Answer to Petition to Confirm Arbitration Award to be filed and served via ECF on June 1, 2020 upon all counsel of record.

Dated: June 1, 2020　　　　　　　　　　　　/s/ RKK
　　　　New York, New York　　　　　　　　Rebecca K. Kimura