PUTNEY, TWOMBLY, HALL & HIRSON LLP

DANIEL F. MURPHY, JR.
THOMAS A. MARTIN
WILLIAM M. POLLAK
JAMES E. McGRATH, III
CHRISTOPHER M. HOULIHAN
MARY ELLEN DONNELLY
GEOFFREY H. WARD
E. PARKER NEAVE
MARK A. HERNANDEZ
PHILIP H. KALBAN
JEROME P. COLEMAN
BARBARA M. MAISTO
CARYN B. KEPPLER
MICHAEL D. YIM

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020
TELEFAX: (212) 682-9380
PUTNEYLAW.COM

328 NEWMAN SPRINGS ROAD
RED BANK, NEW JERSEY 07701
(732) 379-6020
TELEFAX: (732) 345-9444

1225 FRANKLIN AVENUE, SUITE 200
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX: (516) 746-0599

2000 GLADES ROAD
SUITE 300
BOCA RATON, FLORIDA 33431
(800) 935-8480
TELEFAX: (561) 613-4100

COUNSEL
CHARLES J. GROPPE
THOMAS M. LAMBERTI
HARVEY I. SCHNEIDER
ANDREA HYDE
BRIEN D. WARD

June 1, 2020

**Via ECF**
The Honorable John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 14A
New York, New York 10007

>   Re:   1199SEIU United Healthcare Workers East v. PSC Comm. Svcs., *et al.*
>          Civil Case No.: 1:20-cv-3611 (JGK)

Dear Judge Koeltl:

      This firm represents Respondent health care agencies, including Premier Home Health Care Services, Inc. (erroneously sued herein as Premier Home Health Care, Inc.) ("Premier"), in the above-referenced matter. We write in response to a letter dated May 22, 2020 letter [Dkt No. 13] ostensibly filed on behalf of Gail Yan ("Yan"). The letter, submitted by LaDonna Lusher, Esq. of Virginia & Ambinder, requests a pre-motion conference or, in the alternative, permission to file a motion to dismiss the Petition to Confirm Arbitrator's Award ("Petition"). [Dkt No. 1]. Premier objects to the request, which should be denied because Yan lacks standing to challenge the Arbitrator's Award. Moreover, contrary to Yan's suggestions, the Court has jurisdiction to confirm the Award.

**I.**     **Yan Lacks Standing to Intervene**

      This is an action to confirm an arbitration award issued on April 17, 2020 ("Award") in an industry-wide arbitration between Petitioner 1199SEIU United HealthCare Workers East ("Union") and nearly 20 Home Health Care Agencies (collectively, "Employers") that employ tens of thousands of home health aides in the State of New York. Premier is one of the respondent agencies. The Union is the sole and exclusive representative of home health aide employees employed by Premier and represents the overwhelming majority of home health aides in the industry. As such, the Union is solely responsible for bargaining with Premier and the other home health care agencies over the terms and conditions of the aides' employment.

Hon. John G. Koeltl
June 1, 2020
Page 2

In accordance with its role as bargaining agent, on or about January 2, 2019, the Union filed a class action grievance on behalf of all of its home care bargaining unit members concerning alleged violations of the CBAs regarding wage and hour claims arising under the Fair Labor Standards Act, the New York Home Care Worker Wage Parity Law, and/or the New York Labor Law ("Covered Statutes").

Neither Yan, nor any other individual home health aide, was a party to the arbitration proceedings. Moreover, Yan was never employed by Premier. Instead, as she is or was a home health aide employed by one of the Employers to the arbitration, her interests were fully represented by the Union. It is well settled in the Second Circuit that it is the union and not its constituent members, who control the arbitration process. "If there is no claim that the union breached its duty of fair representation, an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." *Katir v. Columbia University*, 15 F.3d 23, 24-25 (2d Cir. 1994). Nothing in Yan's May 22, 2020 letter indicates that Yan is not a member of the Union or that she is claiming a breach of duty on the part of the Union. In fact, as Yan has failed to indicate any basis for standing to intervene in these proceedings, her request fails from the outset and must be denied.

*Katir* remains the controlling law regarding the lack of standing of individual union members' actions to confirm or set aside arbitration awards. This Court's opinion in *Mussafi v. Fishman*, No. 12-cv-2071 (JGK), 2012 WL 5473874 (S.D.N.Y. Nov. 12, 2012), concerning a similar situation is instructive:

> [T]he plaintiff lacks standing to challenge the arbitration award. "If there is no claim that the union breached its duty of fair representation, an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." *Katir v. Columbia Univ.*, 15 F.3d 23, 24–25 (2d Cir.1994) (per curiam) (citations omitted). Here, the Union and the Employer were the only parties to the collective bargaining agreement. (Award at 1–2.) Because the plaintiff has failed to allege a plausible claim that the Union breached its duty of fair representation, the plaintiff lacks standing to challenge the arbitration award.

