

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

June 2, 2020

VIA ECF & E-MAIL

Hon. John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**Re:   1199SEIU United Healthcare Workers
East v. PSC Community Services, et al.
Case No. 20-CV-3611 (JGK)**

Dear Judge Koeltl:

We represent Chinese-American Planning Council Home Attendant Program, Inc. ("CPC") and United Jewish Council of the East Side Home Attendant Service Corp. ("UJC") in the above-captioned matter.  We write in response to the May 27, 2020 letter filed as ECF No. 28 by Fisher Taubenfeld LLP and TakeRoot Justice, counsel for certain proposed intervenors ("Intervenors"),[1] and in opposition to Intervenors' request for a pre-motion conference.

First, the only individuals on whose behalf Fisher Taubenfeld and TakeRoot Justice have appeared in *Chu* and *Hichez* are the named plaintiffs in those cases.  They do not represent any other putative class members in either case, as no answer has been filed in either case, no discovery has been taken and no class certification has been sought, let alone granted.

Second, the *Chu* case has been dismissed without prejudice since March 12, 2019 pending resolution of the Arbitration at issue in this case.[2]  Specifically, the *Chu* matter was dismissed because the named plaintiffs and most of the putative class were compelled to arbitration in a substantially similar federal case.  *See Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*, 180 F. Supp. 3d 236 (S.D.N.Y. 2016).  Pursuant to that decision, all current and former CPC home attendants within the relevant statute of limitations period are subject to the April 17, 2020 arbitration award (the "Award") that the plaintiff in this case, 1199SEIU United Healthcare Workers East ("1199"), seeks to confirm.

---

[1] The Intervenors are named plaintiffs in actions filed in New York State Supreme Court against CPC (*Chu, et al. v. CPC*, Index No. 651947/2016 (Sup. Ct. N.Y. Cnty.) (the "*Chu*" matter)) and UJC (*Hichez, et. al. v. UJC*, Index No. 653250/2017 (Sup. Ct. N.Y. Cnty.) (the "*Hichez*" matter)), respectively.

[2] The *Chu* Intervenors recently noticed an untimely appeal of that order.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante   Amsterdam   Baltimore   Beijing   Brussels   Caracas   Colorado Springs   Denver   Dubai   Dusseldorf   Frankfurt   Hamburg   Hanoi   Ho Chi Minh City   Hong Kong   Houston   Johannesburg   London   Los Angeles   Luxembourg   Madrid   Mexico City   Miami   Milan   Monterrey   Moscow   Munich   New York   Northern Virginia   Paris   Philadelphia   Rio de Janeiro   Rome   San Francisco   São Paulo   Shanghai   Silicon Valley   Singapore   Tokyo   Ulaanbaatar   Warsaw   Washington DC   Associated offices: Budapest   Jakarta   Jeddah   Riyadh   Zagreb.  For more information see www.hoganlovells.com

Third, both the *Chu* and *Hichez* complaints involve current and former home attendants, not just those employed before the 2015 Memorandum of Agreement ("2015 MOA").

Fourth, the Intervenors' attempt to inject themselves into this case would give them the proverbial "second bite at the apple." The Intervenors already sought to enjoin the Arbitration from proceeding via motions for injunctive relief in state court. In *Chu*, the petition was denied in its entirety; in *Hichez*, the petition was granted only as to the named plaintiffs and was expressly denied as to any other putative class member.

Fifth, to the extent the *Hichez* court declined to compel arbitration, UJC has sought leave to appeal the decision to the New York Court of Appeals. That petition is pending. Intervenors' broad statement that "[f]ederal and state courts have consistently ruled that pre-MOA Employees do not have to arbitrate their claims" is oversimplified and exaggerated. For instance, no court has sufficiently addressed whether the Arbitrator has been designated by the CBA to determine his own jurisdiction, and the Arbitrator found that he does have that authority. Indeed, the Second Circuit decision that Intervenors cite—*Agarunova v. Stella Orton Home Care Agency, Inc.*, 794 F. App'x 138, 140 (2d Cir. 2020)—expressly declined to address that issue. Other courts, meanwhile, have held that pre-MOA plaintiffs *are* required to arbitrate their claims. *See, e.g.*, *Chan*, 180 F. Supp. 3d 236; *Troshin v. Stella Orton Home Care Agency, Inc.,* No. 159312/2016, 66 Misc.3d 1209(A) (Sup. Ct. N.Y. Cnty. Jan. 14, 2020) (declining to enjoin pre-2015 MOA claims from being arbitrated because it is likely that they are arbitrable).

Sixth, Intervenors' attempt to inject themselves into this confirmation should be rejected because they could have, but declined to, participate in the arbitration proceeding leading to the Award, yet now attempt to undo it. The Arbitrator expressly invited Intervenors to brief their positions as to the Arbitrator's jurisdiction and appear at a hearing on these issues, but Intervenors declined to attend. Having failed to appear or participate, Intervenors—and nonparties to the Arbitration—should not be allowed now to contest the Award's confirmation. This is especially true given that Intervenors did participate in pre-Arbitration mediation efforts that were required by the applicable MOA. Intervenors cannot vacillate in and out of the mediation/arbitration process as it suits them.

Seventh, CPC began the mediation/arbitration process as to its claims as early as 2015. This arbitration has already been unduly delayed. Intervenors' attempt to intervene now will result in further and unnecessary delay in an arbitration affecting over 100,000 home attendants and over fifty agencies.

Accordingly, we respectfully oppose the Intervenors' requests to intervene.

Respectfully submitted,

Kenneth Kirschner

Partner
kenneth.kirschner@hoganlovells.com
D 212.918.3260