UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1199SEIU UNITED HEALTHCARE WORKERS EAST,

                    Petitioner,

          - against -

PSC COMMUNITY SERVICES, NEW PARTNERS, INC. d/b/a PARTNERS IN CARE, STELLA ORTON HOME CARE AGENCY, RICHMOND HOME NEEDS, SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE CITYWIDE HOME CARE, FAMILY HOME CARE OF BROOKLYN AND QUEENS, CARE AT HOME, CHINESE-AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM, UNITED JEWISH COUNCIL OF THE EAST SIDE HOME ATTENDANT SERVICE CORP., THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP., AZOR HOME CARE, BUSHWICK STUYVESANT HEIGHTS HOME ATTENDANT, INC., CABS HOMECARE, RIVERSPRING LICENSED HOMECARE SERVICES AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS CORP., WARTBURG, ALLIANCE FOR HEALTH, INC., REGION CARE, INC., SPECIAL TOUCH HOME CARE SERVICES, INC., RAIN, INC., PRESTIGE HOME CARE, INC., PRESTIGE HOME ATTENDANT, INC. d/b/a ALL SEASON HOME ATTENDANT, PERSONAL TOUCH HOME CARE OF N.Y., INC., PRIORITY HOME SERVICES, PREMIER HOME HEALTH CARE, INC., BRONX JEWISH COMMUNITY COUNCIL HOME ATTENDANT SERVICES, CIDNY INDEPENDENT LIVING SERVICES, HOME CARE SERVICES FOR INDEPENDENT LIVING, NEW YORK FOUNDATION FOR SENIOR CITIZENS HOME ATTENDANT SERVICES, COOPERATIVE HOME CARE ASSOCIATES, RISEBORO HOME CARE, INC., FEGS HOME ATTENDANT SERVICES, HOME HEALTH MANAGEMENT SERVICES, INC., SCHOOL SETTLEMENT HOME ATTENDANT CORP., ROCKAWAY HOME ATTENDANT, BRONXWOOD HOME FOR THE AGED, INC., ACCENTCARE OF NY, INC., ISABELLA VISITING CARE, INC., SOCIAL CONCERN COMMUNITY DEVELOPMENT CORP.,

Case No. 20-cv-03611-JGK

**NEW PARTNERS, INC.'S ANSWER TO PETITION TO CONFIRM ARBITRATION AWARD**

ABC HEALTH SERVICES REGISTRY, ALLIANCE HOME SERVICES, *collectively identified by the Arbitrator as the* "HOME HEALTH CARE AGENCIES",

Respondents.

Respondent New Partners, Inc. d/b/a Partners in Care ("Partners"), by and through its attorneys, Epstein, Becker & Green, P.C., for its Answer to the Petition of 1199SEIU United Healthcare Workers East ("1199" or "Petitioner") to Confirm Arbitration Award (the "Petition"), and asserting responses on behalf of itself only and not on behalf of any other Respondent,[1] states as follows:

## AS TO "NATURE OF THE ACTION"

1.      Paragraph 1 asserts a legal conclusion to which no response is required, and Partners respectfully refers the Court to the referenced document for the full and accurate contents thereof.

## AS TO "PARTIES"

2.      The first sentence of Paragraph 2 asserts a legal conclusion to which no response is required.  Partners denies knowledge or information sufficient to form a belief as to the truth of the assertion in the second sentence of Paragraph 2.

3.      The first sentence of Paragraph 3 asserts a legal conclusion to which no response is required, except Partners admits that it is engaged in the business of providing home care services.  Partners denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 with respect to any other Respondent.

## AS TO "JURISDICTION AND VENUE"

---

[1] Partners denies knowledge or information sufficient to form a belief as to the truth of any allegation concerning any Respondent other than itself, and expressly incorporates this reservation into each paragraph of this Answer.

4.      Paragraph 4 asserts a legal conclusion to which no response is required.  To the extent a response is required, Partners admits the allegations in Paragraph 4.

5.      Paragraph 5 asserts a legal conclusion to which no response is required.

### AS TO "STATEMENT OF FACTS"

6.      Partners admits the allegations in Paragraph 6.

7.      Partners denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 with respect to any other Respondent, except admits that it has collective bargaining agreements ("CBA") with 1199 and respectfully refers the Court to those specific documents for the full and accurate contents thereof.

8.      Partners denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 with respect to any other Respondent, except admits that its CBA with 1199 contains a similar grievance and arbitration provision and respectfully refers the Court to that document for the full and accurate contents thereof.

9.      Partners neither admits nor denies the allegations in Paragraph 9 of the Petition and leaves Petitioner to its proofs.  To the extent Paragraph 9 of the Petition refers to a document, Partners refers to said document for the full and accurate contents thereof.

10.     Partners denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 with respect to any other Respondent, except admits that it has a similar MOA with 1199 and respectfully refers the Court to that document for the full and accurate contents thereof.

11.     Partners denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 with respect to any other Respondent, except admits the

allegations in Paragraph 11 as to itself, and respectfully refers the Court to the referenced document for the full and accurate contents thereof.

12.     For its response to Paragraph 12, Partners respectfully refers the Court to the referenced document for the full and accurate contents thereof.

13.     Partners denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, which concern, generally, lawsuits in which Partners is not a party, except Partners avers that former Partners' employees filed a putative class action lawsuit against Partners in New York State court (Index No. 156349/2017) and respectfully refers the Court to the docket of that case (the "State Action") for the full and accurate contents thereof.

14.     Partners admits the allegations in Paragraph 14.

15.     Partners denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, except admits that plaintiffs' counsel in the State Action participated in the referenced mediation.

16.     Partners denies the allegations in Paragraph 16, except admits that the Arbitrator declared the mediation stage complete on December 24, 2019.

17.     Partners neither admits nor denies the allegations in Paragraph 17, and respectfully refers the Court to the referenced document for the full and accurate contents thereof.

18.     Partners denies the allegations in Paragraph 18, except admits that a hearing was held before Arbitrator Scheinman during which he heard argument on January 15, 2020 concerning jurisdictional issues.

19.     Partners admits the allegations in Paragraph 19, except denies knowledge or information sufficient to form a belief as to whether plaintiffs' attorneys participated "[w]ith consent of the Union."

20.     Partners neither admits nor denies the allegations in Paragraph 20, and respectfully refers the Court to the referenced document for the full and accurate contents thereof.

21.     For its response to Paragraph 21, Partners respectfully refers the Court to the referenced document for the full and accurate contents thereof.

22.     Partners admits the allegation in Paragraph 22.

23.     Paragraph 23 contains a legal conclusion to which no response is required.

24.     Paragraph 24 contains a legal conclusion to which no response is required.

25.     Partners denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 25.

Dated: New York, New York
         June 11, 2020

                                              EPSTEIN BECKER & GREEN, P.C.

                                       By:  s/ Patrick G. Brady
                                              Patrick G. Brady
                                              875 Third Avenue
                                              New York, New York  10022
                                              Tel: 212.351.4500

                                              and

                                              One Gateway Center, 13th Floor
                                              Newark, New Jersey 07102
                                              pbrady@ebglaw.com
                                              Tel. 973.642.1900
                                              *Attorneys for Respondent New Partners, Inc.*
                                              *d/b/a Partners in Care*