PECKAR & ABRAMSON, P.C.
GREGORY R. BEGG
SHANNON D. AZZARO
70 Grand Avenue
River Edge, New Jersey 07661
Telephone:  (201) 343-3434
*Attorneys for Respondent Personal Touch*
*Home Care of N.Y., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1199SEIU UNITED HEALTHCARE WORKERS EAST,<br><br>                              Petitioner,<br><br>-against-<br><br>PSC COMMUNITY SERVICES, NEW PARTNERS, INC. d/b/a PARTNERS IN CARE, STELLA ORTON HOME CARE AGENCY, RICHMOND HOME NEEDS, SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE CITYWIDE HOME CARE, FAMILY HOME CARE OF BROOKLYN AND QUEENS, CARE AT HOME, CHINESE-AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM, UNITED JEWISH COUNCIL OF THE EAST SIDE HOME ATTENDANT SERVICE CORP., THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP., AZOR HOME CARE, BUSHWICK STUYVESANT HEIGHTS HOME ATTENDANT, INC., CABS HOMECARE, RIVERSPRING LICENSED HOMECARE SERVICES AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS CORP., WARTBURG, ALLIANCE FOR HEALTH, INC., REGION CARE, INC., SPECIAL TOUCH HOME CARE SERVICES, INC., RAIN, INC., PRESTIGE HOME CARE, INC., PRESTIGE HOME ATTENDANT, INC. d/b/a ALL SEASON HOME ATTENDANT, PERSONAL TOUCH HOME CARE OF N.Y., INC., PRIORITY HOME SERVICES, PREMIER HOME HEALTH CARE, | CIVIL ACTION NO.:  1:20-CV-03611 (GBD)<br><br><br>**PERSONAL TOUCH HOME CARE OF N.Y., INC.'s ANSWER TO PETITION TO CONFIRM ARBITRATION AWARD** |

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

INC., BRONX JEWISH COMMUNITY
COUNCIL HOME ATTENDANT SERVICES,
CIDNY INDEPENDENT LIVING SERVICES,
HOME CARE SERVICES FOR INDEPENDENT
LIVING, NEW YORK FOUNDATION FOR
SENIOR CITIZENS HOME ATTENDANT
SERVICES, COOPERATIVE HOME CARE
ASSOCIATES, RISEBORO HOME CARE, INC.,
FEGS HOME ATTENDANT SERVICES, HOME
HEALTH MANAGEMENT SERVICES, INC.,
SCHOOL SETTLEMENT HOME ATTENDANT
CORP., ROCKAWAY HOME ATTENDANT,
BRONXWOOD HOME FOR THE AGED, INC.,
ACCENTCARE OF NY, INC., ISABELLA
VISITING CARE, INC., SOCIAL CONCERN
COMMUNITY DEVELOPMENT CORP., , ABC
HEALTH SERVICES REGISTRY, ALLIANCE
HOME SERVICES, collectively identified by the
Arbitrator as the "HOME HEALTH CARE
AGENCIES",

Respondents

Respondent, Personal Touch Home Care of N.Y., Inc., ("Respondent" or "Personal Touch"), by and through its attorneys, Peckar & Abramson, P.C., as and for its Answer to the Petition of 1199 SEIU United Healthcare Workers East ("Petitioner") to Confirm Arbitration Award, state as follows:

## NATURE OF ACTION

1.      Respondent admits that Petitioner seeks to proceed pursuant to Section 201 of the Labor Management Relations Act.  The document attached to the Petition as Exhibit A speaks for itself.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

## PARTIES

2.      Respondent admits that 1199SEIU is a labor organization but denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 2 of the Petition.

3.      Respondent admits the allegations set forth in Paragraph 3 of the Petition as to itself but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Petition as to other Respondents.

## JURISDICTION AND VENUE

4.      Respondent admits the allegations contained in paragraph 4 of the Petition.

5.      Respondent admits the allegations contained in paragraph 5 of the Petition.

## STATEMENT OF FACTS

6.      Respondent admits the allegations contained in paragraph 6 of the Petition as to itself but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Petition as to other Respondents.

7.      Respondent admits that Petitioner is a party to a collective bargaining agreement ("CBA") with Respondent. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Petition as it relates to other Respondents.

8.      Respondent admits that the Petitioner's CBA with Respondent contains a similar grievance and arbitration provision as set forth in Paragraph 8 of the Petition. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Petition as it relates to other Respondents.

LAW OFFICES



Peckar &
Abramson

A Professional Corporation

9.      Respondent admits that they signed a Memorandum of Agreement with Petitioner amending the CBA with Respondent. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Petition as it relates to other Respondents.

10.      Respondent admits that they signed a Memorandum of Agreement with Petitioner containing a similar provision for the resolution of claims pursuant to an alternative dispute resolution process.  Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Petition as it relates to other Respondents.

11.      Respondent admits the allegations contained in paragraph 11 of the Petition as to itself but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Petition as to other Respondents.

12.      Respondent admits the allegations contained in paragraph 12 of the Petition.

13.      Respondent admits the allegations contained in paragraph 13 of the Petition.

14.      Respondent admits the allegations contained in paragraph 14 of the Petition.

15.      Respondent admits the allegations contained in paragraph 15 of the Petition.

16.      Respondent admits the allegations contained in paragraph 16 of the Petition.

17.      Respondent admits the allegations contained in paragraph 17 of the Petition.

18.      Respondent admits the allegations contained in paragraph 18 of the Petition.

19.      Respondent admits the allegations contained in paragraph 19 of the Petition.

20.      Respondent admits the allegations contained in paragraph 20 of the Petition, but aver that the content of the Award speaks for itself.



LAW OFFICES

Peckar &
Abramson

A Professional Corporation

21.     Respondent admits the allegations contained in paragraph 21 of the Petition, but avers that the content of the Award speaks for itself.

22.     Respondent admits the allegations contained in paragraph 22 of the Petition.

23.     Respondent admits the allegations contained in paragraph 23 of the Petition.

24.     Respondent admits the allegations contained in paragraph 24 of the Petition.

25.     Respondent denies knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Petition

Dated: June 12, 2020

New York, New York                          Respectfully Submitted,


**PECKAR & ABRAMSON, P.C.**

By:/*s/ Gregory R. Begg*
     GREGORY R. BEGG
     Attorneys for Respondent Personal Touch
     Home Care of N.Y., Inc.
     70 Grand Avenue
     River Edge, New Jersey 07661
     (201) 343-3434
     gbegg@pecklaw.com

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

## <u>DECLARATION OF SERVICE</u>

I declare that, on this date, a copy of this Answer to Petition was electronically served

via ECF upon counsel for Plaintiff as follows:

> LEVY RATNER, P.C.
> Laureve Blackstone
> Attorneys for Petitioner
> 1199SEIU United Healthcare Workers East
> 80 Eighth Avenue
> New York, New York 10011

Dated: June 12, 2020

*/s/ Gregory R. Begg*

By: _____

GREGORY R. BEGG

Personal Touch Answer to Petition_(4358415)_(1) (002)

LAW OFFICES

Peckar &
Abramson

A Professional Corporation