PECKAR & ABRAMSON, P.C.
GREGORY R. BEGG
SHANNON D. AZZARO
70 Grand Avenue
River Edge, New Jersey 07661
Telephone: (201) 343-3434
*Attorneys for Respondents Prestige Care, Inc., Prestige Home Attendant, Inc., d/b/a All Season Home Attendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1199SEIU UNITED HEALTHCARE WORKERS EAST,<br><br>Petitioner,<br>-against-<br><br>PSC COMMUNITY SERVICES, NEW PARTNERS, INC. d/b/a PARTNERS IN CARE, STELLA ORTON HOME CARE AGENCY, RICHMOND HOME NEEDS, SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE CITYWIDE HOME CARE, FAMILY HOME CARE OF BROOKLYN AND QUEENS, CARE AT HOME, CHINESE-AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM, UNITED JEWISH COUNCIL OF THE EAST SIDE HOME ATTENDANT SERVICE CORP., THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP., AZOR HOME CARE, BUSHWICK STUYVESANT HEIGHTS HOME ATTENDANT, INC., CABS HOMECARE, RIVERSPRING LICENSED HOMECARE SERVICES AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS CORP., WARTBURG, ALLIANCE FOR HEALTH, INC., REGION CARE, INC., SPECIAL TOUCH HOME CARE SERVICES, INC., RAIN, INC., PRESTIGE HOME CARE, INC., PRESTIGE HOME ATTENDANT, INC. d/b/a ALL SEASON HOME ATTENDANT, PERSONAL TOUCH HOME CARE OF N.Y., INC., PRIORITY HOME | CIVIL ACTION NO.: 1:20-CV-03611 (GBD)<br><br>**PRESTIGE CARE, INC. AND PRESTIGE HOME ATTENDANT, INC., d/b/a ALL SEASON HOME ATTENDANT'S ANSWER TO PETITION TO CONFIRM ARBITRATION AWARD** |

LAW OFFICES
Peckar & Abramson
A Professional Corporation

SERVICES, PREMIER HOME HEALTH CARE, INC., BRONX JEWISH COMMUNITY COUNCIL HOME ATTENDANT SERVICES, CIDNY INDEPENDENT LIVING SERVICES, HOME CARE SERVICES FOR INDEPENDENT LIVING, NEW YORK FOUNDATION FOR SENIOR CITIZENS HOME ATTENDANT SERVICES, COOPERATIVE HOME CARE ASSOCIATES, RISEBORO HOME CARE, INC., FEGS HOME ATTENDANT SERVICES, HOME HEALTH MANAGEMENT SERVICES, INC., SCHOOL SETTLEMENT HOME ATTENDANT CORP., ROCKAWAY HOME ATTENDANT, BRONXWOOD HOME FOR THE AGED, INC., ACCENTCARE OF NY, INC., ISABELLA VISITING CARE, INC., SOCIAL CONCERN COMMUNITY DEVELOPMENT CORP., , ABC HEALTH SERVICES REGISTRY, ALLIANCE HOME SERVICES, collectively identified by the Arbitrator as the “HOME HEALTH CARE AGENCIES”,

Respondents

Respondents, Prestige Care, Inc. (incorrectly identified as “Prestige Home Care, Inc.” in the caption), and Prestige Home Attendant, Inc., d/b/a All Season Home Attendant, (collectively, “Respondents” or “Prestige”), by and through their attorneys, Peckar & Abramson, P.C., as and for their Answer to the Petition of 1199 SEIU United Healthcare Workers East (“Petitioner”) to Confirm Arbitration Award, state as follows:

**NATURE OF ACTION**

1. Respondents admit that Petitioner seeks to proceed pursuant to Section 201 of the Labor Management Relations Act. The document attached to the Petition as Exhibit A speaks for itself.

LAW OFFICES




A Professional Corporation

## PARTIES

2. Respondents admit that 1199SEIU is a labor organization but deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 2 of the Petition.

3. Respondents admit the allegations set forth in Paragraph 3 of the Petition as to themselves but deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Petition as to other Respondents.

## JURISDICTION AND VENUE

4. Respondents admit the allegations contained in paragraph 4 of the Petition.

5. Respondents admit the allegations contained in paragraph 5 of the Petition.

## STATEMENT OF FACTS

6. Respondents admit the allegations contained in paragraph 6 of the Petition as to themselves but deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Petition as to other Respondents.

7. Respondents admit that Petitioner is a party to a collective bargaining agreement ("CBA") with Respondents. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Petition as it relates to other Respondents.

8. Respondents admit that the Petitioner's CBA with Respondents contains a similar grievance and arbitration provision as set forth in Paragraph 8 of the Petition. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Petition as it relates to other Respondents.



9. Respondents admit they signed a Memorandum of Agreement with Petitioner amending the CBA with Respondents. Respondent denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Petition as it relates to other Respondents.

10. Respondents admit that they signed a Memorandum of Agreement with Petitioner containing a similar provision for the resolution of claims pursuant to an alternative dispute resolution process. Respondents deny knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Petition as it relates to other Respondents.

11. Respondents admit the allegations contained in paragraph 11 of the Petition as to themselves but deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Petition as to other Respondents.

12. Respondents admit the allegations contained in paragraph 12 of the Petition.

13. Respondents admit the allegations contained in paragraph 13 of the Petition.

14. Respondents admit the allegations contained in paragraph 14 of the Petition.

15. Respondents admit the allegations contained in paragraph 15 of the Petition.

16. Respondents admit the allegations contained in paragraph 16 of the Petition.

17. Respondents admit the allegations contained in paragraph 17 of the Petition.

18. Respondents admit the allegations contained in paragraph 18 of the Petition.

19. Respondents admit the allegations contained in paragraph 19 of the Petition.

20. Respondents admit the allegations contained in paragraph 20 of the Petition, but aver that the content of the Award speaks for itself.



21. Respondents admit the allegations contained in paragraph 21 of the Petition, but aver that the content of the Award speaks for itself.

22. Respondents admit the allegations contained in paragraph 22 of the Petition.

23. Respondents admit the allegations contained in paragraph 23 of the Petition.

24. Respondents admit the allegations contained in paragraph 24 of the Petition.

25. Respondents deny knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Petition

Dated: June 12, 2020

New York, New York

Respectfully Submitted,

**PECKAR & ABRAMSON, P.C.**

By:/s/ Gregory R. Begg
GREGORY R. BEGG
*Attorneys for Respondents Prestige Care, Inc., &*
*Prestige Home Attendant, Inc., d/b/a All Season Home Attendant*
70 Grand Avenue
River Edge, New Jersey 07661
(201) 343-3434
gbegg@pecklaw.com

LAW OFFICES
Peckar & Abramson
A Professional Corporation

**DECLARATION OF SERVICE**

I declare that, on this date, a copy of this Answer to Petition was electronically served via ECF upon counsel for Plaintiff as follows:

LEVY RATNER, P.C.
Laureve Blackstone
Attorneys for Petitioner
1199SEIU United Healthcare Workers East
80 Eighth Avenue
New York, New York 10011

Dated: June 12, 2020

*/s/ Gregory R. Begg*
By: ___________________________________
GREGORY R. BEGG