UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1199SEIU UNITED HEALTHCARE WORKERS EAST,<br><br>Petitioner,<br><br>-against-<br><br>PSC COMMUNITY SERVICES, NEW PARTNERS, INC. d/b/a PARTNERS IN CARE, STELLA ORTON HOME CARE AGENCY, RICHMOND HOME NEEDS, SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE CITYWIDE HOME CARE, FAMILY HOME CARE OF BROOKLYN AND QUEENS, CARE AT HOME, CHINESE-AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM, UNITED JEWISH COUNCIL OF THE EAST SIDE HOME ATTENDANT SERVICE CORP., THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP., AZOR HOME CARE, BUSHWICK STUYVESANT HEIGHTS HOME ATTENDANT, INC., CABS HOMECARE, RIVERSPRING LICENSED HOMECARE SERVICES AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS CORP., WARTBURG, ALLIANCE FOR HEALTH, INC., REGION CARE, INC., SPECIAL TOUCH HOME CARE SERVICES, INC., RAIN, INC., PRESTIGE HOME CARE, INC., PRESTIGE HOME ATTENDANT, INC. d/b/a ALL SEASON HOME ATTENDANT, PERSONAL TOUCH HOME CARE OF N.Y., INC., PRIORITY HOME SERVICES, PREMIER HOME HEALTH CARE, INC., BRONX JEWISH  COMMUNITY COUNCIL HOME ATTENDANT SERVICES, CIDNY INDEPENDENT LIVING SERVICES, HOME CARE  SERVICES FOR INDEPENDENT LIVING, NEW YORK FOUNDATION FOR SENIOR CITIZENS HOME ATTENDANT SERVICES, COOPERATIVE HOME CARE ASSOCIATES, RISEBORO HOME CARE, INC., FEGS HOME ATTENDANT SERVICES, HOME HEALTH MANAGEMENT SERVICES, INC., SCHOOL | Case No. 20-cv-03611<br><br><br><br>**ANSWER ON BEHALF OF REGIONCARE, INC.** |

SETTLEMENT HOME ATTENDANT CORP.,
ROCKAWAY HOME ATTENDANT,
BRONXWOOD HOME FOR THE AGED, INC.,
ACCENTCARE OF NY, INC., ISABELLA
VISITING CARE, INC., SOCIAL CONCERN
COMMUNITY DEVELOPMENT CORP., , ABC
HEALTH SERVICES REGISTRY, ALLIANCE
HOME SERVICES, *collectively identified by the Arbitrator as the* "HOME HEALTH CARE AGENCIES",

              Respondents.

Respondent RegionCare Inc., s/h/a Region Care, Inc. by and through its attorneys, Littler Mendelson, P.C., for its Answer to the Petition of 1199SEIU United Healthcare Workers East ("1199" or "Petitioner") to Confirm the Arbitration Award (the "Petition"), and asserting responses on behalf of itself only and not on behalf of any other Respondent, states as follows:

1. Paragraph 1 asserts a legal conclusion to which no response is required, and RegionCare, Inc. respectfully refers the Court to the referenced document for the full and accurate contents thereof.

2. The first sentence of Paragraph 2 asserts a legal conclusion to which no response is required. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the second sentence of Paragraph 2.

3. The first sentence in Paragraph 3 asserts a legal conclusion to which no response is required. RegionCare, Inc. admits that it is engaged in the business of providing home care services, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 3.

4. Paragraph 4 asserts a legal conclusion to which no response is required. To the extent a response is required, RegionCare, Inc. admits Petitioner seeks to invoke this Court's jurisdiction, as set forth therein.

5. Paragraph 5 asserts a legal conclusion to which no response is required. To the extent a response is required, RegionCare, Inc. admits Petitioner seeks to invoke venue in this Court, as set forth therein.

6. RegionCare, Inc. admits the allegations set forth in Paragraph 6 of the Petition.

7. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 7 of the Petition, except admits that it has a collective bargaining agreement with Petitioner, and refers the Court to that document for a true and accurate statement of its content.

8. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 8 of the Petition, except admits that it has a collective bargaining agreement with Petitioner, and refers the Court to that document for a true and accurate statement of its content.

9. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 9 of the Petition, except admits that it has a collective bargaining agreement with Petitioner and entered into an Memorandum of Agreement, and refers the Court to those documents for true and accurate statements of their content.

10. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 10 of the Petition, except admits that it has a

collective bargaining agreement with Petitioner and entered into an Memorandum Of Agreement, and refers the Court to those documents for true and accurate statements of their content.

11. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 11 of the Petition, except admits that it has a collective bargaining agreement with Petitioner and entered into an Memorandum Of Agreement, and refers the Court to those documents for true and accurate statements of their content.

12. In response to Paragraph 12, RegionCare, Inc. refers the Court to the grievance referenced therein for a true and accurate statement of its content.

13. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 13 of the Petition.

14. RegionCare, Inc. admits the allegations set forth in Paragraph 14 of the Petition.

15. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 1 5of the Petition, except admits that plaintiffs' counsel participated in the mediation.

16. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 16 of the Petition, except admits the mediator declared the mediation stage complete on or about December 24, 2019.

17. In response to Paragraph 17, RegionCare, Inc. refers the Court to the document referenced therein for a true and accurate statement of its content.

18. RegionCare, Inc. denies the allegations contained in Paragraph 18 of the Petition, except admits that on January 15, 2020, a hearing was held before the Arbitrator concerning jurisdictional issues.

19. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 19 of the Petition, except admit plaintiffs' attorneys were given notice of the hearing and an opportunity to submit briefs and some plaintiffs' attorneys did attend the hearing and submit briefs.

20. In response to Paragraph 20, RegionCare, Inc. refers the Court to the Award referenced therein for a true and accurate statement of its content.

21. In response to Paragraph 21, RegionCare, Inc. refers the Court to the Award referenced therein for a true and accurate statement of its content.

22. RegionCare, Inc. admits the allegations set forth in Paragraph 22 of the Petition.

23. Paragraph 23 of the Petition sets forth a legal conclusion to which no response is required.

24. Paragraph 24 of the Petition sets forth a legal conclusion to which no response is required.

25. RegionCare, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 25 of the Petition.

Dated: June 12, 2020
      Melville, New York

/s/ *Lisa M. Griffith*
Lisa M. Griffith
Ira Wincott
LITTLER MENDELSON
A Professional Corporation
290 Broadhollow Road
Suite 305
Melville, NY  11747
631.247.4700
*Attorneys for Respondent RegionCare, Inc.*

4841-0545-8112.2