UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1199SEIU UNITED HEALTHCARE WORKERS EAST,<br><br>Petitioner,<br><br>v.<br><br>PSC COMMUNITY SERVICES, NEW PARTNERS, INC. D/B/A PARTNERS IN CARE, STELLA ORTON HOME CARE AGENCY, RICHMOND HOME NEEDS, SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE CITYWIDE HOME CARE, FAMILY HOME CARE OF BROOKLYN AND QUEENS, CARE AT HOME, CHINESE-AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM, UNITED JEWISH COUNCIL OF THE EAST SIDE HOME ATTENDANT SERVICE CORP., THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP., AZOR HOME CARE, BUSHWICK STUYVESANT HEIGHTS HOME ATTENDANT, INC., CABS HOMECARE, RIVERSPRING LICENSED HOMECARE SERVICES AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS CORP., WARTBURG, ALLIANCE FOR HEALTH, INC., REGION CARE, INC., SPECIAL TOUCH HOME CARE SERVICES, INC., RAIN, INC., PRESTIGE HOME CARE, INC., PRESTIGE HOME ATTENDANT, INC. D/B/A ALL SEASON HOME ATTENDANT, PERSONAL TOUCH HOME CARE OF N.Y., INC., PRIORITY HOME SERVICES, PREMIER HOME HEALTH CARE, INC., BRONX JEWISH COMMUNITY COUNCIL HOME ATTENDANT SERVICES, CIDNY INDEPENDENT LIVING SERVICES, HOME CARE SERVICES FOR INDEPENDENT LIVING, NEW YORK FOUNDATION FOR SENIOR CITIZENS HOME ATTENDANT SERVICES, COOPERATIVE HOME CARE ASSOCIATES, RISEBORO HOME CARE, INC., FEGS HOME ATTENDANT SERVICES, HOME HEALTH MANAGEMENT SERVICES, INC., SCHOOL SETTLEMENT HOME ATTENDANT CORP., ROCKAWAY HOME ATTENDANT, BRONXWOOD HOME FOR THE AGED, INC., ACCENTCARE OF NY, INC., ISABELLA VISITING CARE, INC., SOCIAL CONCERN COMMUNITY DEVELOPMENT CORP., ABC HEALTH SERVICES REGISTRY, ALLIANCE HOME SERVICES, *collectively identified by the Arbitrator as the* "HOME HEALTH CARE AGENCIES",<br><br>Respondents. | Civil No. 20-cv-03611 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
THE PETITION FOR LACK OF SUBJECT MATTER JURISDICTION OR
ALTERNATIVELY TO STAY ITS CONFIRMATION FOR FORMER EMPLOYEES**

VIRGINIA & AMBINDER, LLP
LaDonna M. Lusher, Esq.
Kara Miller, Esq.
Michele Moreno, Esq.
Alanna Sakovits, Esq.
Attorneys for Plaintiffs
40 Broad Street, 7th Floor
New York, New York 10004

*Attorneys for State Court Plaintiffs*

<u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF AUTHORITIES ....................................................................................... iv

BACKGROUND .....................................................................................................3

      A.  Countless Courts Have Already Held That Former Employees Are Not Bound By The 2015 MOA And Cannot Be Compelled To Arbitrate Their Claims.............................3

      B.  The Arbitration.................................................................................7

      C.  The Arbitrator Award .........................................................................9

ARGUMENT ........................................................................................................10

   I.     THIS COURT LACKS SUBJECT MATTER JURISDICTION AND MUST DISMISS THE PETITION .................................................................10

      A.  Petitioner Cannot Meet Its Burden To Show That This Court Has Subject Matter Jurisdiction Because The Arbitrator's Award Is Not A "Final" Disposition..............11

      B.  This Court Also Lacks Subject Matter Jurisdiction Under The *Rooker-Feldman* Doctrine...........................................................................................15

  II.    THIS COURT MUST DEFER TO MULTIPLE COURT ORDERS THAT DECIDED ARBITRABILITY AND ARE ACCORDED PRECLUSIVE EFFECT....................18

  III.   IF THIS COURT RETAINS JURISDICTION, IT SHOULD STAY ANY CONFIRMATION PENDING RESOLUTION OF RELATED LITIGATION ........20

CONCLUSION....................................................................................................22

TABLE OF AUTHORITIES

CASES                                                                                          PAGE

*Abdullayeva v Attending Homecare Servs., LLC*,
928 F3d 218 [2d Cir 2019]......................................................................................5

*Accenture LLP v. Spreng*,
647 F.3d 72 (2d Cir. 2011).................................................................................14, 15

*Agarunova v. Stella Orton Home Care Agency, Inc.*,
2020 U.S. App. LEXIS 5429 (2d Cir. Feb. 24, 2020) ...........................................6, 19

*Albert v. Blue Diamond Growers*,
232 F. Supp. 3d 509 (S.D.N.Y. 2017) .......................................................................20

*Alvarado v. Alliance for Health*,
Index No. 155417/2018 (N.Y. Cty. Sup. Ct., Jan. 13, 2020)......................................2, 8

*Arjent Services, LLC v. Gentile*,
2008 N.Y. Misc. LEXIS 9864 (Sup. Ct. N.Y. Cnty. Dec. 8, 2008)..............................21

*Bailey Shipping Ltd. v. Am. Bureau of Shipping*,
2014 U.S. Dist. LEXIS 42530, 2014 WL 1282504 (S.D.N.Y. Mar. 28, 2014)...........14

*Baron v. Brackis*,
312 F. Supp. 2d 808 (E.D. Vir. 2004)........................................................................19

*Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*,
411 F.3d 306 (2d Cir. 2005)......................................................................................18

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
309 F.3d 1113 (9th Cir. 2002) ..................................................................................10

*Campbell v. Greisberger*,
80 F.3d 703 (2d Cir. 1998) .......................................................................................16

*Canadian St. Regis Band of Mohawk Indians v. New York*,
388 F. Supp. 2d 25 (N.D.N.Y. 2005) ..................................................................10, 11

*Charles v. Levitt*,
2016 U.S. Dist. LEXIS 95725 (S.D.N.Y. July 21, 2016) ..........................................16

*Chu v. Chinese-American Planning Council Home Attendant Program. Inc.*,
2016 WL 3753098 (S.D.N.Y. July 11, 2016) ...............................................5, 6, 7, 19

*City of N.Y. v. Gutlove & Shirvint, Inc.*,
2008 U.S. Dist. LEXIS 91016 (E.D.N.Y. Nov. 10, 2008) ..........................................................20

*Cohen v. Rosenthal*,
2016 U.S. Dist. LEXIS 174861 (D. Conn. Dec. 19, 2016) ........................................................16

*Compania Panemena Maritima v. J. E. Hurley Lumber Co.*,
244 F.2d 286 (2d Cir. 1957) ......................................................................................................12

*Correspondent Serv. Corp.*,
2004 U.S. Dist. LEXIS 19341(S.D.N.Y. Sep. 29, 2004) ..........................................................11

*Davidson v. Capuano*,
792 F.2d 275 (2d Cir. 1986) ......................................................................................................18

