UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1199SEIU UNITED HEALTHCARE WORKERS EAST,<br><br>                    Petitioner,<br><br>          -against-<br><br><br>PSC COMMUNITY SERVICES, NEW PARTNERS, INC. D/B/A PARTNERS IN CARE, *et. al.*<br><br>                    Respondents. | Case No.: 20-cv-3611 (JGK) |

## PROPOSED INTERVENORS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO INTERVENE AND DISMISS OR STAY

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, NY 10007
Telephone: (212) 571-0700
Facsimile: (212) 505-2001

Tito Sinha
TAKEROOT JUSTICE
123 William Street, 16th Floor
New York, NY  10038
Telephone: (212) 810-6744
Facsimile: (212) 619-0653

*Attorneys for Proposed Intervenors*

## <u>TABLE OF CONTENTS</u>

Table of Contents..................................................................................................……....i

Table of Authorities ..........................................................................................……...ii

Preliminary Statement..........................................................................................……...1

Procedural Background and Facts……………………………………………….............2

    1.  Proposed Intervenors' State Court Actions …………………………………………...2

    2.  This Confirmation Proceeding………………………………………………………...4

Argument………………………………………………………………………….4

    1.  The Court Should Permit Intervenors to Intervene in This Action If The
        Court Finds Intervention Necessary To Raise The Arguments Set Forth
        In the Yan Motion To Dismiss……………………………………...…………….5

        a.  Proposed Intervenors Can Intervene as of Right ................................……...5

               i)  Proposed Intervenors' Request is Timely………………………………6
            ii)  Proposed Intervenors Possess an Interest in This Action,
                  Which Will be Impaired by its Disposition, and is Not
                  Protected by the Parties………………………………………………6

        b)  Permissive Intervention Should Be Granted………………………………9

    2.  The Court Should Dismiss The Union's Petition or Alternatively Stay It…………10

Conclusion …………………………………………………………………………10

**TABLE OF AUTHORITIES**

<u>Cases</u>

<u>14 Penn Plaza LLC v. Pyett</u>, 556 U.S. 247 (2009)…………………………………………….....7

<u>1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park</u>,
    No. 18-CV-3336 (JSR), 2018 WL 9651077, at *3 (S.D.N.Y. Sept. 4, 2018),
    aff'd, 786 F. App'x 298 (2d Cir. 2019)……………………………………………….…9

<u>Abdullayeva v. Attending Homecare Servs. LLC,</u> 928 F.3d 218, 222 (2d Cir. 2019)……….….…7

<u>Agarunova v. Stella Orton Home Care Agency, Inc.,</u> 794 F. App'x 138, 140 (2d Cir. 2020……..7

<u>Ass'n of Contracting Plumbers of City of New York, Inc. v. Local Union</u>
    <u>No. 2 United Ass'n of Journeymen & Apprentices of Plumbing &</u>
    <u>Pipefitting Indus. of U.S. & Canada</u>, 841 F.2d 461, 467 (2d Cir. 1988)…………………..5

<u>Avena v. Ford Motor Co.,</u> 85 A.D.2d 149, 155 (App. Div. 1982)…………………………..…7

<u>Brennan v. N.Y.C. Bd. of Educ.</u>, 260 F.3d 123, 130 (2d Cir. 2001)……………………………6

<u>Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc.</u>,
    Case No.: 15-cv-9605 (LGS)……………………………………………………………4

<u>Chu v. Chinese-American Planning Council</u>, Index No: 651947/2016 (N.Y. Sup. Ct. N.Y. Co.)…3

<u>Chu v. Chinese-Am. Planning Council Home Attendant Program, Inc.</u>,
    194 F. Supp. 3d 221, 228 (S.D.N.Y. 2016)……………………………………...3, 6-7, 7

<u>Citizens for an Orderly Energy Policy, Inc. v. Suffolk Cnty.</u>,
    101 F.R.D. 497, 502 (E.D.N.Y. 1984)…………………………………………………..9

<u>Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co.</u>,
    No. 06 CIV 2875 LAK HBP, 2007 WL 2593000, at *2 (S.D.N.Y. Sept. 7, 2007)……….6

