UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1199SEIU UNITED HEALTHCARE WORKERS EAST,

                Petitioner,

-vs-

No. 20-cv-03611-JGK

PSC COMMUNITY SERVICES, NEW PARTNERS, INC. d/b/a PARTNERS IN CARE, STELLA ORTON HOME CARE AGENCY, RICHMOND HOME NEEDS, SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE CITYWIDE HOME CARE, FAMILY HOME CARE OF BROOKLYN AND QUEENS, CARE AT HOME, CHINESE-AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM, UNITED JEWISH COUNCIL OF THE EAST SIDE HOME ATTENDANT SERVICE CORP., THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP., AZOR HOME CARE, BUSHWICK STUYVESANT HEIGHTS HOME ATTENDANT, INC., CABS HOMECARE, RIVERSPRING LICENSED HOMECARE SERVICES AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS CORP., WARTBURG, ALLIANCE FOR HEALTH, INC., REGION CARE, INC., SPECIAL TOUCH HOME CARE SERVICES, INC., RAIN, INC., PRESTIGE HOME CARE, INC., PRESTIGE HOME ATTENDANT, INC. d/b/a ALL SEASON HOME ATTENDANT, PERSONAL TOUCH HOME CARE OF N.Y., INC., PRIORITY HOME SERVICES, PREMIER HOME HEALTH CARE, INC., BRONX JEWISH COMMUNITY COUNCIL HOME ATTENDANT SERVICES, CIDNY INDEPENDENT LIVING SERVICES, HOME CARE SERVICES FOR INDEPENDENT LIVING, NEW YORK FOUNDATION FOR SENIOR CITIZENS HOME ATTENDANT SERVICES, COOPERATIVE HOME CARE ASSOCIATES, RISEBORO HOME CARE, INC., FEGS HOME ATTENDANT SERVICES, HOME HEALTH MANAGEMENT SERVICES, INC., SCHOOL SETTLEMENT HOME ATTENDANT CORP., ROCKAWAY HOME ATTENDANT, BRONXWOOD HOME FOR THE AGED, INC., ACCENTCARE OF NY, INC., ISABELLA VISITING CARE, INC., SOCIAL CONCERN COMMUNITY DEVELOPMENT CORP., ABC HEALTH SERVICES REGISTRY, ALLIANCE HOME SERVICES, *collectively identified by the Arbitrator as the* "HOME HEALTH CARE AGENCIES",

                Respondents

# 1199'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE BY NON-PARTIES

Levy Ratner, P.C.
80 Eighth Avenue, Floor 8
New York, NY 10011-5126
(212) 627-8100
(212) 627-8182 (fax)

On the Brief:   Laureve Blackstone
                Kimberly Lehmann
                James Reif

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 2
    The Grievance ................................................................................................................... 2
    The Mediation and Arbitration ......................................................................................... 3
    The Pending Motion ......................................................................................................... 4

ARGUMENT ........................................................................................................................... 4

I.    THE MOVANTS CANNOT MEET THE STANDARD FOR EITHER MANDATORY OR PERMISSIVE INTERVENTION. ............................................................................ 4
    A.    NO INTEREST OF THE EXCLUDED PLAINTIFFS WILL BE IMPAIRED BY DISPOSITION OF THIS PROCEEDING OR BY THE ARBITRATION. ............ 5
    B.    THE CHU PLAINTIFFS' CLAIMS HAVE BEEN COMPELLED TO ARBITRATION. ................................................................................................... 6
    C.    DULCE HERRERA PALMA AND GAIL YAN HAVE NO BASIS TO INTERVENE AND ARE PROPERLY REPRESENTED BY THE UNION. ........ 8
        1. Dulce Herrera Palma Continued Working for United Jewish Council After the 2015 MOA Was Signed by the Parties. ................................................................. 8
        2. Gail Yan Has Failed to Show How Any Interest of Hers Would Be Impaired by Confirmation of the Award. ...................................................................... 9
    D.    MOVANTS DO NOT HAVE STANDING TO CHALLENGE THE AWARD... 9

