UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1199SEIU UNITED HEALTHCARE WORKERS EAST,<br><br>                                        Plaintiffs,<br><br>                    v.<br><br>PSC COMMUNITY SERVICES, NEW PARTNERS, INC. D/B/A PARTNERS IN CARE, STELLA ORTON HOME CARE AGENCY, RICHMOND HOME NEEDS, SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE CITYWIDE HOME CARE, FAMILY HOME CARE OF BROOKLYN AND QUEENS, CARE AT HOME, CHINESE-AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM, UNITED JEWISH COUNCIL OF THE EAST SIDE HOME ATTENDANT SERVICE CORP., THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP., AZOR HOME CARE, BUSHWICK STUYVESANT HEIGHTS HOME ATTENDANT, INC., CABS HOMECARE, RIVERSPRING LICENSED HOMECARE SERVICES AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS CORP., WARTBURG, ALLIANCE FOR HEALTH, INC., REGION CARE, INC., SPECIAL TOUCH HOME CARE SERVICES, INC., RAIN, INC., PRESTIGE HOME CARE, INC., PRESTIGE HOME ATTENDANT, INC. D/B/A ALL SEASON HOME ATTENDANT, PERSONAL TOUCH HOME CARE OF N.Y., INC., PRIORITY HOME SERVICES, PREMIER HOME HEALTH CARE, INC., BRONX JEWISH COMMUNITY COUNCIL HOME ATTENDANT SERVICES, CIDNY INDEPENDENT LIVING SERVICES, HOME CARE SERVICES FOR INDEPENDENT LIVING, NEW YORK FOUNDATION FOR SENIOR CITIZENS HOME ATTENDANT SERVICES, COOPERATIVE HOME CARE ASSOCIATES, RISEBORO HOME CARE, INC., FEGS HOME ATTENDANT SERVICES, HOME HEALTH MANAGEMENT SERVICES, INC., SCHOOL SETTLEMENT HOME ATTENDANT CORP., ROCKAWAY HOME ATTENDANT, BRONXWOOD HOME FOR THE AGED, INC., ACCENTCARE OF NY, INC., ISABELLA VISITING CARE, INC., SOCIAL CONCERN COMMUNITY DEVELOPMENT CORP., ABC HEALTH SERVICES REGISTRY, ALLIANCE HOME SERVICES, collectively identified by the Arbitrator as the "HOME HEALTH CARE AGENCIES",<br><br>                                        Defendants. | Civil Action No. 20-cv-3611 |

**NON-PARTY GAIL YAN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS THE PETITION OR ALTERNATIVELY TO STAY ITS CONFIRMATION FOR FORMER EMPLOYEES AND IN RESPONSE TO THE OPPOSITION SUBMITTED BY 1199 SEIU UNITED HEALTHCARE WORKERS EAST**

VIRGINIA & AMBINDER, LLP
LaDonna M. Lusher, Esq.
Kara Miller, Esq.
Michele Moreno, Esq.
Alanna Sakovits, Esq.
40 Broad Street, 7th Floor
New York, New York 10004

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................... iv

ARGUMENT .............................................................................................................................1

I. THE ARBITRATOR'S AWARD IS NOT A FINAL DETERMINATION ........................1

    A. A Preliminary Procedural Ruling Is Not A Final Determination .............................1

    B. The Arbitrator's Award Was Not Even A Final Determination On the Preliminary Matters Addressed, Has Already Been Modified, And Will Likely Be Modified Again Based On Yet Another Injunction Enjoining the Arbitrator From Arbitrating The Claims of Former Employees ........................................................................3

    C. Movants Have Never Previously Argued The Award is "Final" .............................5

II. THE FAA AND LMRA DO NOT CONFER JURISDICTION TO CONFIRM NON-FINAL AWARDS AND JURISDICTIONAL REQUIREMENTS CANNOT BE WAIVED ........................................................................................................................5

CONCLUSION ..........................................................................................................................9

## TABLE OF AUTHORITIES

**CASES**                                                                                     **PAGE**

*Alliance of Am. Insurers* v. *Cuomo*,
854 F.2d 591 (2d Cir. 1988).................................................................................................8

*Al Raha Grp. for Tech. Servs. v. PKL Servs.*,
2019 U.S. Dist. LEXIS 156249 (N.D. Ga. Sep. 5, 2019) ............................................7

