UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1199SEIU UNITED HEALTHCARE
WORKERS EAST,

                Petitioner,                  Case No.: 20-cv-3611 (JGK)

     -against-

PSC COMMUNITY SERVICES, NEW
PARTNERS, INC. D/B/A
PARTNERS IN CARE, *et. al.*

                Respondents.

## **PROPOSED INTERVENORS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO INTERVENE AND DISMISS OR STAY**

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, NY 10007
Telephone: (212) 571-0700
Facsimile: (212) 505-2001

Tito Sinha
TAKEROOT JUSTICE
123 William Street, 16th Floor
New York, NY  10038
Telephone: (212) 810-6744
Facsimile: (212) 619-0653

*Attorneys for Proposed Intervenors*

## <u>Table of Contents</u>

Table of Contents...................................................................................................i

Table of Authorities .............................................................................................ii

Preliminary Statement..........................................................................................1

Argument ...............................................................................................................1

    1.  Intervention as of Right is Warranted ...................................................1

        a.  Intervenors Timely Moved to Intervene. .............................1

        b.  Intervenors Have an Interest That May be Impaired by This Action. ...................................................................................2

    2.  Intervenors May Intervene Permissively ................................................4

    3.  Intervenors Have Standing to Intervene and Move to Dismiss or Stay the Petition .................................................................................................5

Conclusion ...........................................................................................................9

# **TABLE OF AUTHORITIES**

## **Cases**

Abdullayeva v. Attending Homecare Servs. LLC, 928 F.3d 218 (2d Cir. 2019). ......................... 2

Alfaro v. Vardaris Tech, Inc., 2009 WL 889951 (N.Y. Sup. Ct. Mar. 11, 2009) ......................... 7

Ass'n of Contracting Plumbers v. Local Union No. 2 United Ass'n of Journeymen & Apprentices, 841 F.2d 461 (2d Cir. 1988) ........................................................................................................ 5

Astil v. Kumquat Properties, LLC, 125 A.D.3d 522 (1st Dept. 2015) ........................................... 8

Carnegie v. H&R Block, Inc., 180 Misc. 2d 67, 71-72 (Sup. Ct. N.Y. Cnty. 1999) ..................... 7

Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc., 180 F. Supp. 3d 236 (S.D.N.Y. 2016) .......................................................................................................................... 6

Chu v. Chinese-Am. Planning Council Home Attendant Program, Inc., No. 16-CV-3569 (KBF), 194 F. Supp. 3d 221 (S.D.N.Y. 2016) ...................................................................................... 2,7

Citizens Against Casino Gambling in Erie Cty. v. Hogen, 704 F. Supp. 2d 269 (W.D.N.Y. 2010) ........................................................................................................................................... 6

City of Rochester v. Chiarella, 86 A.D.2d 110 (4th Dep't 1982) ................................................. 7

Desrosiers v. Perry Ellis Menswear, LLC, 30 N.Y.3d 488 (2017) ............................................... 7

Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC, 289 F. Supp. 3d 582 (S.D.N.Y. 2018). .................................................................................................................................... 2,3,5

Hichez v. United Jewish Council of the East Side, No. 653250/2017, 2020 N.Y. Slip Op. 31676(U), 2020 WL 2747784 (N.Y. Cty. May 27, 2020) .......................................................................... 1,7

In re Colt Indus. S'holder Litig., 155 A.D.2d 154 (1st Dep't 1990) .............................................. 7

Patton Boggs LLP v. Chevron Corp., No. 12-CV-9176 (LAK), 2016 WL 7156593 (S.D.N.Y. Dec. 7, 2016) ................................................................................................................ 3

Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 550 B.R. 241 (Bankr. S.D.N.Y. 2016) ............................................................................................................................................ 3

Techcapital Corp. v. Amoco Corp., No. 99 CIV 5093 (AGS), 2001 WL 267010 (S.D.N.Y. Mar. 19, 2001) .................................................................................................................................. 1,2,4

Town of Chester, N.Y. v. Laroe Estates, Inc., 137 S. Ct. 1645, 1651 (2017) ................................ 6

