Daniel J. Ratner
Gwynne A. Wilcox△
Pamela Jeffrey
Carl J. Levine△
David Slutsky△
Allyson L. Belovin
Suzanne Hepner◆
Robert H. Stroup
Dana E. Lossia△
Micah Wissinger•
Ryan J. Barbur
Alexander Rabb
Laureve D. Blackstone△

Kimberly A. Lehmann△
Aleksandr L. Felstiner
Jessica I. Apter△
Rebekah Cook-Mack
Courtney L. Allen

*Of Counsel*
Irwin Bluestein
Patricia McConnell
Linda E. Rodd

*Special Counsel*
Richard A. Levy
Daniel Engelstein°
Richard Dorn

# LEVY RATNER, P.C.
Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York 10011-7175

Telephone (212) 627-8100
Telecopier (212) 627-8182

www.levyratner.com

October 12, 2020

**BY ECF**

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  1199SEIU United Healthcare Workers East v. PSC Community Services, et al., 20-cv-03611 (JGK)

Dear Judge Koeltl:

This firm represents petitioner 1199SEIU United Healthcare Workers East ("1199" or "Union") in the above-referenced matter. We write in response to the October 8, 2020 letter of LaDonna Lusher, counsel for non-party Gail Yan, submitting, for the Court's consideration, decisions issued by state courts in, respectively, July and September, in wage and hour cases pending in state court. See ECF No. 134. As the Union has previously argued, these and previous state court orders relied on by non-party Yan are not relevant to this court's analysis of whether the April 17, 2020 Arbitration Award ("Award") issued by Arbitrator Martin F. Scheinman should be confirmed by this Court under federal law. Moreover, as discussed below, these decisions, like previous ones, erroneously conclude that the issue of arbitrability is one for the court to determine. See Pet'r Opp'n to Mot. to Dismiss (ECF No. 112) at § III.B, pg. 19-20.

The court in Troshin v. The Stella Orton Home Care Agency, Inc., another case in which the Union is not a party, erroneously concluded that the question of arbitrability was one for the court to determine. In reaching its conclusion, the court appeared to disregard the fact that a memorandum of agreement ("MOA") entered into by an employer and the Union is not a freestanding agreement, but rather part of a larger collective bargaining agreement, which must be viewed and interpreted as a whole. A provision may be new, but it does not stand alone. The MOA at issue here, like all MOAs, substantively modified the CBA to require, among other things, arbitration of statutory claims, but the enforcement of that substantive change continues to be through the CBA's existing enforcement mechanism (i.e. the grievance and arbitration

L<small>EVY</small> R<small>ATNER</small>, <small>P.C</small>

Hon. John G. Koeltl
October 12, 2020
Page 2

provision). The <u>Troshin</u> court mistakenly viewed the ADR provision as a stand-alone provision, instead of tethered to the CBA as the parties do. The use of the word "exclusively" in the ADR provision did not mean that the underlying CBA was to be disregarded. To the contrary, the parties, and in turn the Arbitrator, always look to the complete CBA, including any interim modifications, in particular, when enforcement of a relevant term is at issue.

 Here, the parties added the ADR provision, always understanding that such provision was to be enforced through the existing CBA, including in the event of a dispute as to its applicability or interpretation. The CBA delegates authority to the arbitrator to determine questions of arbitrability and that delegation was not undone with the introduction of the ADR provision. The parties' use of the word "exclusively" was simply to indicate that claims brought by the Union or individuals would be governed exclusively by arbitration.

 The <u>Troshin</u> court notes that Arbitrator Scheinman did not appear to consider certain state court decisions in reaching his conclusions. <u>See</u> Lusher Letter (ECF No. 134) Ex. A, p. 7, n. 7. However, Arbitrator Scheinman was not bound by those state court decisions and had good reason not to follow their reasoning. First, none of the state courts which issued rulings on the arbitrator's jurisdiction had the authority to do so, pursuant to the terms of the CBA, which expressly delegates authority to the arbitrator to determine questions of arbitrability.

 Second, as previously argued, these cases ultimately reached the wrong conclusion. In reviewing the CBA, Arbitrator Scheinman concluded that the parties agreed to arbitrate all wage and hour claims and that arbitration was to be the exclusive forum for resolution of these claims. Relying on the express language of the CBA, the Arbitrator concluded that the parties authorized an arbitrator "to determine all disputes '. . . involving the proper application, interpretation or compliance with the specific written provisions of the Agreement…', and have vested him or her with 'full authority to decide the issue or issues in dispute…'" ECF No. 1 (Pet.) Ex. A at 33. The Arbitrator noted the parties' incorporation of the AAA rules into the CBA, which vest the arbitrator with authority to determine the extent of his or her jurisdiction. <u>Id.</u> at 34. Relying on the common practice of building upon prior agreements, the Arbitrator noted that the parties "did not intend to erase provisions" in the CBA when they adopted the ADR Provision. The Arbitrator's analysis and conclusions remain undisputed by the parties (and unrebutted by the court decisions on which the non-parties rely), and in reviewing the Union's petition, the Court's review is extremely limited. <u>See</u> ECF No. 2 (Pet'r Mem. of Law in Supp. of Pet. to Confirm) at 13.

L<small>EVY</small> R<small>ATNER</small>, <small>P.C</small>

Hon. John G. Koeltl
October 12, 2020
Page 3

      In any event, none of these cases have any bearing on whether the Union had a right to pursue its claims under the CBA or has the right to enforce the CBA before the designated arbitrator, and in turn before this Court. As the court in <u>Troshin</u> rightly acknowledged, plaintiff Troshin cannot prevent the Union from exercising its "right to arbitrate on behalf of its members." <u>See</u> Lusher Letter (ECF No. 134) Ex. A, pg. 8. Accordingly, 1199 respectfully requests that the Court grant the Union's pending petition to confirm the Award.

                                      Respectfully,
                                        */s Laureve Blackstone*
                                        Laureve Blackstone

Cc:    All Counsel of Record via ECF