For similar reasons, Yan lacks standing to challenge the Award, and her request to intervene should be denied. *See also Duffy v. Legal Aid Soc.*, No. 12-cv-2152 (PAC), 2013 WL 541521 (S.D.N.Y. Feb. 12, 2013); *Romero v. DHL Exp., Inc.*, No. 12-cv-1942 (LAK), 2013 WL 1311033 (S.D.N.Y. Apr. 2, 2013).

Hon. John G. Koeltl
June 1, 2020
Page 3

## II. The Court Has Jurisdiction to Confirm the Arbitration Award

Despite Yan's contention that the Award is not a "final" arbitration award, the Court clearly has jurisdiction to confirm the Award. The parties to the arbitration agreed to submit two discrete threshold questions to the Arbitrator to make a final partial award. The parties, including Premier, understood that the Arbitrator's decision would be a final determination as to these two issues. Once parties agree that the Arbitrator is to make a final decision as to part of a dispute, the Arbitrator has the authority and responsibility to do so; and once the Arbitrator has finally decided the submitted issues, it becomes "functus officio," meaning without power to modify it. *See Trade & Transport Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991) (holding that where the parties asked arbitrators to decide issues of liability immediately, with resulting "partial final award" expressly intended to have immediate collateral effects in judicial proceeding, once the arbitrators finally decided the submitted issues, the award was rendered final). Here, once the Arbitrator rendered his Award on these two jurisdictional issues on April 17, 2020, as a final award or partial final award, the Award became final. In fact, this Court has specifically recognized that "an award is final if it resolves the rights and obligations of the parties definitively enough to preclude the need for further adjudication with respect to the issue submitted to arbitration," even if it does not dispose of all claims that were submitted to arbitration. *Ecopetrol S.A. v. Offshore Exploration and Production LLC*, No. 14-cv-529 (JGK), 46 F.Supp.3d 327 (S.D.N.Y. 2014) (rejecting contention that interim arbitral awards could not be confirmed because they are not final awards).

## III. The *Rooker-Feld*man Doctrine Is Inapplicable

Finally, Yan relies upon a fundamental misreading of the so-called *Rooker-Feldman* doctrine which, in certain circumstances, cautions federal courts from exercising jurisdiction in light of parallel state court proceedings. (Lusher Ltr. at pp. 2-3). *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The United States Supreme Court has since confined the *Rooker-Feldman* abstention doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered <u>before</u> the federal proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (emphasis added). *See also Skinner v. Switzer*, 562 U.S. 521, 531-32 (2011); *Sykes v. Bank of America*, 723 F.3d 399, 403-04 (2d Cir. 2013). None of the cases relied upon by Yan were decided after the Supreme Court's decision in *Exxon Mobil* and simply have no application to this matter. It is now clear that the *Rooker-Feldman* doctrine only precludes federal court jurisdiction if the federal suit is commenced <u>after</u> the state court proceedings have ended or are final. However, if the federal litigation is initiated before the state proceedings have ended, then the *Rooker-Feldman* doctrine does not deprive a federal court of jurisdiction. No such finality has been reached in the state court litigation. Moreover, as the Union was never made a party to any of the state court litigation, it cannot be precluded from asserting its rights and the rights of its members in this action, which is nothing more than a traditional action to enforce a labor arbitration award, a wholly routine invocation of federal court jurisdiction.

Hon. John G. Koeltl
June 1, 2020
Page 4

Here, none of the state court cases identified by Yan have concluded, and none of parties to the arbitration have been declared losers in those cases. Although Yan cites to *Pustilnik v. Premier Home Care Svcs.*, Index no. 155081/2016 (Sup. Ct. N.Y. Cnty.) as one of the cases in which a state court determined that arbitration agreements are not binding on former employees whose termination ended prior to the adoption of the alternative dispute resolution provision, the court's determination there was made pursuant to a temporary restraining order ("TRO"), preventing participation in the arbitration. Not only has there been no final determination on the preliminary injunction motion, but as there has been no class certified, the TRO concerns only the named plaintiff, Boris Pustilnik, whom the Arbitrator specifically excised from the scope of his Award. Regardless, it is the *Union*, not the respondent agencies, that is seeking to confirm the Award here, and the Union was never a party to any of the state court actions. As a result, the *Rooker-Feldman* doctrine is clearly inapplicable. Indeed, it would be particularly unjust to prevent the Union from seeking to enforce an arbitration award it secured on behalf of its members based upon collateral litigation to which it was never made a party.

For all of the foregoing reasons, and for the reasons set forth in the Union and Respondents' letters submitted in response to Interested Party Yan's May 22, 2020 letter, incorporated herein, Premier respectfully requests that the Court deny Yan's request in its entirety.

Respectfully submitted,

/s/ JEM
James E. McGrath, III

cc:   All Counsel of Record (via ECF)