*D.C. Court of Appeals v. Feldman*,
460 U.S. 462 (1983) ..................................................................................................................16

*De Moere, Inc. v. Paychex, Inc.*,
927 F. Supp. 616 (W.D.N.Y. 1996) ...........................................................................................12

*Durant, Nichols, Hous., Hodgson, & Cortese-Costa, P.C. v. Dupont*,
565 F.3d 56 (2d Cir. 2009) ........................................................................................................10

*Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*,
2019 U.S. Dist. LEXIS 5416 (S.D.N.Y. Jan. 11, 2019) .......................................................20, 21

*Friedman's, Inc. v. Dunlap*,
290 F.3d 191 (4th Cir. 2002) .....................................................................................................17

*Gen. Drivers, Warehousemen & Helpers*, Local Union No. 89 v. Riss & Co.,
372 U.S. 517 (1963) ..................................................................................................................11

*Guzman. v. The First Chinese Presbyterian Community Affairs Home Attendant Corp.*,
Index No. 157401/2016 (N.Y. Cty. Sup. Ct. Jan. 13, 2020) (Sup. Ct. N.Y.) ....................... *passim*

*Hausman v. Earlswood Enters.*,
1996 U.S. Dist. LEXIS 13428 (S.D.N.Y. Sep. 11, 1996) .........................................................21

*Hichez v. United Jewish Council of the E. Side Home Attendant Serv. Corp.*,
2018 N.Y. Misc. LEXIS 4085, 2018 NY Slip Op 32327(U)(N.Y. Cty. Sup. Ct. Sept. 17, 2018) ..5

*Hichez v. United Jewish Council of the E. Side, Home Attendant Serv. Corp.*,
179 A.D.3d 576 (1st Dept. 2020) .................................................................................................5

*Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc.*,
2017 U.S. Dist. LEXIS 121357 (S.D.N.Y. Aug. 2, 2017) ........................................20

*Int'l Trust Co. of Bermuder Ltd. v. Farnstock & Co, Inc.*,
1995 U.S. Dist. LEXIS 15050 (S.D.N.Y. Oct. 11, 1995) ........................................21

*Javier H. v. Garcia-Botello*,
218 F.R.D. 72 (W.D.N.Y. 2003) ................................................................................20

*John Birch Soc'y v. Nat'l Broad. Co.*,
377 F.2d 194 (2d Cir. 1967) ......................................................................................10

*Kalyanaram v. Am. Ass'n of Univ. Professors at the N.Y. Inst. of Tech.*,
742 F.3d 42 (2d Cir. 2014) ........................................................................................12

*Kappel v. Comfort*,
914 F. Supp. 1056 (S.D.N.Y. 1996) ..........................................................................20

*KIPP Acad. Charter Sch.*,
2017 U.S. Dist. LEXIS 201645 ..................................................................................17

*Konstantynovska v Caring Professionals, Inc.*,
172 A.D.3d 486 (1st Dept 2019) ..............................................................................4, 5

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ....................................................................................................20

*Lorentti-Herrera v. Alliance for Health, Inc.*,
173 A.D.3d 596 (1st Dept 2019) ..............................................................................4, 5

*Mason Tenders Dist. Council of Greater N.Y. v. CAC of N.Y., Inc.*,
46 F. Supp. 3d 432 (S.D.N.Y. 2014) ....................................................................11, 13

*Michaels v. Mariforum Shipping, S.A.*,
624 F.2d 411 (2d Cir. 1980) ..................................................................................11, 12

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
465 U.S. 75 (1984) ......................................................................................................18

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
460 U.S. 1 (1983) ..................................................................................................18, 19

*Nat'l Ass'n of Broadcast Employees & Technicians v. Am. Broadcasting Co., Inc.*,
140 F.3d 459 (2d Cir. 1998) ......................................................................................14

*New York v. Waterfront Airways, Inc.*,

vi

620 F. Supp. 411 (S.D.N.Y. 1985) ............................................................................10

*Papadopoulou v. Zini Boutique NA LLC*,
2017 U.S. Dist. LEXIS 42511 (S.D.N.Y March 22, 2017) .........................................10

*Paskar v. City of N.Y.*,
3 F. Supp. 3d 129 (S.D.N.Y. 2014) ...........................................................................12

*Pfizer Inc. v. ICWUC/UFCW Locals 95C*,
2014 U.S. Dist. LEXIS 43956 (S.D.N.Y. Mar. 24, 2014) ..........................................15

*Phifer v. City of New York*,
289 F.3d 49 (2d Cir. 2001) .......................................................................................16

*Pustilnik v. Premier Home Care Svcs*.,
Index No. 155081/2016 (N.Y. Cty. Sup. Ct. Jan. 14, 2020) .............................2, 5, 8, 9

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*,
157 F.3d 174 (2d Cir. 1998)......................................................................................12

*Rooker v. Fidelity Trust Co.*,
263 U.S. 413 (1923)..................................................................................................16

*Safonova v. Home Care Servs. for Indep. Living, Inc.*,
2017 N.Y. Misc. LEXIS 5457 (N.Y. Cty. Sup. Ct. Jan. 17, 2017), *reversed on other grounds*, 165 A.D.3d 482 (1st Dept. 2018)....................................................................................6

*Schreiber v. Friedman*,
2017 U.S. Dist. LEXIS 222838 (E.D.N.Y. Mar. 30, 2017) ...................................12, 13

*Sharbat v. Muskat*,
 2018 U.S. Dist. LEXIS 166519  (E.D.N.Y. Sep. 27, 2018) ...................................14, 15

*Stephens v. American Home Assur. Co.*,
811 F. Supp. 937 (S.D.N.Y. 1993) *vacated on other grounds,* 70 F.3d 10 (2d Cir. 1995) ..........11

*Tamburino v Madison Sq. Garden, LP*,
115 AD3d 217 (1st Dept 2014) ...................................................................................5

*Teshabaeva v. Family Home Care Servs. Of Brooklyn and Queens*,
Index No. 158949/2017 (N.Y. Cty. Sup. Ct.) ...............................................................9

*Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*,
931 F.2d 191 (2d Cir. 1991) .....................................................................................15

*Travelers Insurance Co. v. Davis*,
490 F.2d 536 (3d Cir. 1974) ................................................................12

*Trimper v. Terminix Int'l Co.*,
82 F. Supp. 2d 1 (N.D.N.Y. 2000) ........................................................18

*Troshin v. Stella Orton Home Care*,
Index No. 159312/2016 (N.Y. Cty. Sup. Ct.) ......................................9

*Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*,
946 F.3d 120 (2d Cir. 2019) ................................................................10

*Walters v. Indus. & Commer. Bank of China, Ltd.*,
651 F.3d 280 (2d Cir. 2011) ................................................................11

*Wanderlust Pictures, Inc. v. Empire Entm't Grp., L.L.C.*,
2001 U.S. Dist. LEXIS 10196 (S.D.N.Y. July 19, 2001) .........................17

*Yonkers Elec. Contr. Corp. v. Local Union No. 3, IBEW*,
220 F. Supp. 2d 254 (S.D.N.Y. 2002) ..................................................16

*Zeiler v. Deitsch*,
500 F.3d 157 (2d Cir. 2007) ................................................................13

## STATUTES

Fed. R. Civ. P. 12(h) ...........................................................................15

Fed. R. Civ. P. 12(h)(3) ........................................................................10

The Petition to Confirm Arbitration Award ("Petition") filed by 1199 SEIU United Healthcare Workers East (the "Union" or "Petitioner") must be dismissed due to this Court's lack of subject matter jurisdiction. [Ex. A.][1] The Federal Arbitration Act ("FAA") and Labor Management Relations Act ("LMRA") only confer jurisdiction over final arbitration awards. The Petition seeks confirmation of a preliminary procedural ruling ("Arbitrator's Award") that determined certain claims were arbitrable and that the Arbitrator had authority to make this determination.  This is not a final award. This Court therefore lacks jurisdiction and must dismiss the Petition. The Petition should also be dismissed under the principles of federalism and res judicata which deprive this Court of jurisdiction to review claims previously decided in prior court proceedings.