<u>Guzman et al. v. The First Chinese Presbyterian Community Affairs Home Attendant Corp.</u>,
    Index No. 157401/2016 (N.Y. Sup. Ct. N.Y. Co.)…………………………………...4

<u>Hichez v. United Jewish Council</u>, Index No.653250/2017 (N.Y. Sup. Ct. N.Y. Co.)…………..2

<u>Hichez v. United Jewish Council of the E. Side Home Attendant Serv. Corp.</u>,
    2019 NY Slip Op 31884(U), ¶ 2. (Sup. Ct. 2019)…………………………,,,,,,,……3

<u>Hichez v. United Jewish Council of the E. Side Home Attendant Serv. Corp.</u>,
    2019 WL 2745063 (NY County, July 1, 2019)……………………………......……..3

<u>Hichez v. United Jewish Council of the E. Side, Home Attendant Serv. Corp.</u>,

2020 NY Slip Op 00515 (App. Div. 1st Dept. Jan. 23, 2020)……………………………....3

Hichez v. United Jewish Council of the E. Side,
179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020)………………………………..8

Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd., 658 F. Supp. 1205, 1209 (S.D.N.Y. 1987)..5

In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003)…………………5,8

JPMorgan Chase Bank, Nat. Ass'n v. Nell,
No. 10-CV-1656 RRM, 2012 WL 1030904, at *1, n.1 (E.D.N.Y. Mar. 27, 2012)……..5-6

Konstantynovska v Caring Professionals, Inc., 172 A.D.3d 486, 487 (1st Dept 2019)…………..8

Lorentti-Herrera v. Alliance for Health, Inc., 173 A.D.3d 596 (1st Dept 2019)…………………8

Louis Berger Grp., Inc. v. State Bank of India, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011)………9

Rodriguez v. It's Just Lunch, Int'l,
No. 07 CIV. 9227 SHS, 2013 WL 1749590, at *3 (S.D.N.Y. Apr. 23, 2013)……………6

Rogers v. New York Univ., 220 F.3d 73, 75 (2d Cir. 2000)………………………………..…7

Tamburino v Madison Sq. Garden, LP, 115 AD3d 217, 222-223, 980 NYS2d 83 (1st Dept 2014)...7

Techcapital Corp. v. Amoco Corp.,
No. 99 CIV. 5093 (AGS), 2001 WL 267010, at *3 (S.D.N.Y. Mar. 19, 2001)…………..10

Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,
922 F.2d 92, 97 (2d Cir. 1990)………………………………………………………………..6

Wendt v. Fischer, 243 N.Y. 439, 444 (1926)……………………………………………..…7

## **Statutes**

New York Labor Law ("NYLL")……………………………………………………………2, 6

## **Rules**

Fed. R. Civ. Pro. 24……………………………………………………………………………1

Fed. R. Civ. Pro. 24(a)(2) …………………………………………………………………....5

Fed. R. Civ. P. 24(b)(1)(B)…………………………………………………………………...9

## PRELIMINARY STATEMENT

Mei Kum Chu, Sau King Chung, Qun Xiang Ling ("CPC Proposed Intervenors"), Epifania Hichez, Carmen Carrasco, Seferina Acosta, and Dulce Herrera Palma ("UJC Proposed Intervenors") (collectively "Proposed Intervenors") are named plaintiffs and a putative class member in two New York State court class action lawsuits against two Respondents in this matter, Chinese-American Planning Council Home Attendant Program ("CPC") and United Jewish Council of the East Side Human Attendant Service ("UJC") (CPC and UJC are collectively the "Agencies"). The Proposed Intervenors file this motion to intervene regarding the Petition to Confirm Arbitration Award ("Petition") filed by 1199 SEIU United Healthcare Workers East (the "Union" or "Petitioner"), which asks this Court to confirm, in direct conflict with federal and New York State appellate and trial court decisions, a preliminary arbitration award holding that the arbitrator has jurisdiction over employees who stopped working before the Union signed a Memorandum of Agreement ("MOA") containing an arbitration agreement with various home-health agencies.