CONCLUSION ...................................................................................................................... 11

# **TABLE OF AUTHORITIES**

Cases

14 Penn Plaza LLC v. Pyett,
  556 U.S. 247 (2009) .................................................................................................. 7
Abdullayeva v. Attending Homecare Services LLC,
  928 F.3d 218 (2d Cir. 2019) ...................................................................................... 7
Ass'n of Contracting Plumbers of the City of New York, Inc. v. Local Union No. 2 United Ass'n
  of Journeyman and Apprentices,
  841 F.2d 461 (2d Cir. 1988) .................................................................................... 10
Astil v. Kumquat Properties, LLC,
  125 A.D.3d 522 (1st Dep't 2015) .............................................................................. 5
Commc'ns Workers v. Beck,
  487 U.S. 735 (1988) .................................................................................................. 7
Donaldson v. United States,
  400 U.S. 517 (1971) .................................................................................................. 5
Eddystone Rail Co. v. Jamex Transfer Servs., LLC,
  289 F.Supp.3d 582 (S.D.N.Y. 2018) ......................................................................... 9
Hichez v. United Jewish Council of the East Side,
  No. 653250/2017, 2020 N.Y. Slip Op. 31676(U), 2020 WL 2747784 (N.Y. Cty. May 27,
  2020) ......................................................................................................................... 5
Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd.,
  658 F. Supp. 1205 (S.D.N.Y. 1987) ........................................................................ 10
NLRB v. Magnavox Co.,
  415 U.S. 322 (1974) .................................................................................................. 7
Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.,
  725 F.2d 871 (2d Cir. 1984) ...................................................................................... 5

Rules

Federal Rule of Civil Procedure 24(b)(1) ....................................................................... 5
Federal Rule of Civil Procedure 24(a)(2) ....................................................................... 4
Federal Rule of Civil Procedure 24(b)(1)(B) ................................................................. 5

## 1199'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE BY NON-PARTIES

### INTRODUCTION

Petitioner 1199SEIU United Healthcare Workers East ("1199" or "Union"), petitions this court to confirm an arbitration award issued by Arbitrator Martin Scheinman ("Award") affecting more than 100,000 current and former home care employees represented by the Union. Eight movants ("Movants"), all non-parties to the arbitration, seek to intervene for the purposes of challenging an Award, which they have no standing to challenge. Their request for intervention should be denied as none of the Movants adequately demonstrate they have a protectable interest related to this matter and, even if they had asserted such an interest, that such interest will be impaired or is not adequately protected by the Union. In addition, they fail to identify a claim or defense in common with this proceeding.

Movants assert that they wish to protect their right to proceed with their lawsuits, but all but two of the Movants are explicitly excluded by the Award and are already free to pursue their claims in state court. Confirmation of the Award will have no impact on that right. The remaining two Movants simply fail to allege how any interest of theirs is inadequately protected by the Union, as the Union is pursuing their claims in the pending arbitration.

Moreover, Movants do not and cannot argue that they have standing to object to or otherwise have an interest in intervening in the confirmation of the Award to the extent it pertains to any Respondent other than the individual Movant's former employer. The Award's determination as to any other Respondent has no bearing at all on any Movant. Accordingly, there is simply no basis for any Movant to challenge those aspects of the Award which pertain to any of the forty-two Respondents, other than the one for which he or she was formerly employed.

## STATEMENT OF FACTS

1199SEIU is the sole and exclusive representative of the Employers' home health aide employees for purposes of collective bargaining over the terms and conditions of their employment. Pet. ¶ 6, ECF No. 1. 1199SEIU is a party to a collective bargaining agreement with each of the Respondents (collectively, "Agreements" or "CBAs"). Pet. ¶ 7. The CBAs contain a grievance and arbitration provision providing that grievances submitted to arbitration will be arbitrated pursuant to the Labor Arbitration Rules of the American Arbitration Association. Pet. ¶ 8. In or about December 2015, the Union signed a Memorandum of Agreement with each of the Respondents that further amended the CBA and that provided for the resolution of claims under the Fair Labor Standards Act, the New York Home Care Worker Wage Parity Law, and/or the New York Labor Law ("Covered Statutes") pursuant to an alternative dispute resolution process. Pet. ¶ 10-11 (Ex. D at 9-10).