*Andrea Doreen LTD. v. Bldg. Material Local Union 282*,
250 F. Supp. 2d 107 (E.D.N.Y. 2003) ........................................................................3

*Arbaugh v. Y & H Corp.*,
546 U.S. 500 (2006).................................................................................................7, 8

*Belize AC FLLC Voting Trust v. Conway*,
2018 U.S. Dist. LEXIS 236592 (S.D.N.Y. 2018)..........................................................6

*Corp. Printing Co. v. N.Y. Typographical Union No. 6*,
1994 WL 376093 (S.D.N.Y. July 18, 1994) ...............................................................2

*El Mundo Broad. Corp. v. USW*,
116 F.3d 7 (1st Cir. 1997)..........................................................................................7

*HET-JV v. Weston Sols., Inc.*,
2013 U.S. Dist. LEXIS 78083 (E.D. Pa. June 3, 2013) ..................................................6

*John Wiley & Sons, Inc. v. Livingston*,
376 U.S. 543 (1964)...................................................................................................2

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000).......................................................................................6

*Mason Tenders Dist. Council of Greater N.Y. & Long Island v. CAC of N.Y., Inc.*,
46 F. Supp.3d 432 (S.D.N.Y. 2014)............................................................................6

*McGregor Van De Moere, Inc. v. Paychex, Inc.*,
927 F. Supp. 616 (W.D.N.Y. 1996)............................................................................9

*Metallgesellschaft A.G. v. M/V Capitan Constante*,
790 F.2d 280 (2d Cir. 1986).......................................................................................2

*Michaels v. Mariforum Shipping, S.A.*,
624 F.2d 411 (2d Cir. 1980).......................................................................................6

iv

*Norfolk & W. Ry. v. Transp. Commc'ns Int'l Union*,
780 F. Supp. 364 (E.D. Va. 1991) ..................................................................................................2

*Orion Pictures Corp. v. Writers Guild of Am., W., Inc.*,
946 F.2d 722 (9th Cir. 1991) .........................................................................................................7

*Panariello v. Nassau Cty.*,
2009 U.S. Dist. LEXIS 27045 (E.D.N.Y. Mar. 31, 2009) .............................................................6

*Patchak v. Zinke*,
138 S. Ct. 897 (2018) .....................................................................................................................8

*Pfizer Inc. v. ICWUC/UFCW Local 95C*,
2014 WL 1275842 (S.D.N.Y. Mar. 24, 2014) ...............................................................................3

*Providence Journal Co. v. Providence Newspaper Guild*,
271 F.3d 16 (1st Cir. 2001) ............................................................................................................8

*Pustilnik v. Premier Home Care Svcs.*,
Index No. 155081/2016 (N.Y. Cty. Sup. Ct.) ................................................................................4

*Schatt v. Aventura Limousine & Transp. Serv.*,
603 F. App'x 881 (11th Cir. 2015) .................................................................................................7

*Sheedy Drayage Co. v. Teamsters Union Local No. 2785*,
2013 U.S. Dist. LEXIS 29098 (N.D. Cal. Mar. 4, 2013) ...............................................................8

*Shulman v. Chaitman LLP,*
392 F. Supp. 3d 340 (S.D.N.Y. 2019) ...........................................................................................9

*SH Tankers Ltd. v. Koch Shipping Inc.*,
2012 U.S. Dist. LEXIS 85729 (S.D.N.Y. June 19, 2012) .............................................................6

*Teshabaeva v. Family Home Care Services of Brooklyn and Queens, Inc.*,
Index No. 158949/2017 (N.Y. Sup. Ct. July 16, 2020) .................................................................4

*Time Warner Cable of N.Y.C. LLC v. IBEW, AFL-CIO, Local Union No. 3*,
2015 U.S. Dist. LEXIS 67053 (E.D.N.Y. May 21, 2015) .............................................................7

*Trade & Transp., Inc. v. Natural Petroleum Charterers Inc.*,
931 F.2d 191 (2d Cir. 1991) ..........................................................................................................8

*Travellers Int'l, A.G. v. Trans World Airlines,*
41 F.3d 1570 (2d Cir. 1994) ..........................................................................................................9

*Troshin v. Stella Orton Home Care*,
Index No. 159312/2016 (N.Y. Cty. Sup. Ct.) ...................................................................................4

*United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*,
30 F.3d 298 (2d Cir. 1994)................................................................................................................8