U. S. Postal Serv. v. Brennan, 579 F.2d 188 (2d Cir. 1978).......................................................... 6

Vazzo v. City of Tampa, No. 8:17-CV-2896-T-36AAS, 2018 WL 1629216 (M.D. Fla. Mar. 15, 2018) ............................................................................................................................................ 6

**Rules**

Federal Rules of Civil Procedure (FRCP)

FED. R. CIV. P. 24 .................................................................................................................................... 6

CPLR

CPLR 907......................................................................................................................................... 7

## PRELIMINARY STATEMENT

Mei Kum Chu, Sau King Chung, Qun Xiang Ling ("CPC Proposed Intervenors"), Epifania Hichez, Carmen Carrasco, Seferina Acosta, and Dulce Herrera Palma ("UJC Proposed Intervenors") (collectively "Intervenors") may intervene as of right or permissively to join Ms. Yan's motion to dismiss or stay the Union's Petition.   They timely moved to intervene and their interest in proceeding in court rather than arbitration may be impaired if the Union's Petition is confirmed.  Finally, they have standing to intervene to protect their interest in proceeding in Court because the Award purports to eliminate that right.

## ARGUMENT

**1.  Intervention as of Right is Warranted.**

      **a.  Intervenors Timely Moved to Intervene.**

Intervenors can intervene as of right.  Intervenors timely filed their premotion letter with the Court.  Nevertheless, the Agencies claim that Intervenors waited too long because they did not intervene <u>before</u> the Union filed its Petition.  Intervenors could not have delayed by failing to intervene in a proceeding that did not yet exist and it is for this reason that the cases the Agencies cite involve interventions into existing cases.  Further, to the extent the Agencies are arguing that Intervenors should have tried to stop the Arbitration as it applied to them, they did.  Although the Union filed its grievance in January 2019, the Arbitration did not begin until January 15, 2020. Intervenors filed motions for injunctive relief in state court in early January before the proceedings began.  <u>Kirschner Decl.</u> ¶ 9, <u>Hichez v. United Jewish Council of the East Side</u>, No. 653250/2017, 2020 N.Y. Slip Op. 31676(U), 2020 WL 2747784, at *3 (N.Y. Cty. May 27, 2020).

The Agencies cannot establish prejudice if Intervenors can intervene.  Having to litigate now against additional parties "does not constitute cognizable prejudice."  <u>Techcapital Corp. v.</u>

Amoco Corp., No. 99 CIV. 5093 (AGS), 2001 WL 267010, at *3 (S.D.N.Y. Mar. 19, 2001) (permitting nonparties to the arbitration to intervene).  Further, permitting intervention would not "prolong and complicate" this matter.  (Agencies Memo at 11).  Unlike in Eddystone, where the intervenors argued that the arbitration award was "the product of collusive litigation," which would have required the development of a factual record, Intervenors are only moving to dismiss or stay this matter and have joined Ms. Yan's motion that is being briefed concurrently with this motion and will presumably be decided along with it.  Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC, 289 F. Supp. 3d 582, 588 (S.D.N.Y. 2018).  There is therefore no prejudice to the Agencies. Techcapital Corp. v. Amoco Corp., No. 99 CIV. 5093 (AGS), 2001 WL 267010, at *3 (S.D.N.Y. Mar. 19, 2001) (finding no prejudice because the intervenors "sought to intervene early in the action, and their cross-petition has been briefed on substantially the same schedule as the petition and cross-petition in the main action.)

### b.  Intervenors Have an Interest That May be Impaired By This Action.

Contrary to the Agencies' arguments, Intervenors possess a concrete interest in this matter, namely proceeding in state court based on their NYLL claims.  As noted in Intervenors' opening memorandum of law, Intervenors (aside from Dulce Herrera) have filed lawsuit in state court under the NYLL for claims existing independently of the MOA.  Chu v. Chinese-Am. Planning Council Home Attendant Program, Inc., 194 F. Supp. 3d 221, 229 (S.D.N.Y. 2016) (finding that NYLL claims were independent of the CBA).  Intervenors have a "right to bring statutory claims in court." Abdullayeva v. Attending Homecare Servs. LLC, 928 F.3d 218, 222 (2d Cir. 2019).   The Arbitrator's Award purported to exercise jurisdiction over some Intervenors' claims and permitted the Union to litigate those claims in arbitration.  Intervenors therefore wish to protect their right to continue litigating their claims in state court.