Multiple courts, including the Second Circuit Court of Appeals and New York Appellate Division, First Department, have examined respective collective bargaining agreements ("CBAs") and memorandums of agreement ("MOAs) that are the underlying basis for the Arbitrator's Award, and have determined that the arbitration agreements are not binding on employees whose employment terminated prior to the agreements execution (hereinafter these employees are referred to as "Former Employees").[2] These courts also properly determined threshold issues of arbitrability, with the First Department expressly holding that the Arbitrator lacks authority to make this determination under the exact MOA at issue here. Several courts have even issued

---

[1] All exhibits are attached to the Declaration of LaDonna M. Lusher ("Lusher Decl.").

[2] There is no industry-wide agreement between the Union and the various Respondents.  Each Respondent has its own CBA and MOA with the Union, executed at different times and during different years.

injunctions prohibiting arbitration of Former Employees' claims.[3] *Thus, it has already been conclusively established that no valid agreement exists compelling Former Employees to submit their claims to this arbitration and that the Arbitrator has* <u>*no*</u> *authority over them to determine anything.* Yet, in a direct attempt to contravene these multiple court orders and their legal holdings, Petitioner and the employer-Respondents ask this Court to ignore this legal authority and confirm the Arbitrator's Award, which must be declined.

In the unlikely event this Court determines it has jurisdiction over this matter, this Court should stay confirmation pertaining to Former Employees pending adjudication of the Former Employees' claims that are currently proceeding in various courts. These actions have been proceeding in court for years, precisely because courts have repeatedly denied attempts to force their claims into arbitration. Were this Court to confirm the Arbitrator's Award as it pertains to Former Employees, this Court would be issuing a holding in direct conflict with binding decisional law from the Second Circuit, as well as no fewer than three unanimous holdings from the First Department, and countless state court decisions that have all held no valid agreement to arbitrate exists with respect to Former Employees, and they cannot be compelled to arbitrate their claims.

---

[3] *See Guzman. v. The First Chinese Presbyterian Community Affairs Home Attendant Corp.*, Index No. 157401/2016 (N.Y. Cty. Sup. Ct. Jan. 13, 2020) (Sup. Ct. N.Y.) [Ex. B]; *Pustilnik v. Premier Home Care Svcs.*, Index No. 155081/2016 (N.Y. Cty. Sup. Ct. Jan. 14, 2020) [Ex. C]; *Alvarado v. Alliance for Health*, Index No. 155417/2018 (N.Y. Cty. Sup. Ct., Jan. 13, 2020) [Ex. D].

## BACKGROUND

**A. Countless Courts Have Already Held That Former Employees Are Not Bound By The 2015 MOA And Cannot Be Compelled To Arbitrate Their Claims**

Gail Yan is a Former Employee who worked as a home heath aid for Respondent The First Chinese Presbyterian Community Affairs Home Attendant Corp. ("FCP"). [Ex. E.] On September 2, 2016, a class action was brought on behalf of Yan and other putative class members (collectively the "*Guzman* Action") in New York Supreme Court, New York County to recover unpaid wages and benefits owed under New York Law. *See Guzman v. The First Chinese Presbyterian Community Affairs Home Attendant Corp.*, Index No. 157401/2016 (N.Y. Cty. Sup. Ct.).[4], [5] Respondent FCP moved to compel arbitration in the *Guzman* Action, asserting the claims were subject to an alternative dispute resolution provision ("ADR Provision") in a 2015 MOA[6], the same MOA that the Union relied upon to bring this Arbitration. FCP also argued that an arbitrator, rather than the court, had authority to decide whether the claims were arbitrable. In a March 29, 2019 Decision and Order, the trial court denied FCP's motion in its entirety, finding that Former Employees who left FCP's employ prior to the 2015 MOA's execution date were not bound by the ADR Provision. [Ex. F, p.7.] The trial court further found that the issue of whether the parties

---

[4] The *Guzman* action is brought on behalf of Former Employees who ceased working for FCP prior to April 7, 2016, the date that the MOA was executed requiring arbitration of statutory wage claims.

[5] On May 20, 2020, FCP removed the *Guzman* action to this Court, marking it related to the instant action. *Guzman et al. v. The First Chinese Presbyterian Community Affairs Home Attendant Corp.*, Case No. 1:20-cv-03929. The *Guzman* Plaintiffs are moving to remand, which is being briefed simultaneously with this application. [*Id*. at Dkt. No. 15.]

[6] Although FCP's MOA was executed in April 2016, it is referred to as the "2015 MOA" for continuity with the Petition.

entered into a valid agreement to arbitrate and the scope of that agreement was "an issue for the court to decide, and is not one to be resolved by the arbitrator, as [defendant] contends." [*Id*., p.6.] Respondent FCP did not reargue or appeal the trial court's order.

In rendering its decision, the *Guzman* court relied on *Konstantynovska v Caring Professionals, Inc.*, 172 A.D.3d 486, 487 (1st Dept 2019), a unanimous decision by the Appellate Division, First Department where the court affirmed the denial of the defendant-employer's motion to compel arbitration of the wage claims of formerly employed home health aides.  The appellate court held that former employees were not "bound by [a Memorandum of Agreement to arbitrate] because they were no longer defendant's employees when it was executed, they were not parties to that agreement, and there is no evidence that the Union[7] was authorized to proceed on their behalf." *Id*. (citations omitted).

The First Department affirmed the same legal holding in *Lorentti-Herrera v. Alliance for Health, Inc.*, 173 A.D.3d 596 (1st Dept 2019) where Respondent Alliance tried to compel arbitration of Former Employees' unpaid wage claims. The First Department unanimously upheld the trial court's finding that there was no valid agreement compelling Former Employees to arbitration.  The appellate court held that "[a]lthough defendant and the Union entered into a memorandum of agreement (MOA)…that modified the CBA to mandate arbitration for Labor Law claims, plaintiff's employment with defendant ended…and neither she nor any other class member who was not employed by defendant when the MOA was entered into is bound by the MOA's arbitration provision." *Id*. (citation omitted).  The CBA and MOA at issue in *Lorentti-Herrera* are the same agreements subject to the Arbitrator Award that the Union seeks to confirm here.