The Court should permit Proposed Intervenors, who all stopped working for CPC or UJC before those Agencies signed the MOA with the Union, to intervene under Fed. R. Civ. Pro. 24 as of right so that they can request that the Court dismiss the Petition or stay the case. Proposed Intervenors timely intervened in this case within weeks after the Union filed its Petition. Further, Proposed Intervenors have a right that they wish to protect: to proceed with their lawsuits, rather than purportedly have their claims determined by arbitrator who lacks jurisdiction over their claims. Proposed Intervenors' right to proceed in court may be impaired if the Court confirms the award because CPC and UJC will undoubtedly attempt to use the award to short-circuit their cases.

Finally, both the Union and the Agencies are asking the Court to confirm the award and no party will protect Proposed Intervenors' right to proceed in court.

For similar reasons, Proposed Intervenors should be allowed to intervene permissively. As noted above, they timely moved to intervene. In addition, Proposed Intervenors' request in this matter to dismiss or stay the proceeding involves the same facts and legal issues as the Union's request to confirm it. Finally, there will be no undue delay or prejudice to any party if the Court allows Proposed Intervenors to intervene. As noted above, the arbitration award dealt solely with the preliminary issue of the arbitrator's jurisdiction and the arbitration appears to be proceeding notwithstanding this petition. No party will therefore be prejudiced and there will be no delay in the arbitration proceeding. Accordingly, the Court should permit Proposed Intervenors to intervene in this case.

## PROCEDURAL BACKGROUND AND FACTS

**1. Proposed Intervenors' State Court Actions.**

Proposed Intervenors are home care aides formerly employed by the Agencies to care for elderly individuals in and around New York City. They each stopped working for the Agencies before December 1, 2015, when the relevant MOAs, pursuant to which Petitioner brought the arbitration, came into effect. See, Hichez Complaint attached as **Exhibit 1** to the Taubenfeld Decl. ¶¶25-27; See, Chu Complaint attached as **Exhibit 2** to the Taubenfeld Decl. at ¶¶25-27; Herrera Palma Decl. at ¶2.

In 2017, the UJC Proposed Intervenors[1] filed an action in New York State individually, and on behalf of other home care aides who worked for UJC, Hichez v. United Jewish Council, Index No.653250/2017 (N.Y. Sup. Ct. N.Y. Co.), for failure to pay under the New York Labor

---

[1] Proposed Intervenor Herrera Palma is a class member and not a named plaintiff in the Hichez lawsuit.

2

Law ("NYLL") (1) minimum wages, (2) overtime wages, (3) spread-of-hours wages, (4) straight time wages; and (5) for failure to provide a proper wage statement, along with other common law claims. **Ex. 1** at ¶¶61-84; Herrera Palma Decl. at ¶¶3-5.   UJC moved to compel arbitration based on a the MOA signed by UJC and the Union.  The state court denied the motion to compel for the Proposed UJC Intervenors, holding that they could not be compelled to arbitrate their claims because they were not bound by the MOA since they were no longer employed by UJC when the MOA was executed.  Hichez v. United Jewish Council of the E. Side Home Attendant Serv. Corp., 2019 NY Slip Op 31884(U), ¶ 2. (Sup. Ct. 2019).  The court also held that it had the authority to decide the question of arbitrability, *Id*., and subsequently denied reconsideration on these issues. Hichez v. United Jewish Council of the E. Side Home Attendant Serv. Corp., 2019 WL 2745063 (NY County, July 1, 2019).  On January 23, 2020, the Appellate Division affirmed the trial court's decision, holding that former employees, including the Proposed Intervenors, who ceased working for UJC before the 2015 MOA was executed, were not bound to the MOA, cannot be compelled to arbitrate their claims, and that the court had the authority to determine arbitrability.  Hichez v. United Jewish Council of the E. Side, Home Attendant Serv. Corp., 2020 NY Slip Op 00515 (App. Div. 1st Dept. Jan. 23, 2020).

   In 2016, the CPC Proposed Intervenors filed a similar class action lawsuit in New York State for failure to pay wages for claims exclusively under New York law. Chu v. Chinese-American Planning Council, Index No: 651947/2016 (N.Y. Sup. Ct. N.Y. Co.). The CPC Proposed Intervenors asserted similar claims.  **Ex. 2**, ¶¶68-98. CPC removed the case to the SDNY, which remanded because former employees, including the Proposed Intervenors, who ceased working for CPC before the MOA was executed, were not bound to the agreement. Chu v. Chinese-Am. Planning Council Home Attendant Program, Inc., 194 F. Supp. 3d 221, 228 (S.D.N.Y. 2016).