### The Grievance

On January 2, 2019, 1199SEIU filed a class action grievance on behalf of all its home care bargaining unit members concerning violations of the CBAs regarding wage and hour claims arising under the Covered Statutes. Pet. ¶ 12.

At the time the grievance was filed, some home care workers, who had terminated employment prior to the adoption of the ADR Provision, had initiated putative class action lawsuits in state and federal court to pursue claims under the Covered Statues on their own. Pet. ¶ 13. At the time the grievance was filed, no class had been certified in any of these pending lawsuits and, to date, no class has been certified in any of these lawsuits. Pet. ¶ 13. In most of these cases filed by home care workers, courts compelled the claims to arbitration. Pet. ¶ 13. However, in a minority of pending actions involving eight former home care workers, courts

held that the individual named plaintiff could not be compelled to arbitrate their claims under the ADR Provision. Pet. ¶ 13. These now nine former home care workers shall be referred to as the "Excluded Employees," as explained below.

### The Mediation and Arbitration

Pursuant to the Agreements, the Parties proceeded to mediation before Martin F. Scheinman, Esq. Pet. ¶ 14. At the request of the Parties, on December 24, 2019, the Arbitrator declared the mediation stage complete as the Parties had not been able to reach an agreement. Pet. ¶ 16.

A hearing was held on January 15, 2020 before the Arbitrator, during which the Parties agreed that Arbitrator Scheinman would hear argument on and decide the threshold jurisdictional issues identified by the Arbitrator before proceeding to a hearing on the merits. Pet. ¶ 18. With the consent of the Union, the attorneys representing individual home care employees as plaintiffs in pending court cases who had participated in the mediation were given notice of the hearing and invited to submit briefs. Pet. ¶ 19. A few attorneys representing such plaintiffs submitted briefs and participated in the hearing. Pet. ¶ 19. Following the hearing and submission of briefs, the Arbitrator issued the award, dated April 17, 2020, ("Award") deciding, <u>inter alia</u>, the threshold jurisdictional issues, including that the Parties had granted the Arbitrator authority to determine gateway questions of arbitrability and jurisdiction. Pet. ¶ 20 (Ex. A at 47). The Arbitrator expressly excluded from the Award the Excluded Employees, specifically holding that the Award was not binding on Alvaro Ramirez Guzman, Elida Agustina Mejia Herrera, Leticia

Panama Rivas, Boris Pustilnik, Maral Agarunova, Epifania Hichez, Carmen Carrasco, and Seferina Acosta.[1] Pet. ¶ 21 (Ex. A at 48).

### The Pending Motion

On June 29, 2020, Mei Jum Chu, Sau King Chung, Qun Xiang Ling, Epifania Hichez, Carmen Carrasco, Seferina Acosta, and Dulce Herrera Palma (together with Gail Yan, "Movants") moved to intervene in the pending proceeding to confirm the Award. Chu Mot. to Intervene, ECF No. 103. They seek to intervene as of right or, alternatively, permissively, so they can move this Court to dismiss or stay the Petition. Gail Yan joins in the motion to intervene, should this Court determine that intervenor status is required for the relief she seeks. Yan Mot. to Dismiss, ECF. No. 101. This memorandum addresses the arguments made regarding Movants' intervention in the pending petition to confirm the Award. Chu Mem. of Law, ECF No. 106.