*United Paperworkers International Union v. Misco, Inc.*,
484 U.S. 29 (1987)............................................................................................................................2

*Ward v. Ernst & Young, LLP*,
2020 WL 3428162 (S.D.N.Y. June 23, 2020) ...........................................................................5, 6

## **STATUTES**

CPLR § 7511(b)(1)(iii) ....................................................................................................................5

Federal Rule of Civil Procedure 12(b)(1) .......................................................................................7

Non-Party Gail Yan submits this reply in further support of her motion to dismiss the Petition.[1]

## ARGUMENT

### I.   THE ARBITRATOR'S AWARD IS NOT A FINAL DETERMINATION

All Parties acknowledge that only final arbitration awards can be confirmed. [See Union Opp. p.4.] Here, it could not be any clearer that the Arbitrator's Award is not a "final award" as that term is defined under the law.

**A. A Preliminary Procedural Ruling Is Not A Final Determination**

It is undisputed that the sole basis of the Union's grievance is for resolution of statutory unpaid wage claims – not claims based on any breach of provisions in the CBA – and that nothing pertaining to the merits of the claims has taken place, *i.e.*, no discovery has been conducted, no witnesses have been deposed, and no determination as to any liability or damages owed has been rendered. [See Union Opp., p.10 (Union acknowledging that the Arbitrator's Award addressed preliminary matters "to be decided in advance of any hearing on the merits.")] The Parties simply asked the Arbitrator to issue a preliminary award on two procedural issues – the arbitrability of the claims and the Arbitrator's jurisdiction – because the Parties are attempting to circumvent Prior Court Rulings that held Former Employees are not compelled to arbitrate their claims.[2] As a result,

---

[1] To avoid duplicative arguments, Yan incorporates into this reply the arguments contained in her reply to the opposition papers filed by Respondents The First Chinese Presbyterian Community Affairs Home Attendant Corp. ("FCP") and Alliance for Health, Inc. ("Alliance").

[2] Prior Court Rulings refers collectively to the decisions cited by Yan in her initial motion that were rendered by countless federal and state courts, including the Second Circuit and New York Appellate Division, First Department, holding that there is no valid agreement compelling Former Employees to arbitrate their

1

the Arbitrator scheduled a "preliminary hearing" and asked the Parties to submit "pre-arbitration briefs" on issues that were not in dispute. [*Id.*] The Arbitrator then rendered his procedural Award, and states no fewer than six times that he is addressing "preliminary" or "gateway" issues, and that at a later time, he will "arrange for an arbitration of these claims on the merits." [Ex. N, pp.,7, 9, 14, 22, 32, 45, 46; see also Ex. M, p.2 (Parties were permitted to submit "pre-arbitration briefs" in advanced of the hearing concerning these "preliminary issues").] Clearly this a non-final award that this Court lacks jurisdiction to review. *See Norfolk & W. Ry. v. Transp. Commc'ns Int'l Union*, 780 F. Supp. 364, 368-69 (E.D. Va. 1991) ("federal courts may not review an arbitrator's procedural decisions.") (citing *United Paperworkers International Union v. Misco, Inc.,* 484 U.S. 29 (1987) (evidence ruling is procedural and therefore not reviewable); *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557-8 (1964) (procedural matters submitted to arbitrator affecting final disposition not reviewable).

While the Union argues that "arbitrability or jurisdiction" decisions by an arbitrator can be deemed final and confirmed by a court (Union. Opp., p.6), the Union fails to provide a single citation to *any* legal authority supporting this claim. Moreover, the case law cited by the Union to support its argument that interim awards are sometimes reviewed is inapplicable and easily distinguishable in that those decisions addressed awards where liability and damages were bifurcated, and courts found the arbitrator had issued a final determination on liability. *See Corp. Printing Co. v. N.Y. Typographical Union No. 6*, No. 93cv6796, 1994 WL 376093 (S.D.N.Y. July 18, 1994) (parties agreed to bifurcate liability and remedy issues and sought to confirm arbitrator's decision on liability); *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280 (2d Cir.

---

statutory wage claims, and that the Arbitrator does not have authority to decide arbitrability. [Yan Br., pp. 2-9.]