By contrast, the cases the Agencies cite all involve far more remote interests.   In Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC, 289 F. Supp. 3d 582, 593 (S.D.N.Y. 2018), the proposed intervenor wished to challenge an arbitration award finding that another company was liable to the plaintiff because it was concerned that a judge in Pennsylvania would find it to be a successor with that company.   The proposed intervenors' interests were therefore contingent on the Pennsylvania court's decision.   Here, the Award purports to resolve the exact issue that Intervenors have already litigated: whether they can proceed in court or must arbitrate their claims through the Union.[1]

Further, Intervenors' interests may be impaired by confirmation of the Award.   Although the Agencies deny that confirmation here would affect Intervenors' claims, the Union clearly believes otherwise and claims that the Agencies do as well.   According to the Union, all parties to the Arbitration, including the Agencies, understood that the whole purpose of the Award is to prevent employees, such as Intervenors, to file or proceed with their own actions.   According to the Union, it and the Agencies agreed that "the parties needed a final decision from the Arbitrator on the scope of his jurisdiction and substantive arbitrability. . . . The reason for this was that the Union and the Employers alike understood that for there to be a resolution of the Union's claims, the Employers had to have assurance before a hearing on and a determination on the merits, that

---

[1] The other cases the Agencies cite also involve similarly remote interests.   See, e.g., Patton Boggs LLP v. Chevron Corp., No. 12-CV-9176 (LAK), 2016 WL 7156593, at *7 (S.D.N.Y. Dec. 7, 2016) (interest was forcing parties to back out of a settlement that could potentially be used against intervenors in another case);   Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 550 B.R. 241, 250 (Bankr. S.D.N.Y. 2016) (proposed intervenor had no interest in that lawsuit but merely tried to prevent bad precedent).

the arbitration would include all of the claims the Union was seeking to arbitrate. Without such assurance in advance of proceeding to hearing on the merits, Employers would face continued litigation." (Docket Entry 112, pp. 7-8). Therefore, obtaining the Award and moving for confirmation of that Award is to prevent Intervenors from asserting claims in court. Accordingly, Intervenors' interest may be impaired by confirmation of the Award.

### 2. Intervenors May Intervene Permissively.

Alternatively, Intervenors may intervene permissively. As noted above, Intervenors have an interest in this proceeding "because the Award purports to adjudicate certain rights between them and" the Agencies. Techcapital, 2001 WL 267010, at *3 (permitting nonparty to an arbitration to intervene permissively to challenge the arbitration award). Further, there are common questions of facts and law, namely "claims have issues of law in common with the main action because the issues are the same," especially whether the Award should be confirmed. Id. Finally, there will be no undue delay or prejudice to any party. Ms. Yan's motion to dismiss the Petition or stay it, which Intervenors joined, is being briefed concurrently with this motion. And there is no prejudice for the Union and Agencies to have to oppose dismissal or a stay of the Petition, which they have already done. Nor will permitting Intervenors to intervene delay the Arbitration. As the Union put in their opposition, even if the Court declines to confirm the Petition, "such relief would not prevent the Union from continuing to pursue [Intervenors'] claims, and those of other employees who terminated employment prior to the 2015 MOA, in the pending arbitration. The Arbitration is moving forward and will continue to do so. That will be true whether this Court confirms the Award or dismisses the Petition." (Union Memo. Of Law p. 9) Accordingly, no delay or prejudice will arise if Intervenors are permitted to intervene.