---

[7] The Union was not Local 1199.

4

Likewise, in *Hichez v. United Jewish Council of the E. Side, Home Attendant Serv. Corp.,* 179 A.D.3d 576 (1st Dept. 2020), the First Department issued a third decision with the same unanimous holding, stating as follows:

> Plaintiffs are not prohibited from bringing this action by the arbitration provision in article XXVI of the collective bargaining agreement (CBA) between defendant and the Union, which "limits mandatory arbitration to disputes between an employee and employer concerning the interpretation or application of [a specific] term of the CBA" (Lorentti-Herrera v Alliance for Health, Inc., 173 AD3d 596, 596…[1st Dept 2019] [internal quotation marks omitted])). Here, plaintiffs assert claims outside of the CBA.
>
> Nor are plaintiffs bound by the new article "hereby created" by the MOA that was intended to govern wage-hour and wage-parity disputes "exclusively." Although the MOA requires arbitration of the statutory claims asserted in the complaint (see Tamburino v Madison Sq. Garden, LP, 115 AD3d 217, 223…[1st Dept 2014]; see Abdullayeva v Attending Homecare Servs., LLC, 928 F3d 218, 222 [2d Cir 2019]), *plaintiffs "were no longer defendant's employees when it was executed, they were not parties to that agreement, and there is no evidence that the Union was authorized to proceed on their behalf"* (Konstantynovska v Caring Professionals, Inc., 172 AD3d 486, 487…[1st Dept 2019]; see Lorentti-Herrera, 173 AD3d at 596; Chu v Chinese-American Planning Council Home Attendant Program, Inc., 194 F Supp 3d 221, 228 [SD NY 2016]).

*Id*. at 576-77. The *Hichez* court further affirmed the trial court's decision that the arbitrator lacked authority to determine arbitrability because neither agreement clearly and unmistakably delegated threshold issues of arbitrability to an arbitrator. *Id*; see also *Hichez v. United Jewish Council of the E. Side Home Attendant Serv. Corp.*, 2018 N.Y. Misc. LEXIS 4085, 2018 NY Slip Op 32327(U) (N.Y. Cty. Sup. Ct. Sept. 17, 2018) [Ex. G]. The agreements examined in *Hichez* are also the same agreements subject to the Arbitrator Award that the Union seeks to confirm here.

In addition to the state court decisions affirmed by the First Department, numerous other state courts have held in litigation against various Respondents in this action that there is no valid agreement binding Former Employees to arbitrate their unpaid wage claims. *See e.g. Guzman, supra*; *Pustilnik v. Premier Home Care Svcs.*, Index No. 155081/2016 (N.Y. Cty. Sup. Ct. Jan. 14,

2020) (same) [Ex. C.]; *Safonova v. Home Care Servs. for Indep. Living, Inc.*, No. 150642/2016, 2017 N.Y. Misc. LEXIS 5457 (N.Y. Cty. Sup. Ct. Jan. 17, 2017) (same) [Ex. H], *reversed on other grounds*, 165 A.D.3d 482 (1st Dept. 2018).

Federal Courts have similarly held that the agreements at issue do not bind Former Employees to arbitrate their claims.  For example, in *Agarunova v. Stella Orton Home Care Agency, Inc.,* No. 19-798, 2020 U.S. App. LEXIS 5429 (2d Cir. Feb. 24, 2020), the Second Circuit recently affirmed the trial court's decision finding that Former Employees of Respondent Stella Orton Home Care Agency, Inc., who ceased working prior to the execution of the MOA could not be compelled to arbitration. The Honorable Katherine Forrest, U.S.D.J. made the same finding against Respondent Chinese-American Planning Counsel Home Attendant Program ("CPC").  See *Chu v Chinese-American Planning Council Home Attendant Program, Inc*., 194 F.Supp.3d 221, 228 (S.D.N.Y. 2016).  Finding that there was no valid agreement to arbitrate that could provide jurisdiction over Former Employees' unpaid wage claims, the court remanded the action stating "plaintiffs may not be bound by subsequently adopted amendments to a collective bargaining agreement to which they were not parties." *Id*.

Notably, these courts' rulings were originally aligned with the Union's position, which also argued that Former Employees, like Yan, are not bound by the ADR Provision in the 2015 MOA upon which they now seek to arbitrate.  The Union also contended that it did not have authority to represent Former Employees in arbitration.

In a November 2016 letter to Respondent FCP's demand for arbitration, the Union asserted that there was no valid agreement binding the *Guzman* plaintiffs to arbitrate:

> On behalf of 1199SEIU United Healthcare Workers East ("1199" or "Union"), we write to object to the submission of the claims of Alvaro Ramirez Guzman, Elida Agustina Mejia Herrerra, and Leticia Panama Riva ("the Guzman plaintiffs") to Arbitrator Martin Scheinman based on the fact that they were not employed by First

Chinese Presbyterian Community Affairs Home Attendant Corp. ("FCP") as of December 1, 2015, the effective date of the 2015 memorandum of agreement ("2015 MOA") between 1199 and FCP, and therefore not subject to its Alternative Dispute Resolution provision. This issue was addressed by Judge Forrest in *Chu v. Chinese-American Planning Council Home Attendant Program. Inc*., No. 16-cv-3569 (KBF), 2016 WL 3753098 (S.D.N.Y. July 11, 2016) . . . In this case, 1199 has confirmed that none of the Guzman plaintiffs were employed by FCP as of December 1, 2015, and therefore, cannot be bound by the 2015 MOA, including the ADR provision.

[*See* Ex. I.]  The Union made the same representation to the National Labor Relations Board in responding to a charge by a Former Employee of Respondent CPC that her claims were not arbitrable.   [Ex. J.]   The Union also objected to the Arbitrator's jurisdiction over Former Employees' claims, asserting the claims were properly pending in court. [*See* Ex. K (Union's letter to the Arbitrator contending that the Arbitrator did not have jurisdiction because Respondent CPC "cannot retroactively seek to arbitrate a claim brought at a time when there was no contract provision in effect permitting arbitration of the wage and hour lawsuit against CPC.").]

### B.  The Arbitration

On January 2, 2019, pursuant to the various 2015 MOAs, the Union initiated "a class action grievance on behalf of all of its home care bargaining unit members employed by various agencies concerning claims that employees were not properly paid on 24-hour cases and with respect to any other outstanding wage and hour claims arising under the Covered Statutes."[8] [Ex. L.] The Union's grievance did not state that it was filed on behalf of Former Employees.  [*Id*.]

Twelve months later the Union and Respondents proceeded to arbitration before Arbitrator Martin Scheinman, Esq., the contract arbitrator for the Union and the arbitrator identified in the 2015 MOA. Arbitrator Scheinman advised that the Union and Respondents (collectively "Parties")

---

[8] This included agencies in existing lawsuits where courts had already denied arbitration of Former Employees' claims.

were engaging in a "global arbitration" to resolve all unpaid wage claims filed against Respondents, and that "the Union has determined it represents all of the employees' claims" – *including those of Former Employees*.  [See Ex. M, p.2.]