Subsequently, the court stayed the case and then administratively dismissed it and declined to reinstate it.  The CPC Proposed Intervenors are appealing the dismissal and refusal to reinstate.

### 2.  This Confirmation Proceeding.

In January 2019, the Union brought a class grievance that purported to include Proposed Intervenors and other individuals who stopped working for the Agencies prior to December 2015. More than a year later, the Arbitrator issued an Award on "preliminary matters" holding that (1) he had authority to determine which claims were arbitrable; and (2) that the separate MOAs that CPC and UJC signed give him jurisdiction over even pre-MOA employees.  See, Award attached as **Exhibit 3** to the Taubenfeld Decl., pp. 32-40.

Subsequently, the Union filed this action seeking confirmation of the Arbitrator's award. No Respondent has opposed confirmation.  The Arbitration appears to be proceeding despite this Court not having decided whether to confirm the Award.  See, June 25, 2020 Letter Submitted by CPC's Counsel in Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc., Case No.: 15-cv-9605 (LGS) attached as **Exhibit 4** to the Taubenfeld Decl.

### ARGUMENT

To avoid duplicative filings, the Proposed Intervenors join the motion to dismiss filed by Virginia & Ambinder, LLP on behalf of Gail Yan (the "Yan Motion to Dismiss"), a former employee for Respondent The First Chinese Presbyterian Community Affairs Home Attendant Corp and class member in the New York State class action lawsuit Guzman et al. v. The First Chinese Presbyterian Community Affairs Home Attendant Corp., Index No. 157401/2016 (N.Y. Sup. Ct. N.Y. Co.). As set forth in the Yan Motion to Dismiss, non-parties can alert this Court that it lacks subject matter jurisdiction, and this Court must even dismiss on this basis *sua sponte*. *See* Yan Motion to Dismiss.  Similarly, in the alternative, non-parties can also alert this Court that a

discretionary stay should be granted and this Court also has the authority to issue a stay *sua sponte*. *Id*.

The Proposed Intervenors file this motion to intervene solely in the alternative, if, for some reason, this Court believes intervention is required in order to raise the arguments set forth in the Yan Motion to Dismiss. For the reasons set forth below, this Court should permit Intervention by the Proposed Intervenors.

### 1. The Court Should Permit Intervenors to Intervene in This Action If The Court Finds Intervention Necessary To Raise The Arguments Set Forth In the Yan Motion To Dismiss.

The Court should permit Proposed Intervenors to intervene in this case. Nonparties may intervene in actions seeking to confirm arbitration awards if they have a "substantial interest in the arbitrations." Ass'n of Contracting Plumbers of City of New York, Inc. v. Local Union No. 2 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, 841 F.2d 461, 467 (2d Cir. 1988) (permitting nonparty to intervene to challenge the arbitration award); Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd., 658 F. Supp. 1205, 1209 (S.D.N.Y. 1987) (same). Intervenors here have a substantial interest in the arbitration insofar as the Award purports to exercise jurisdiction over them. Intervention as of right and permissive intervention are both warranted.

### a. Proposed Intervenors Can Intervene as of Right.

The Court should permit intervention as of right. "In order to intervene as a matter of right under Fed. R. Civ. Pro. 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003). "In considering a motion

to intervene, a district court must accept as true all non-conclusory allegations of the movant."

JPMorgan Chase Bank, Nat. Ass'n v. Nell, No. 10-CV-1656 RRM, 2012 WL 1030904, at *1, n.1

(E.D.N.Y. Mar. 27, 2012). "[T]he test is a flexible and discretionary one, and courts generally look

at all four factors as a whole rather than focusing narrowly on any one of the criteria." Cole Mech.

Corp. v. Nat'l Grange Mut. Ins. Co., No. 06 CIV. 2875 LAK HBP, 2007 WL 2593000, at *2

(S.D.N.Y. Sept. 7, 2007).  Proposed Intervenors satisfy each factor.