### ARGUMENT

**I.   THE MOVANTS CANNOT MEET THE STANDARD FOR EITHER MANDATORY OR PERMISSIVE INTERVENTION.**

There is no basis for the Movants to intervene in the subject proceeding. The Movants cannot meet the standard for mandatory intervention under Federal Rule of Civil Procedure 24(a)(2), as no interest of theirs will be impaired by the arbitration or disposition of this proceeding. "[A]n intervenor must show that: (1) the application is timely; (2) 'the applicant claims an interest relating to the property or transaction which is the subject matter of the action .

---

[1] 1199 and Respondent Alliance for Health have subsequently stipulated that one additional employee should have been included among the Excluded Employees, namely, Eugenia Barahona Alvarado and the Arbitrator has so ordered that stipulation.

. .'; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party." Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871, 874 (2d Cir. 1984). The "interest" asserted must be "'significantly protectable,'" id. (quoting Donaldson v. United States, 400 U.S. 517, 531 (1971), and the interest asserted "must be direct, as opposed to remote or contingent." Id.

Likewise, the none of the Movants can meet the standard for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B), which permits intervention when a proposed intervenor's "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

### A. NO INTEREST OF THE EXCLUDED PLAINTIFFS WILL BE IMPAIRED BY DISPOSITION OF THIS PROCEEDING OR BY THE ARBITRATION.

Here, none of the Excluded Employees have established, let alone asserted, that any interest of theirs may, as a practical matter, be impaired by the disposition of the pending petition to confirm the Award. The Arbitrator has excluded the Excluded Employees from the Award, so confirmation of the Award will not have any bearing, whatsoever, on their claims. The Excluded Employees may continue to pursue their claims in court. As their claims are totally unaffected by the Award, no right of theirs has or will be impaired, or is even "significantly protectable."

To the extent the Excluded Employees argue on behalf of a putative class, they have no standing to do so, as no class has been certified in any of the pending actions in which they are named plaintiffs. See Hichez v. United Jewish Council of the East Side, No. 653250/2017, 2020 N.Y. Slip Op. 31676(U), 2020 WL 2747784, at *3 (N.Y. Cty. May 27, 2020) (Freed, J.) (acknowledging that the court's injunctive relief is only binding on named plaintiffs); see also Astil v. Kumquat Properties, LLC, 125 A.D.3d 522 (1st Dep't 2015) (holding that dismissal of

1-000-00464: 11138949_5

class claims does not bind unnamed plaintiffs where class had not been certified). Even assuming they could argue on behalf of a putative class, such arguments are speculative as no motions for class certification have even been filed.

Finally, there is no basis for permissive intervention, where the only claim before this Court is whether the Award should be confirmed and the Excluded Plaintiffs have no claim or defense in common with this proceeding. The substance of the Excluded Plaintiffs' wage and hour claims are pending in state court and unaffected by the Award, the pending arbitration, and this proceeding to confirm the Award.

### B. THE CHU PLAINTIFFS' CLAIMS HAVE BEEN COMPELLED TO ARBITRATION.

The next three Movants, Chu, Chung, and Ling ("Chu Plaintiffs"), are named plaintiffs in Chu v. Chinese-American Planning Council Home Attendant Program, Inc., 651947/2016 (N.Y. Cty.), which has been stayed pending resolution of Chan v. Chinese-American Planning Council Home Attendant Program, Inc., 15-cv-09605 (S.D.N.Y.) (LGS). In Chan, a federal court compelled the plaintiffs' claims, including those of the putative class which covers the Chu Plaintiffs, to arbitration before Arbitrator Martin Scheinman under the terms of the Union's collective bargaining agreement; those claims are pending before the Arbitrator as part of the Union's pending arbitration that is the subject of the Award. The Chu Plaintiffs have not been harmed by the Award, nor will be harmed by its confirmation, as their claims will be heard in the arbitration proceeding pending before Arbitrator Scheinman. As such, the Chu Plaintiffs cannot meet the standard for either mandatory or permissive intervention, as they have not established that any interest of theirs would be impaired by confirmation of the Award.