1986) (arbitration panel's order was considered final where it decided liability); *Andrea Doreen LTD. v. Bldg. Material Local Union 282*, 250 F. Supp. 2d 107 (E.D.N.Y. 2003) (court acknowledged an exception to finality where parties agreed to bifurcate liability from remedy); *Pfizer Inc. v. ICWUC/UFCW Local 95C*, No. 13cv1998 (AJN), 2014 WL 1275842 (S.D.N.Y. Mar. 24, 2014) (award sufficiently final to be reviewable in light of the parties' agreement to bifurcate liability).

Here, not one determination on the merits of the grievance has been made, including liability or damages, and discovery has not even commenced. The Arbitrator merely addressed a preliminary procedural matter that is not ripe for review by this Court.

**B. The Arbitrator's Award Was Not Even A Final Determination On the Preliminary Matters Addressed, Has Already Been Modified, And Will Likely Be Modified Again Based On Yet Another Injunction Enjoining the Arbitrator From Arbitrating The Claims of Former Employees**

Contrary to the arguments asserted by the Union and Respondents (collectively the "Parties"), the Arbitrator's Award is not even a final determination on the preliminary matters addressed. While the Parties claim that the Award excluded plaintiffs where courts held they were not compelled to arbitrate their claims, the Arbitrator left open whether the claims of those "Excluded Employees" would later be included in the arbitration, and/or subject to the Arbitrator's jurisdiction. [See Ex. N, p.18, n.3 (noting that "any decision concerning the four (4) employees who are Plaintiffs in those cases *should be reserved to a later date*.") (emphasis added).]

Moreover, over a month after the Award was issued, it has already been modified. The Parties entered into a stipulation on May 27, 2020 to modify the Award to exclude Eugenia Alvarado, the named plaintiff in the class action against Respondent Alliance, further proving it was not a final order. [Union. Opp., p.3, n.1.]

3

The Parties will need to modify the Award yet again to exclude all Former Employees in *Teshabaeva v. Family Home Care Services of Brooklyn and Queens, Inc*., Index No. 158949/2017 (N.Y. Sup. Ct. July 16, 2020) to comply with the injunction that was just granted prohibiting arbitration of their claims in the Scheinman Arbitration, and where the court ruled once again that arbitrability was for the court – and not the Arbitrator – to decide. [Ex. O, pp. 2-3.[3]] Following other Prior Court Rulings, the *Teshabaeva* court specifically stated that its decision applies to all "plaintiffs whose employment similarly ceased prior to the execution of the MOA, ***as this is a putative class action.***" [*Id*. at p.2, n.1 (emphasis added).] The Award is also likely to be modified again as decisions are rendered on similar applications for injunctive relief currently pending in at least two other state court class actions. *See Pustilnik v. Premier Home Care Svcs*., Index No. 155081/2016 (N.Y. Cty. Sup. Ct.) (Cohen, J.); *Troshin v. Stella Orton Home Care*, Index No. 159312/2016 (N.Y. Cty. Sup. Ct.) (Lebowitz, J.).

The Arbitrator also left open the option of allowing individuals "to opt out of the Union's class grievance and pursue arbitration of claims through their chosen counsel" stating that when later "deciding this matter on the merits, he may give consideration to a special procedure…by certain individual employees who assert their circumstances are unique and not reflective of a determination covering all of the employees represented by the Union." [Ex. N, p.43-44.] This further demonstrates that the Arbitrator expects further changes to the Award.

Likewise, the role of non-party "Plaintiffs' Coordinating Counsel" at the arbitration is not final and subject to modification. Highlighting the non-finality of the Award, the Arbitrator expressly stated that the role of "Plaintiffs' Coordinating Counsel" will be "limited" and "subject to revision or restriction by [the Arbitrator] upon application, or *sua sponte*." [*Id*.]

---

[3] New Exhibits not previously provided are attached to the Lusher Reply Declaration.

Clearly, the Arbitrator's Award is not even a final determination on the preliminary matters it addressed. Modifications to the Award have already been made, and multiple issues were left open for the Arbitrator's review and/or revision at a later time. Accordingly, the Award is not final and cannot be confirmed by this Court. *Ward v. Ernst & Young, LLP*, 2020 WL 3428162, at *6 (S.D.N.Y. June 23, 2020) (arbitration award not final where arbitrator panel "may still revisit" its ruling).