The Agencies argue that permissive intervention is not warranted for the same reasons intervention as of right purportedly is not.   Specifically, citing Eddystone, they argue that confirmation of an arbitration award is a straightforward proceeding and allowing Intervenors to intervene would disrupt that process (Agencies Memo. of Law pp.16-7).  But allowing Intervenors to intervene here would not slow down the process since the Union's motion to confirm, Intervenors' motion to intervene, and Ms. Yan's motion to dismiss or stay are all being briefed concurrently.   There is therefore minimal intrusion in the process.   Permissive intervention is therefore warranted.

### 3.  Intervenors Have Standing to Intervene and Move to Dismiss or Stay the Petition.

Intervenors also have standing to move to dismiss or stay the Petition.   Nonparties have standing to challenge an award when it "directly affects their rights."   Ass'n of Contracting Plumbers v. Local Union No. 2 United Ass'n of Journeymen & Apprentices, 841 F.2d 461, 466 (2d Cir. 1988).  They have standing even if they are not "technically bound by the awards" as long as they have a "sufficient stake in the outcome."  Id.

As stated above, the Union and the Agencies submitted to the Arbitrator's jurisdiction for the purpose of obtaining an Award that purports to prevent Intervenors from proceeding in court. Even though Intervenors are not bound by the Award, the Award purports to prevent Intervenors from proceeding in court.  Intervenors, therefore, plainly have a sufficient stake in this proceeding, since the Petition seeks to confirm an Award that attempts to eliminate their right to proceed in court.

The Agencies try to narrow Contracting Plumbing to cases only where the proposed intervenor's "very existence would have been jeopardized."  But that is too narrow a reading. Nonparties have standing to challenge awards as long as they have a "sufficient stake in the

outcome." Id.  Intervenors have such a stake here.  Accordingly, they may intervene despite being nonparties to the Award.

Each Intervenor also has standing.[2]  The CPC Intervenors brought a case almost five years ago against CPC.  While the state court stayed that action, then dismissed it without prejudice and refused to reinstate it, CPC Intervenors are appealing the dismissal and failure to reinstate. Kirschner Decl. ¶ 9.  CPC Intervenors therefore plainly have an interest in the outcome of this matter even though their case was dismissed.

Although the Union claims that CPC Intervenors have been compelled to arbitrate their claims (Union Memo of Law p. 10), that is not true.  CPC never moved to compel CPC Intervenors to arbitrate, and no court has required them to do so.  In claiming that CPC Intervenors must arbitrate their claims, the Union relies on Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc., 180 F. Supp. 3d 236, 241 (S.D.N.Y. 2016) where then-Judge Forrest held that other employees of CPC who worked after the MOA came into effect were bound by the MOA and had to arbitrate their claims.  But Judge Forrest specifically held that CPC Intervenors are not required

---

[2] Notably, Intervenors do not need standing to intervene permissively under Rule 24(b).  Courts in this Circuit have long not required standing to permissively intervene. U. S. Postal Serv. v. Brennan, 579 F.2d 188, 190 (2d Cir. 1978) (standing not required to intervene under Rules 24(a) or Rule 24(b)); Citizens Against Casino Gambling in Erie Cty. v. Hogen, 704 F. Supp. 2d 269, 283 (W.D.N.Y. 2010) (no standing required for permissive intervention), aff'd, 417 F. App'x 49 (2d Cir. 2011).  Although the Supreme Court required standing for intervention as of right in Town of Chester, N.Y. v. Laroe Estates, Inc., 137 S. Ct. 1645, 1651 (2017) that decision did not address permissive intervention. Vazzo v. City of Tampa, No. 8:17-CV-2896-T-36AAS, 2018 WL 1629216, at *3 (M.D. Fla. Mar. 15, 2018) (noting that standing is not required for permissive intervention even after Town of Chester) report and recommendation adopted sub nom. Vazzo v. City of Tampa, Fla., No. 8:17-CV-2896-T-36AAS, 2018 WL 1620901 (M.D. Fla. Apr. 4, 2018).

to arbitrate their claims because they worked before the MOA came into effect.  See Chu, 194 F. Supp. 3d at 228 (holding that CPC Intervenors are not bound by the MOA and do not have to arbitrate their claims).  In other words, the same judge on whose decision the Union is relying expressly held that her decision did not apply to the CPC Intervenors.  Because no court has compelled CPC Intervenors to arbitrate their claims, they are not required to do so.