The Arbitrator scheduled an initial hearing to decide, *inter alia*, the following procedural issues:

1.  Are the claims encompassed by the wage and hour related grievances involving current *and former* 1199 bargaining unit members, including those arising under federal, state and local law arbitrable?

2.  Does the Arbitrator have jurisdiction to adjudicate the claims asserted in the wage and hour grievances, arising under federal, state and local law, filed by the parties to the [CBA] which encompass all claims arising under the federal, state and local laws named in the [CBA], *as well as any pending litigation…irrespective of whether employees' employment terminated prior to the effective date of the Memorandum of Agreement*…."  [*Id*. (emphasis added).]

Alarmed that the Parties were trying to arbitrate claims of Former Employees in violation of countless court orders and binding legal authority, plaintiffs in the *Guzman* Action and other HHAs successfully sought injunctions to prohibit arbitration of their claims.  In *Guzman*, the court granted the plaintiffs' request for injunctive relief "[s]ince this Court has denied First Chinese's motion to compel arbitration, and has determined that it, and not an arbitrator, will hear and determine plaintiffs' claims, plaintiffs have established the likelihood that they will succeed on their argument regarding the arbitrability of their claims." [Ex. B.] Likewise, a temporary restraining order was granted against Respondent Premier Home Care Services, prohibiting arbitration of the plaintiffs' claims in *Pustilnik*, Index No. 155081/2016 (N.Y. Cty. Sup. Ct. Jan. 14, 2020). [Ex. C.] Similarly, in *Alvarado*, Index No. 155417/2018 (N.Y. Cty. Sup. Ct. Jan. 13, 2020), the court directed Respondent Alliance for Health to send a letter "to the arbitrator, the union and to cc plaintiff's counsel in this case regarding the inability of those employees, who ceased employment prior to the MDA's [sic] effective date, from having their claims adjudicated

in the arbitration." [Ex. D.][9] All orders were served on the Union, the Arbitrator and the respective Respondents.

### C.  The Arbitrator Award

On April 17, 2020, Arbitrator Scheinman issued the Arbitrator Award finding that he has authority to determine threshold issues of arbitrability, and that all current and Former Employees' claims are arbitrable before him.  [Ex. N.] No findings as to Respondents' liability or the merits of any claims were made.  Instead, a preliminary hearing was held where the Arbitrator observed that the Union and Respondents agreed that the claims of Former Employees should be included in the arbitration and that the Arbitrator had authority to decide them.   [See Ex. N, p.36 (Arbitrator stated: "Significantly, during the entire course of this proceeding, no party to the Agreement argues the claims encompassed by the grievance are not arbitrable" and "[the parties"] have conceded my authority to determine arbitrability…."); see also Pet. Memo, p. 10 ("the parties…did not contest the arbitrator's authority in the proceeding to decide these gateway issues").]

There are various motions pending and expected in the court proceedings seeking to modify or stay the Arbitrator Award as it pertains to Former Employees.  Motions for violations of court orders and injunctions against various Respondents are also outstanding.

---

[9] Additional applications for injunctions are pending in *Teshabaeva v. Family Home Care Servs. Of Brooklyn and Queens*, Index No. 158949/2017 (N.Y. Cty. Sup. Ct.); *Troshin v. Stella Orton Home Care*, Index No. 159312/2016 (N.Y. Cty. Sup. Ct.); and *Pustilnik v. Premier Home Health Care*, Index. No. 155081/2016 (N.Y. Cty. Sup. Ct.).

## ARGUMENT

### I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION AND MUST DISMISS THE PETITION

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Durant, Nichols, Hous., Hodgson, & Cortese-Costa, P.C. v. Dupont,* 565 F.3d 56, 62-63 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte.*)

"A challenge may be made to the Court's subject matter jurisdiction under Rule 12(h)(3) by a non-party." *Canadian St. Regis Band of Mohawk Indians v. New York*, 388 F. Supp. 2d 25, 29 (N.D.N.Y. 2005) (citing *New York v. Waterfront Airways, Inc.,* 620 F. Supp. 411, 413 (S.D.N.Y. 1985) ("Because this is a challenge to the court's subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3) permits it to be brought to the court's attention by persons other than the parties to the action."); *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.,* 309 F.3d 1113, 1120 (9th Cir. 2002) (recognizing that "a non-party could challenge a district court's lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3)."); *see also Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019) (holding non-party had right to contest subject matter jurisdiction because "even if no party raises the issue, courts have an obligation to consider subject matter jurisdiction *sua sponte.*").

Further, "[b]ecause of the limited jurisdiction of the federal courts, . . . it is incumbent upon this court to raise the question of subject matter jurisdiction *sua sponte* whenever it appears from the pleadings *or otherwise* that jurisdiction is lacking.'" *Papadopoulou v. Zini Boutique NA LLC*, No. 16-cv-08733 (JGK), 2017 U.S. Dist. LEXIS 42511, *2 (S.D.N.Y March 22, 2017) (emphasis added) (*quoting John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967)). As held

by the Second Circuit in *Walters v. Indus. & Commer. Bank of China, Ltd.*, 651 F.3d 280 (2d Cir. 2011):

> To the extent that a court has the power, or even duty, to consider a question sua sponte, it is hardly necessary to speak of 'third-party standing.' If a court may consider an issue on its own motion, it does not matter what triggers the court's inquiry. The court may consider the issue once it is suggested by any party - *or, for that matter, non-party* - even if there is no reason to confer a special right of 'third-party standing' on that party.

*Id*. at 292-93 (emphasis added).

Moreover, "once subject matter jurisdiction is challenged, the burden of establishing jurisdiction rests with the party asserting that it exists." *Canadian St. Regis Band of Mohawk Indians*, 388 F. Supp. 2d at 29 (N.D.N.Y. 2005) (citing *Correspondent Serv. Corp.,* 2004 U.S. Dist. LEXIS 19341 at *16 (citations omitted); *Stephens v. American Home Assur. Co.,* 811 F. Supp. 937, 959-60 (S.D.N.Y. 1993) ("contention" that subject matter jurisdiction is lacking is sufficient to shift burden of proof to party asserting that jurisdiction exists) (citation omitted), *vacated on other grounds,* 70 F.3d 10 (2d Cir. 1995). "The party asserting subject matter jurisdiction must prove that the court has such jurisdiction by a preponderance of the evidence." *Id*. (citing *Correspondent Serv. Corp.,* 2004 U.S. Dist. LEXIS 19341 at *16 (citations omitted)).