### i.   Proposed Intervenors' Request is Timely.

First, Proposed Intervenors' motion is timely.  Here, Proposed Intervenors filed a

premotion conference request approximately two weeks after learning of the Petition, which is

certainly timely.  Rodriguez v. It's Just Lunch, Int'l, No. 07 CIV 9227 SHS, 2013 WL 1749590,

at *3 (S.D.N.Y. Apr. 23, 2013) (finding timely motion to intervene because the intervenor had

moved "less than five months" after learning of the need to intervene).

### ii.   Proposed Intervenors Possess an Interest in This Action, Which Will be Impaired by its Disposition, and is Not Protected by the Parties.

Proposed Intervenors also possess an interest in this action, which may be impaired should

the Court dispose of it, namely their right to proceed in court.  The sole purpose of this confirmation

proceeding is to attempt to deprive Proposed Intervenors and other similar employees of their right

to proceed in court.  Proposed Intervenors therefore possess "an interest relating to the property or

transaction which is the subject of the action."  Brennan v. N.Y.C. Bd. of Educ., 260 F.3d 123, 130

(2d Cir. 2001).  Intervenors' interest is "direct, substantial, and legally protectable."  Washington

Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990).

Specifically, Proposed Intervenors are asserting solely statutory NYLL for among other things,

unpaid minimum and overtime wages.  **Ex. 1** at ¶¶61-84; Herrera Palma Decl. at ¶¶3-5; **Ex. 2,**

6

¶¶68-98.   These are statutory claims under New York law, and therefore independent of any agreement with the Union. See Chu, 194 F. Supp. 3d at 229 (finding that NYLL claims were independent of the CBA);  Tamburino v Madison Sq. Garden, LP, 115 AD3d 217, 222-223, 980 NYS2d 83 (1st Dept 2014) (same).   Employees, even union members, have a "right to bring statutory claims in court" unless they waive such a right.  Abdullayeva v. Attending Homecare Servs. LLC, 928 F.3d 218, 222 (2d Cir. 2019);  Rogers v. New York Univ., 220 F.3d 73, 75 (2d Cir. 2000) (referring to "an employee's statutory right to a judicial forum") (abrogated on other grounds by 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009)).   A union can only waive its members' rights through a clear and unmistakable waiver of that right.  Id.  Proposed Intervenors therefore have a legally protected right, namely their right to proceed in court, that they wish to protect.[2]

In addition, the Award purports to decide whether Proposed Intervenors can proceed in court. **Ex. 3**, pp. 32-40.  Therefore, Proposed Intervenors' right to proceed in court, along with the basic legal right to rely on judicial decisions issued by a presiding court, may be impaired should they not be permitted to intervene.  Federal and New York State courts have consistently ruled employees who stopped working for an agency before it signed an MOA are not bound to the agreements and therefore do not have to arbitrate their claims.  For example, in Agarunova v. Stella Orton Home Care Agency, Inc., 794 F. App'x 138 (2d Cir. 2020), the Second Circuit held that employees, like Proposed Intervenors, who stopped working prior to the execution of a MOA, cannot be compelled to arbitrate.  Years earlier, in Chu, Judge Forrest held that the CPC Proposed

---

[2] Notably, Proposed Intervenors, except for Palma Herrera, are prospective class representatives in their respective cases and have a right to protect the interests of other former employee class members who they represent. See Avena v. Ford Motor Co., 85 A.D.2d 149, 155 (App. Div. 1982) (noting that the named plaintiff's "[f]iduciary obligations should not be lightly assumed and cannot be lightly discarded," and that a class representative's obligation to those she sought to represent is one of "undivided loyalty" that is to be upheld with an "uncompromising rigidity.") (citing Wendt v. Fischer, 243 N.Y. 439, 444 (1926)).

Intervenors could not be compelled to arbitrate since they stopped working for CPC before it signed the MOA with the Union. Chu, 194 F. Supp. 3d at 228.