Contrary to the Movant's arguments, the Chu Plaintiffs' claims are not independent of the collective bargaining agreement. Under well-established Supreme Court and Second Circuit law,

a collectively bargained arbitration provision which "clearly and unmistakably" requires arbitration of statutory claims must be enforced by the judiciary. 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009) (holding that provision in CBA that clearly and unmistakably required union members to arbitrate statutory claims was enforceable as matter of federal law). Acknowledging a union's "'broad authority . . .in the negotiation and administration of [the] collective bargaining contract,'" the Supreme Court cautioned courts against "interfer[ing] in this bargained-for exchange" where a union likely "agree[d] to the inclusion of an arbitration provision in a collective-bargaining agreement in return for other concessions from the employer." Id. at 255-57 (quoting Commc'ns Workers v. Beck, 487 U.S. 735, 739 (1988)). Freedom of contract is, as the Supreme Court recognized, "'one of the fundamental policies of the National Labor Relations Act.'" Id. at 257 (quoting NLRB v. Magnavox Co., 415 U.S. 322, 328 (1974)).

Moreover, recently, the Second Circuit held that an arbitration agreement which "clearly and unmistakably encompasses the plaintiff's statutory claims" is enforceable and that the "clear and unmistakable standard does not reflect disfavor of union-negotiated arbitration agreements." Abdullayeva v. Attending Homecare Services LLC, 928 F.3d 218, 223 (2d Cir. 2019) (emphasis in original). Applying that standard, the court "ha[d] no trouble concluding both that the Union agreed to mandatory arbitration in the CBA on behalf of its members and the arbitration agreement at issue clearly and unmistakably encompasses [plaintiff's] FLSA and NYLL claims." Id.

Again, no right of the Chu Plaintiffs will be impaired and no interest of theirs is "significantly protectable" in this proceeding, as the applicable collective bargaining agreement

provides for arbitration of their claims, which are encompassed by the Union's arbitration and which the Union is pursuing on their behalf.

### C.  DULCE HERRERA PALMA AND GAIL YAN HAVE NO BASIS TO INTERVENE AND ARE PROPERLY REPRESENTED BY THE UNION.

#### 1.  Dulce Herrera Palma Continued Working for United Jewish Council After the 2015 MOA Was Signed by the Parties.

The Union's records show that Dulce Herrera Palma did not cease employment with Respondent United Jewish Council of the East Side Home Attendant Services ("UJC") in March 2014. In fact, the Union's records show that she continued working at UJC well into 2016. See Aff. of D. Watkins, dated July 9, 2020. Like Ms. Yan, the sole basis on which Ms. Herrera Palma proposes to intervene and dismiss the petition is that her employment terminated prior to the Union's 2015 MOA with Respondents. However, Ms. Herrera Palma continued working for Respondent UJC well into 2016 and, therefore, continued to work for UJC after the 2015 MOA.[2] Accordingly, the underlying factual basis for her seeking to intervene is without merit and her motion must be denied.

---

[2] The Union's records further show that Ms. Herrera Palma worked for a second employer, Respondent New York Foundation Home Attendant Services ("New York Foundation"), as of 2014 and continues to work for New York Foundation. See Aff. of D. Watkins. ¶ 4. As is common in the home care industry, Ms. Herera Palma worked for these different employers simultaneously.  As such, she is a current bargaining unit member at New York Foundation, subject to the 2015 MOA.  The Union also pursues the claims of Ms. Herrera Palma against New York Foundation in the pending arbitration.