### C.  Movants Have Never Previously Argued The Award is "Final"

The Parties disingenuously assert that counsel for plaintiffs in the *Alvarado* and *Guzman* litigations previously argued that the Award was "final." [Union Opp., pp. 7-8.] This is a weak attempt by the Parties to hang their hat on mere semantics. In the *Alvarado* and *Guzman* Motions to Remand, plaintiffs twice used the phrase "final holding" as a short-hand way to refer to the conclusion made in the Arbitrator's Award, to distinguish it from the content of the award where the Arbitrator explained how he arrived at his conclusion. *See* Alvarado Litigation, ECF Doc. 14-1 at 17; Guzman Litigation, ECF Doc. 15-1 at 17. Indeed, the relief plaintiffs seek in *Alvarado* and *Guzman* is directly premised on the Award being non-final. *Id*. (quoting CPLR § 7511(b)(1)(iii) (awards may be vacated 'if the court finds that the rights of [a] party were prejudiced by or…an arbitrator… making the award exceeded his power or so imperfectly executed it that *a final and definite award upon the subject matter submitted was not made*.'") Movants have never maintained that the Award is "final" under the law.

### II.  THE FAA AND LMRA DO NOT CONFER JURISDICTION TO CONFIRM NON-FINAL AWARDS AND JURISDICTIONAL REQUIREMENTS CANNOT BE WAIVED

Without any legal authority to support its position, the Union asserts that this Court has jurisdiction over non-final arbitration awards and concludes that the countless decisions holding

5

otherwise are merely "drive by jurisdictional rulings." Contrary to the Union's argument, a case is properly dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it.'" *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). As recently held by this Court, "'a district court does not have the power to review an interlocutory ruling by an arbitration panel.' If arbitrators make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable." *Ward,* No. 19-cv-6667 (JGK), 2020 U.S. Dist. LEXIS 110252, at *16 (quoting *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411, 414 (2d Cir. 1980) and *citing SH Tankers Ltd. v. Koch Shipping Inc.*, No. 12-cv-375, 2012 U.S. Dist. LEXIS 85729 at *5 (S.D.N.Y. June 19, 2012) ("The Ruling that SH Tankers seeks to vacate here is a nonfinal procedural order that this Court has no power to review."); *Belize AC FLLC Voting Trust v. Conway*, 17-CV-8245, 2018 U.S. Dist. LEXIS 236592, *5 (S.D.N.Y. 2018) ("To the extent [the Union] seeks to have this Court interfere in a presently ongoing arbitration, the Court lacks any power to do so." ) (citing *Michaels* at 414 (2d Cir. 1980)); *HET-JV v. Weston Sols., Inc.,* No. 13-100, 2013 U.S. Dist. LEXIS 78083, at *8 (E.D. Pa. June 3, 2013) (arbitrator's decision must be final "for a litigant to be entitled to judicial review"); *Panariello v. Nassau Cty.,* No. 08-CV-2007 (JFB) (WDW), 2009 U.S. Dist. LEXIS 27045, at *23-24 (E.D.N.Y. Mar. 31, 2009) ("a meritless claim under the LMRA cannot support subject matter jurisdiction").

      The Union acknowledges that *Mason Tenders Dist. Council of Greater N.Y. & Long Island v. CAC of N.Y., Inc.*, 46 F. Supp.3d 432 (S.D.N.Y. 2014) is directly on point and expressly held that a court lacks subject matter jurisdiction over non-final awards. Nevertheless, the Union ignores *Mason Tenders* because it does not accord with the Union's proffered argument.

Importantly, *Mason Tenders* is not alone in its conclusion. In addition to the legal authority cited in Yan's underlying brief, countless other courts have held that district courts lack subject matter jurisdiction over non-final awards. *See e.g. Time Warner Cable of N.Y.C. LLC v. IBEW, AFL-CIO, Local Union No. 3*, No. 15-CV-700, 2015 U.S. Dist. LEXIS 67053, at *11 (E.D.N.Y. May 21, 2015) ("Since the award lacks finality, defendant's motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction is granted."); *Orion Pictures Corp. v. Writers Guild of Am., W., Inc.,* 946 F.2d 722, 725 (9th Cir. 1991) (vacating district court's order and holding that "district court lacked jurisdiction to vacate the arbitrator's ruling under section 301 of the LMRA" because it was a non-final award); *Schatt v. Aventura Limousine & Transp. Serv.,* 603 F. App'x 881, 886 (11th Cir. 2015) ("It falls to us…to determine if the Interim Award was a "final" arbitration award…After careful review, we hold that it was not, and therefore the district court was without jurisdiction to vacate the Interim Award."); *Al Raha Grp. for Tech. Servs. v. PKL Servs.,* No. 1:18-cv-04194-AT, 2019 U.S. Dist. LEXIS 156249, at *1-2 (N.D. Ga. Sep. 5, 2019) (Arbitrator's decision "is not a final arbitral award, because it did not finally and definitely dispose of any independent claim…. Accordingly, Defendant's motion to dismiss for lack of subject-matter jurisdiction is Granted."); *El Mundo Broad. Corp. v. USW*, 116 F.3d 7, 9 (1st Cir. 1997) ("It is essential for the district court's jurisdiction that the arbitrator's decision was final, not interlocutory").