The UJC Intervenors have standing as well.  UJC Intervenors (except Herrera Palma) brought their state court actions as potential class representatives on behalf of potentially thousands of class members. New York courts agree that even in the pre-class certification context, putative class representatives without an individual interest in the case can protect absent class members from suffering prejudice.  Desrosiers v. Perry Ellis Menswear, LLC, 30 N.Y.3d 488, 499 (2017) (finding that a potential class representative who had settled his claim could still move to demand notice to the class of the settlement).  Article 9 of the CPLR provides state courts with "broad powers to control the course of class action litigation."  In re Colt Indus. S'holder Litig., 155 A.D.2d 154, 159-160 (1st Dep't 1990) (citing City of Rochester v. Chiarella, 86 A.D.2d 110, 116 (4th Dep't 1982), aff'd 58 N.Y.2d 316 (1983). Specifically, CPLR § 907 affords New York State courts broad authority to enter orders governing the conduct of counsel and parties as to the class even before a class is certified.  See Carnegie v. H&R Block, Inc., 180 Misc. 2d 67, 71-72 (Sup. Ct. N.Y. Cnty. 1999); Alfaro v. Vardaris Tech, Inc., 2009 WL 889951, *12-14 (N.Y. Sup. Ct. Mar. 11, 2009).  As a result, Intervenors may intervene to protect the rights of the potential class members.[3]

---

[3] Hichez, 2020 WL 2747784, at *3 does not prevent the UJC Intervenors from acting on behalf of the class.  Although the state court declined to extend to the class its injunction preventing the Arbitrator from exercising jurisdiction over the UJC Intervenors, it did so because its earlier decision denying the motion to compel arbitration only applied to the

Finally, upon reviewing the records submitted by UJC and the Union, Ms. Palma Herrara remembers working extremely limited hours after December 1, 2015. Intervenors therefore acknowledge that she does not have standing to challenge the Award. Nevertheless, Intervenors request permission to substitute another proposed intervenor who would have standing. As the Court is aware, the original proposed intervenor Ramona de la Cruz intended to join this motion, but became ill shortly before Intervenors filed the motion, requiring Intervenors to quickly find a replacement within only a few days and Ms. Herrera Palma was the only potential intervenor that Intervenors could find in such a short time. Unfortunately, Ms. de la Cruz succumbed to her illness and is no longer a possible Intervenor. We therefore ask for permission to expeditiously substitute another potential intervenor once he or she is located.[4]

---

UJC Intervenors and not the class. CPC Intervenors can still act in their representative capacities in other contexts, such as here where they are trying to prevent class members from having to arbitrate claims not required by the MOA. Similarly, Astil v. Kumquat Properties, LLC, 125 A.D.3d 522, 523, 4 N.Y.S.3d 179 (1st Dept. 2015) merely stands for the proposition that decisions by potential class representatives in their individual capacity do not bind the class. In Astil, the Appellate Division found that the voluntary dismissal of his claim by a proposed class representative did not prevent the individual class members from bringing their own action.

[4] Ms. Yan also appears to have standing for the same reason. She appears to have worked for one of the Respondents in this matter prior to the MOA that Respondent signed with the Union.

**<u>CONCLUSION</u>**

While Proposed Intervenors do not believe intervention is required because non-parties can raise the issues set forth in the Yan Motion to Dismiss, in the event intervention is required to raise these arguments, intervention either by right or permission is proper and should be granted.

Dated: New York, New York
July 20, 2020

Respectfully submitted,

<u>/s/ Michael Taubenfeld</u>
Michael Taubenfeld
S. Tito Sinha
Counsel for Proposed Intervenors

9

## **CERTIFICATION**

I, Michael Taubenfeld, certify that this Reply Memorandum of Law contains 2624 words and that it complies with Hon. John G. Koeltl's Individual Practices § II(D).


_____/s/_____
Michael Taubenfeld

10