### A. Petitioner Cannot Meet Its Burden To Show That This Court Has Subject Matter Jurisdiction Because The Arbitrator's Award Is Not A "Final" Disposition

Federal courts only have subject matter jurisdiction to confirm "final" arbitration awards. *See e.g. Mason Tenders Dist. Council of Greater N.Y. v. CAC of N.Y., Inc.,* 46 F. Supp. 3d 432, 435 (S.D.N.Y. 2014) (federal courts only "have jurisdiction under the LMRA to confirm 'final and binding' arbitration awards.'") (quoting *Gen. Drivers, Warehousemen & Helpers*, Local Union No. 89 v. Riss & Co., 372 U.S. 517, 519 (1963)); *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980) (Under FAA "a district court does not have the power to review an

11

interlocutory ruling by an arbitration panel.") (*citing Travelers Insurance Co. v. Davis*, 490 F.2d 536, 541-42 & n. 12 (3d Cir. 1974); *Compania Panemena Maritima v. J. E. Hurley Lumber Co.,* 244 F.2d 286, 288-89 (2d Cir. 1957);*Paskar v. City of N.Y.,* 3 F. Supp. 3d 129, 132 (S.D.N.Y. 2014) (stating that under the FAA, a non-final order would be "beyond the Court's jurisdiction to review."); *De Moere, Inc. v. Paychex, Inc.,* 927 F. Supp. 616, 617 (W.D.N.Y. 1996) ("a petition to confirm an interlocutory award should be dismissed as premature.").

"In order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." *Kalyanaram v. Am. Ass'n of Univ. Professors at the N.Y. Inst. of Tech.*, 742 F.3d 42, 51 (2d Cir. 2014) (*quoting Michaels*, 624 F.2d at 413. As summarized recently by the Honorable Carol Bagley Amon, U.S.D.J. in *Schreiber v. Friedman,* 2017 U.S. Dist. LEXIS 222838 (E.D.N.Y. Mar. 30, 2017):

> Generally, "[i]n order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them," resolving both liability and damages. [*Michaels*, 624 F.2d] at 413. Indeed, a final arbitration award "must resolve all the issues submitted to arbitration, and . . . it must resolve them definitively enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998). Where arbitrators only "make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable." *Michaels*, 624 F.2d at 414.

*Id*. at * 9.

Here, it is plainly evident that the Arbitrator's Award is an interim procedural ruling and not a final award. As stated by Petitioner, the grievance for the Arbitrator to resolve in this arbitration are "wage and hour claims arising under the Covered Statutes." [Pet. Memo, p.6.] The Arbitrator's Award did not resolve liability or damages for this dispute. The Arbitrator's Award only resolved *procedural* issues related to whether the claims are arbitrable in the first place.

*Indeed, even Petitioner refers to the award as determining only "threshold jurisdictional" issues.*
[Pet. Memo, p.11.] All disputes between the parties regarding wage and hour claims remain
undecided. The Arbitrator's Award is therefore not a "final" award.

Numerous courts have dismissed petitions to confirm arbitration awards finding a lack of
jurisdiction because the award was not final. For example, in *Mason Tenders Dist. Council of
Greater N.Y. v. CAC of N.Y., Inc.,* 46 F. Supp. 3d 432 (S.D.N.Y. 2014), the Honorable Edgardo
Ramos, U.S.D.J. held as follows:

> In the case at bar, Harris returned a partial arbitration award finding CAC liable for
> violating the terms and conditions of the CBA…at a minimum, questions remain
> as to the duration of CAC's liability….The Court is therefore unable to conclude
> that Harris's award is sufficiently "final" as to render judicial review appropriate at
> this point in time. Because Plaintiff bears the burden of establishing subject matter
> jurisdiction by a preponderance of the evidence (and without the benefit of
> inferences in its favor), the petition to confirm Harris's award cannot go forward on
> the current record. The portion of the Complaint seeking confirmation of the
> arbitration award is therefore dismissed without prejudice for failure to establish
> subject matter jurisdiction.

*Id*. at 436.

Likewise, in *Schreiber, supra,* the court held that "it does not have authority to review the
two arbitration awards at issue because neither constitutes a 'complete determination of all claims'
that [the arbitration parties] submitted to them." *Id*. at *9 (internal citations omitted). Very similar
to the circumstances here, the *Schreiber* Court noted that "neither award even addresses the merits
of the parties' claims for liability—let alone resolve these claims" and was instead "merely the
determination of a procedural matter that is 'required for furtherance of the arbitration.'" *Id.*
(*quoting Zeiler v. Deitsch*, 500 F.3d 157, 169 n.11 (2d Cir. 2007)). Indeed, as held by the *Schreiber*
court:

> The parties do not cite—and the Court is not aware of—*any case in which a court
> has reviewed an arbitrator's arbitrability determination as a final award*. Rather,

the Second Circuit has explained, 'We see no reason why arbitrability must be decided by a court before an arbitration award can be made.'

*Id.* (emphasis added) (*quoting Nat'l Ass'n of Broadcast Employees & Technicians v. Am. Broadcasting Co., Inc.*, 140 F.3d 459, 462 (2d Cir. 1998)).

Numerous courts have made similar holdings. *See e.g. Accenture LLP v. Spreng,* 647 F.3d 72, 77 (2d Cir. 2011) (concluding that an arbitral order denying leave to amend claims was an "interim procedural ruling" and not final)**;** *Sharbat v. Muskat*, No. 17-CV-4776(KAM)(CLP), 2018 U.S. Dist. LEXIS 166519, *26 (E.D.N.Y. Sep. 27, 2018) (arbitrator decision left open possibility of further award of damages and/or discovery expenses and "[a]ccordingly, the court concludes that the Interim Decision is not a final award…and consequently, the Confirmation Petition must be dismissed."); *Bailey Shipping Ltd. v. Am. Bureau of Shipping*, No. 12-CV-5959 (KPF), 2014 U.S. Dist. LEXIS 42530, 2014 WL 1282504, at *3 (S.D.N.Y. Mar. 28, 2014) (finding an arbitration award is not final where the "relationship between the parties has come no closer to crystallization by means of the Award; to the contrary, [defendant's] liability to [plaintiff] remains completely uninvestigated").

Petitioner argues that the Arbitrator's Award is final because the "[t]he Parties understood the Arbitrator's hearing and decision on the two preliminary issues, arbitrability and jurisdiction, would be final…." [Pet. Memo, p.11.] Petitioner's argument appears to be that the award is "final" because it resolved the "two preliminary issues." This argument is circular and would turn every award, no matter how trivial, into a final award since every award by definition resolves something. More importantly, Petitioner's argument fails because it contradicts the wealth of case law, including binding precedent from the Second Circuit, of what qualifies as a "final" award sufficient to confer subject matter jurisdiction on a federal court. *See supra*. Petitioner cannot confer subject matter jurisdiction where none exists - it is irrelevant whether the Parties are contesting the issue

14

or not. See Fed. R. Civ. Pro. 12(h); *See  also Accenture LLP v. Spreng,* 647 F.3d 72, 76 (2d Cir. 2011) (stating that "it matters not how Accenture characterizes" the order as it "is clear it was not a final decision with respect to an arbitration.").