Moreover, the Appellate Division First Department in one of these cases Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020) held that courts and not an arbitrator decide arbitrability and that pre-MOA employees, including the Proposed Intervenors from UJC, cannot be compelled to arbitrate their claims. It has also held that Pre-MOA employees are not bound to the agreements and cannot be compelled to arbitrate. See, e.g. Konstantynovska v Caring Professionals, Inc., 172 A.D.3d 486, 487 (1st Dept 2019) (holding that Pre-MOA employees are not bound to arbitrate); Lorentti-Herrera v. Alliance for Health, Inc., 173 A.D.3d 596 (1st Dept 2019) (holding same and upholding state court decision that court had authority to determine arbitrability). Proposed Intervenors have a right to rely on judicial holdings, a right that is inherent to the very basic founding principles of which our legal system is based. This right could be jeopardized if this Court confirms an arbitration award, pursuant to an agreement which Proposed Intervenors are not bound to in the first place, whose holding is directly contrary to already judicially determined court decisions. Proposed Intervenors are therefore legitimately concerned that CPC and UJC may attempt to weaponize a confirmed award to short-circuit the Proposed Intervenors' longstanding cases in state court and do an end around the countless courts who have held that they did not have to arbitrate their claims.

Finally, it is plain that Intervenors' "interest is not protected adequately by the parties to the action." In re Bank, 320 F.3d at 300. Proposed Intervenors and the Union take opposite positions on whether the Award should be confirmed. The Proposed Intervenors' interests are also not represented by the Agencies, who are not opposing confirmation and who are trying to do everything possible to keep Proposed Intervenors' claims out of the courts, and

litigated in arbitration, the forum the Agencies prefer.   As a result, Proposed Intervenors' interests are not adequately protected by any parties to this action.

**b.  Permissive Intervention Should Be Permitted.**

Proposed Intervenors may also intervene permissively.   Under Rule 24(b) a court may allow a timely applicant to intervene permissively "if the applicant has a claim or defense that shares with the main action a common question of law or fact." 1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park, No. 18-CV-3336 (JSR), 2018 WL 9651077, at *3 (S.D.N.Y. Sept. 4, 2018), aff'd, 786 F. App'x 298 (2d Cir. 2019) (quoting Fed. R. Civ. P. 24(b)(1)(B)).  "A  district  court  has  broad  discretion  in  deciding  whether  to grant permissive intervention, but must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. (quoting Louis Berger Grp., Inc. v. State Bank of India, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011)).  Courts may also consider "whether the intervener's participation will contribute to the just and equitable adjudication of the issues, and whether the intervener's interests are adequately represented by the parties of record." Citizens for an Orderly Energy Policy, Inc. v. Suffolk Cnty., 101 F.R.D. 497, 502 (E.D.N.Y. 1984).

Proposed Intervenors satisfy the lenient standard for permissive intervention. First, as noted above, Proposed Intervenors' attempt to intervene is timely, having been made approximately two weeks after receiving notice of the Arbitrator Award and fewer than 20 days after the Union filed the Petition.

Furthermore, the Award only determined certain preliminary threshold issues, as conceded by the Arbitrator himself. **Ex. 3**, p. 32.  Declining to confirm the Arbitrator's Award would not prevent the arbitration from proceeding. Indeed, the Arbitration is proceeding despite this Court not having confirmed the Award.   **Ex. 4**. Given that the Arbitration is proceeding no matter what

this Court decides, it is clear the sole purpose for this Petition is to try and weaponize the confirmation of the Award to attack already pending court proceedings.  Further, Proposed Intervenors also have an interest in this proceeding because "the Award purports to adjudicate certain rights between them and [their former employers]."  Techcapital Corp. v. Amoco Corp., No. 99 CIV. 5093 (AGS), 2001 WL 267010, at *3 (S.D.N.Y. Mar. 19, 2001) (permitting permissive intervention to challenge confirmation of an arbitration award).  Permissive intervention is therefore warranted.

### 2.  The Court Should Dismiss The Union's Petition or Alternatively Stay It.

Proposed Intervenors adopt the arguments in the Yan Motion to Dismiss and ask the Court to dismiss the Petition or alternatively stay it.

### <u>CONCLUSION</u>

While Proposed Intervenors do not believe intervention is required because non-parties can raise the issues set forth in the Yan Motion to Dismiss, in the event intervention is required to raise these arguments, intervention either by right or permission is proper and should be granted.

Dated: New York, New York
        June 29, 2020

Respectfully submitted,

/s/
Michael Taubenfeld
S. Tito Sinha
Counsel for Proposed Intervenors