### 2. Gail Yan Has Failed to Show How Any Interest of Hers Would Be Impaired by Confirmation of the Award.

The final employee seeking to dismiss the Union's Petition to Confirm, Gail Yan, is not a named plaintiff in any pending litigation, nor is she a class member in any litigation, as no class has been certified in any pending case. Ms. Yan asserts that she terminated her employment prior to the Union's 2015 MOA. Because the Union's pending Arbitration covers the wage and hour claims of current and former employees, her interests are represented by the Union before the Arbitrator. Ms. Yan prefers that her claims not be arbitrated by the Union. However, her preference aside, Yan has failed to state how her interests are impaired, in any way, by the Union's pursuit of her claims in arbitration. Yan merely asserts a "desire" not to have the Union pursue her claims but asserts no allegations that would translate desire into concrete harm by the Union pursuing her claims in arbitration. When she fails to establish, let alone allege, how the Union's pursuit of her claims would harm her interests, a "desire" is insufficient to establish that her interests would be impaired by the confirmation of the Award. Moreover, even if Ms. Yan were to convince this Court to dismiss the Union's petition, such relief would not prevent the Union from continuing to pursue her claims, and those of other employees who terminated employment prior to the 2015 MOA, in the pending arbitration. The Arbitration is moving forward and will continue to do so. That will be true whether this Court confirms the Award or dismisses the Petition. Ms. Yan cannot show that she will be injured if the Award is confirmed.

### D. MOVANTS DO NOT HAVE STANDING TO CHALLENGE THE AWARD.

Movants do not have standing to challenge the Award because they were not parties to the arbitration proceeding. See Eddystone Rail Co. v. Jamex Transfer Servs., LLC, 289 F.Supp.3d 582, 588 (S.D.N.Y. 2018) (holding that, under the plain language of the FAA, non-

parties are foreclosed from challenging an arbitration award). Moreover, it is without question that Movants do not have standing to challenge the Award to the extent it pertains to any Respondent other than the individual Movant's former employer.

Movants cite Ass'n of Contracting Plumbers of the City of New York, Inc. v. Local Union No. 2 United Ass'n of Journeyman and Apprentices, 841 F.2d 461 (2d Cir. 1988), in support of their motion but, in that case, the non-party seeking to challenge the award at issue was another union in a jurisdictional dispute with the union that was party to the arbitration and the award "directly affect[ed] [the other union's] rights" in the jurisdictional dispute. Id. at 466-67. In holding that the non-party union had standing, the court distinguished cases in which individual union members, like the Movants here, lacked standing under Section 10 of the FAA to challenge an award in an arbitration between the employee's union and employer. Id. at 467. The court noted that these cases "reasoned that allowing an individual employee to challenge the arbitration award would undermine the union's ability to pursue grievances on behalf of all its members and would destroy the employer's confidence in the union's authority." Id.

Likewise, the non-party proposed intervenors in Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd., 658 F. Supp. 1205 (S.D.N.Y. 1987) were judgment creditors and an attorney owed fees in an underlying proceeding. The intervenors had a direct interest in insuring that their judgment be satisfied and could intervene to assert a lien on the proceeds of the action. Id. at 1208. Here, the proposed intervenors have not even alleged a protectable interest in the proceeding, as all but two of them have been excluded from the Award altogether and can pursue their claims in pending litigation. As for Yan and Herrera Palma, neither have alleged any interest of theirs which may be harmed by the confirmation of the Award.

## **CONCLUSION**

As the Movants have failed to demonstrate that any interest of theirs will be harmed by confirmation of the Award, or that Movants have any claim or defense in common with this proceeding, Petitioner 1199 respectfully requests that the motion to intervene be denied.

Dated:   July 10, 2020
         New York, New York

                                                  LEVY RATNER, P.C.

                                                  */s Laureve Blackstone*
                                   By:   Laureve Blackstone
                                          Kimberly Lehmann
                                          Attorneys for Petitioner 1199SEIU
                                          United Healthcare Workers East
                                          80 Eighth Avenue Floor 8
                                          New York, New York 10011
                                          (212) 627-8100
                                          (212) 627-8182 (fax)
                                          lblackstone@levyratner.com

## CERTIFICATION

I, Laureve Blackstone, certify that this Memorandum of Law contains 2,935 words and that it complies with Hon. John G. Koeltl's Individual Practices § II(D).

*/s Laureve Blackstone*