The sole case relied upon by the Union, *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) has nothing to do with jurisdiction over arbitration awards and the Union's tortured attempts to apply *Arbaugh's* holding to this case by citing to a provision under the FAA about vacating arbitration awards is unpersuasive. Indeed, the Supreme Court has more recently stated that a jurisdictional requirement need not explicitly state that it is jurisdictional and clarified that the holding in

*Arbaugh* was limited to certain "elements of the plaintiff's claim for relief" or by a "claim-processing rule, like a filing deadline or an exhaustion requirement…." *Patchak v. Zinke*, 138 S. Ct. 897, 906 (2018). The prerequisite addressed in *Arbaugh*, *i.e*, needing 15 employees to bring a claim under Title VII, is not the same as a district court's inability to review non-final arbitration awards.

The Union also fails to support its argument that finality is an affirmative defense that has been waived. [Union Opp., p.11-12.] To the contrary, jurisdiction cannot be waived. *See e.g. United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994) ("The failure of the parties to contest the district court's authority to hear a case 'does not act to confer federal jurisdiction since a challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by a federal appellate court.'") (quoting *Alliance of Am. Insurers* v. *Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988)); *see also Sheedy Drayage Co. v. Teamsters Union Local No. 2785*, No. C-12-6204 EMC, 2013 U.S. Dist. LEXIS 29098, at *17-18 (N.D. Cal. Mar. 4, 2013) (rejecting waiver argument and noting that party "has cited no law for the proposition that failure to raise an objection to an arbitrator's authority to reconsider a decision constitutes waiver of the argument that the original decision was final…."). In *Providence Journal Co. v. Providence Newspaper Guild,* 271 F.3d 16 (1st Cir. 2001), the court raised the finality issue on its own, supporting that this is a non-waivable jurisdictional issue:

> Before analyzing the merits of the Journal's appeal, we find it necessary to address a jurisdictional issue that has received little attention thus far. Though neither party raises the issue, there is a question as to whether the district court had jurisdiction to review the arbitrator's decision."

*Id*. at 19. Relying on two Second Circuit decisions, the *Providence Journal* Court ultimately determined that it had jurisdiction because the award was final as the arbitrator "'conclusively decided every point required by and included in' the liability phase." *Id*. (quoting *Trade & Transp.,*

8

*Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991); *McGregor Van De Moere, Inc. v. Paychex, Inc.*, 927 F. Supp. 616, 618 (W.D.N.Y. 1996)).

The lone case cited by the Union to support its waiver argument, *Travellers Int'l, A.G. v. Trans World Airlines,* 41 F.3d 1570 (2d Cir. 1994), has nothing to do with arbitration awards, and simply held that an affirmative defense not raised in an Answer cannot form the basis to appeal a judgment rendered by a court.

## CONCLUSION

The Union's arguments as to the purported finality of the Arbitrator's Award lack merit and are insufficient to satisfy its burden to prove jurisdiction by a preponderance of the evidence with all inferences drawn against jurisdiction. *See e.g. Shulman v. Chaitman LLP,* 392 F. Supp. 3d 340, 350 (S.D.N.Y. 2019) (citations omitted).  The Award merely addresses procedural issues, has already been modified, and will likely be revised multiple times in the future.  Accordingly, it is a non-final award and this Court lacks subject matter jurisdiction to confirm the Petition.

Dated: July 20, 2020
      New York, New York

VIRGINIA & AMBINDER, LLP

By:  /s/LaDonna M. Lusher, Esq.
LaDonna M. Lusher, Esq.
Kara Miller, Esq.
Michele Moreno, Esq.
Alanna Sakovits, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
llusher@vandallp.com

*Attorneys for Non-Party Putative Class Member Gail Yan*