Petitioner relies on two cases: *Pfizer Inc. v. ICWUC/UFCW Locals 95C,* 2014 U.S. Dist. LEXIS 43956 (S.D.N.Y. Mar. 24, 2014) and *Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191 (2d Cir. 1991). Neither of these cases support Petitioner's argument. Both *Pfizer* and *Trade & Transport* address a narrow exception where an arbitrator's award will be deemed final if it fully resolves liability in proceedings where the parties have agreed to bifurcate liability and damages. *See Id*. Petitioner latches on to the statement by the *Pfizer* court that none of the parties "doubted the finality of the Award." (Pet. Memo, p. 11.) Yet this statement was merely acknowledging that the *Pfizer* parties were in agreement that the arbitrator's award fully resolved all issues related to liability and that no liability issues were outstanding. See *Pfizer* at *14-15; *See also Sharbat v. Muskat*, No. 17-CV-4776(KAM)(CLP), 2018 U.S. Dist. LEXIS 166519, at *22 (E.D.N.Y. Sep. 27, 2018) (distinguishing *Trade & Transport* and similar cases because they involved bifurcation of issues such as liability and damages and the arbitrator fully resolved the claim submitted).

Here, the grievance submitted to the arbitrator is to resolve a dispute over claims of unpaid wages.  There can be no doubt that the Arbitrator's Award, which solely addressed procedural matters regarding arbitrability, is not a "final" award. This Court therefore lacks subject matter jurisdiction to confirm the award and must dismiss the petition.

### B. This Court Also Lacks Subject Matter Jurisdiction Under The *Rooker-Feldman* Doctrine

Pursuant to the *Rooker-Feldman* doctrine, "a federal district court does not have jurisdiction to review a claim that has been previously decided by a prior state court proceeding."

*Yonkers Elec. Contr. Corp. v. Local Union No. 3, IBEW*, 220 F. Supp. 2d 254, 258 (S.D.N.Y. 2002) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Phifer v. City of New York*, 289 F.3d 49, 49 (2d Cir. 2001)). "The principle arises from the fundamental concepts of federalism and is designed to maintain the independence of state courts." *Yonkers Elec. Contr. Corp.*, 220 F. Supp. 2d at, 258 (string cite omitted). "Federal district courts lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts.'" *Yonkers Elec. Contr. Corp.*, 220 F. Supp. 2d at 258 (quoting *Phifer*, 289 F.3d at 49). "The preclusive nature of the *Rooker-Feldman* doctrine extends to lower state court judgments and even interlocutory decisions." *Yonkers Elec. Contr. Corp.*, 220 F. Supp. 2d at 259 (citing *Campbell v. Greisberger*, 80 F.3d 703, 707 (2d Cir. 1998)). Furthermore, the relief sought in federal court need not be identical to the relief denied in state court so long as the matter "is inviting this Court to, in effect, overturn the state court judgment." *See Cohen v. Rosenthal*, 2016 U.S. Dist. LEXIS 174861, *11 (D. Conn. Dec. 19, 2016) (citing *Charles v. Levitt*, 2016 U.S. Dist. LEXIS 95725 (S.D.N.Y. July 21, 2016)).

The Arbitrator's Award determined that the claims of Former Employees who ceased working for an employer before the applicable MOA was executed are arbitrable and that he had the authority to make this determination. The Arbitrator Award directly violates holdings by numerous courts, including the Appellate Division and the Second Circuit. See *supra.* State courts have also issued injunctions expressly prohibiting arbitration of Former Employees' claims which are binding on Respondents, as well as the Union and the Arbitrator. [Exs. B-D.] This Court therefore lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine because by asking this Court to confirm the Arbitration Award, Petitioner is asking this Court to review claims that have already been submitted, and squarely decided, by state courts at both the trial and appellate level that have

all held the claims of Former Employees are not arbitrable because they are not bound to the ADR Provision.

The *Rooker-Feldman* doctrine has been applied in the arbitration context. For example, in *Friedman's, Inc. v. Dunlap*, 290 F.3d 191 (4th Cir. 2002), a state court held that plaintiff's claims were not arbitrable and denied a motion to compel arbitration. The defendant appealed that decision. While the appeal was pending in state court, defendant filed an action in federal court seeking arbitration under the FAA. The Fourth Circuit Court of Appeals held that the federal action must be dismissed due to lack of jurisdiction under *Rooker-Feldman* because defendant "is essentially asking the federal courts to sit in review of a West Virginia state court that has already ruled on the arbitrability of Friedman's claims." *Id*. at 197.

Similarly, in *Wanderlust Pictures, Inc. v. Empire Entm't Grp., L.L.C.,* 01 Civ. 4465 (JSM), 2001 U.S. Dist. LEXIS 10196 (S.D.N.Y. July 19, 2001) a state court denied a motion to compel arbitration finding there was no enforceable agreement to arbitrate. The defendant filed an order to show cause in federal court seeking to compel arbitration. The court dismissed the federal action for lack of jurisdiction under *Rooker-Feldman* stating as follows:

> While federal courts are required to effectuate the policies underlying the FAA, competing principles may require that a federal court abstain from considering the merits of a party's claimed right to arbitration. For example, principles of federalism embodied in the jurisdictional parameters that constrain the federal courts deprive those courts of jurisdiction to review a prior state court ruling. Thus, a party cannot invoke the federal policy in favor of arbitration as a means of improperly appealing a state court ruling, whether or not that ruling has attained preclusive effect.

*Id*. at *5-7 (citations omitted); see also *KIPP Acad. Charter Sch.*, 2017 U.S. Dist. LEXIS 201645, at *2 (denying the plaintiff's application to stay arbitration filed in federal court on the grounds that the plaintiff had already sought, and was denied, that relief in the state court proceedings).

Given the case law set forth above, and the multiple decisions that previously held there is no valid agreement compelling Former Employees to arbitrate their claims, it is clear that this Court lacks jurisdiction to confirm the Petition.  The Arbitrator Award is an interim procedural ruling that is not ripe for confirmation.  Nor does this Court have jurisdiction to sit in review of multiple prior court rulings that denied arbitration of claims that the Petition seeks to confirm. Accordingly, the Petition must be dismissed for lack of subject matter jurisdiction.

## II.    THIS COURT MUST DEFER TO MULTIPLE COURT ORDERS THAT DECIDED ARBITRABILITY AND ARE ACCORDED PRECLUSIVE EFFECT

"The full faith and credit clause of the Constitution of the United States requires a federal court to give the same preclusive effect to a state court judgment as would be given in the state in which it was rendered." *Davidson v. Capuano*, 792 F.2d 275, 277-78 (2d Cir. 1986) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)); *accord Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 310 (2d Cir. 2005); *Trimper v. Terminix Int'l Co.*, 82 F. Supp. 2d 1, 3 (N.D.N.Y. 2000) (same). Thus, once a state court decides "the issue of arbitrability, the federal court would be bound to honor that determination as res judicata." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 12, 8-28 (1983).  As explained in *Trimper v. Terminix Int'l Co.*, 82 F. Supp. 2d 1 (N.D.N.Y. 2000), "New York's broad transactional approach to res judicata bars the relitigation of claims or theories arising out of the same factual grouping as an earlier litigated claim. The Court discerns no reason why it should expend further judicial resources on the scope of the arbitration clause: Plaintiffs had their bite at the apple, and cannot be given a second by claiming that the apple is now red instead of green." *Id*. at 3.

Similarly, in *Baron v. Brackis*, 312 F. Supp. 2d 808 (E.D. Vir. 2004), the court held it lacked subject matter jurisdiction over a petition to compel arbitration because a New York State Court had already issued a ruling staying arbitration:

> As the New York Supreme Court exercised valid jurisdiction over the parties, its judgment is entitled to full faith and credit in this court, and principles of res judicata apply . . . This case, like *Moses Cone*, involves both a proceeding in state court to stay arbitration and a proceeding in federal court to compel arbitration. Such proceedings involve 'the identical issue of arbitrability of the claims' [and] 'Once the state court decides the issue of arbitrability, the federal court [is] bound to honor that determination as res judicata.'

*Id*. at 815-16 (quoting *Moses Cone*, 460 U.S. at 10, 12).

Here, multiple courts have already issued orders denying motions to compel arbitration and/or enjoining arbitration of Former Employees' claims.  These holdings undeniably resolved the merits of the arbitrability question and should be given preclusive effect.

Nevertheless, in the unlikely event this Court deems it has jurisdiction, the conclusion that no valid agreement exists binding Former Employees to arbitration must be the same. *See Agarunova v. Stella Orton Home Care Agency, Inc.*, 2020 U.S. App. LEXIS 5429 (2d Cir. Feb. 24, 2020) (2d Cir. held that Former Employees were not bound to arbitration agreements set forth in MOA's entered into after their employment with Respondent Stella Orton ended); *Chu v. Chinese-American Planning Council Home Attendant Program. Inc*., No. 16-cv-3569 (KBF), 2016 WL 3753098 (S.D.N.Y. July 11, 2016) (same). The agreements in *Agarunova* and *Chu* are also subject to the Arbitrator Award that the Parties seek to confirm, and contained the same ADR Provision.[10]  Accordingly, this Court does not have subject matter jurisdiction over Former Employees' claims.

---

[10] These decisions are also relevant to the related action.  *See, supra*, fn. 11.

### III.    IF THIS COURT RETAINS JURISDICTION, IT SHOULD STAY ANY CONFIRMATION PENDING RESOLUTION OF RELATED LITIGATION

"It is well-settled that a district court has discretionary power to stay proceedings pursuant to its inherent power to control its docket." *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, No. 17cv1266, 2019 U.S. Dist. LEXIS 5416, at *10 (S.D.N.Y. Jan. 11, 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). A non-party can raise this issue because this power may be exercised *sua sponte* in the interests of justice. *Id.* (citing *Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc.*, 2017 U.S. Dist. LEXIS 121357, at *1 (S.D.N.Y. Aug. 2, 2017); *City of N.Y. v. Gutlove & Shirvint, Inc.*, 2008 U.S. Dist. LEXIS 91016 at *1 (E.D.N.Y. Nov. 10, 2008); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003).[11]

Courts consider the following factors when determining whether to grant a discretionary stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id*. (*citing Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 512 (S.D.N.Y. 2017) (quoting *Kappel v. Comfort,* 914 F. Supp. 1056, 1059 (S.D.N.Y. 1996)).

Here, a stay is warranted pending litigation of Former Employees' claims proceeding in various courts. A stay will not cause any harm to the Parties as the Arbitrator's Award solely pertains to preliminary matters. There is no reason for the Arbitrator's Award to be confirmed at

---

[11] Should this Court determine that intervenor status is required to request this relief, Yan joins in the motion to intervene filed by Fisher Taubenfeld LLP and Take Root Justice.

all because the Parties to the Arbitration have agreed not to contest its holding, as confirmed by Petitioner. [Pet. Memo, p.10.]

The interests of the courts weigh heavily in favor of a stay. This Court should not confirm an award that expressly violates countless court orders, legal authority, and injunctions. There are also pending motions to modify the Arbitrator's Award and stay the arbitration that have yet to be decided.

The interests of Former Employees, who are not parties to this Petition because there is no agreement compelling arbitration of their claims, strongly supports a stay. *See Arjent Services, LLC v. Gentile*, 2008 N.Y. Misc. LEXIS 9864, at *7 (Sup. Ct. N.Y. Cnty. Dec. 8, 2008) ("'a party that has not agreed to arbitrate a dispute will suffer irreparable harm if it is forced to submit to arbitration.'") (quoting *Int'l Trust Co. of Bermuder Ltd. v. Farnstock & Co, Inc.*, 1995 U.S. Dist. LEXIS 15050, at *6-7 (S.D.N.Y. Oct. 11, 1995).

In *Hausman v. Earlswood Enters.*, 95 Civ. 9088 (JSM), 1996 U.S. Dist. LEXIS 13428 (S.D.N.Y. Sep. 11, 1996), the court was asked to confirm a final arbitration award. While there was no issue that the arbitration bound some participants, there was a dispute over whether one party was bound to the arbitration agreement. That dispute was being litigated in court and was subject to a pending appeal. The *Hausman* Court held that confirmation of that part of the award pertaining to that party should be stayed "rather than risk confirming the Award against parties over which the Arbitrator may not have had jurisdiction." *Id*.

Similarly, in *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC,* No. 17cv1266, 2019 U.S. Dist. LEXIS 5416 (S.D.N.Y. Jan. 11, 2019) the court was asked to confirm a final arbitration award. Litigation was proceeding in a separate court that was related to whether another company was an alter-ego of one of the companies found liable in the arbitrator's award. Confirmation of

the arbitrator's award could have impacted this other litigation and the non-party's liability. The court held that confirmation should be stayed pending determination in the other action because prejudice caused by a stay would be "minimal" and "the parties to this action [seeking confirmation of the award] have nothing to gain or lose with a stay," whereas the non-party could be negatively impacted if the award were confirmed. *Id*. In the unlikely event this Court holds it has jurisdiction over the Petition, it should stay confirmation of the award as it pertains to Former Employees.

## **CONCLUSION**

For the reasons set forth above, it is respectfully requested that this Court dismiss the Petition for lack of subject matter jurisdiction or alternatively stay any confirmation as it pertains to Former Employees.

Dated: June 29, 2020
       New York, New York

                                        VIRGINIA & AMBINDER, LLP

                                        By: ___/s/LaDonna M. Lusher, Esq.___
                                        LaDonna M. Lusher, Esq.
                                        Kara Miller, Esq.
                                        Michele Moreno, Esq.
                                        Alanna Sakovits, Esq.
                                        40 Broad Street, 7th Floor
                                        New York, New York 10004
                                        Tel: (212) 943-9080
                                        llusher@vandallp.com

                                        *Attorneys for State Court Plaintiffs*

## <u>CERTIFICATION OF COMPLIANCE</u>

I hereby certify pursuant to Rule II (D) of this Court's Individual Practices that the foregoing brief was prepared using a proportionally spaced typeface as follows:

Name of Typeface:   Times New Roman

Point size:                12 (and 11 point for footnotes)

Line spacing:            Double, with single-spaced indented block quotes

The total number of words in the brief, inclusive of point headings and footnotes, and exclusive of pages containing the table of contents, table of authorities, signature block and certificate of compliance, or any authorized addendum is 6,998.

Dated:  New York, New York
             June 29, 2020

VIRGINIA & AMBINDER, LLP

_____/s/_____
LaDonna M. Lusher, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080