UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

1199SEIU UNITED HEALTHCARE WORKERS EAST,

Petitioner,

v.

PSC COMMUNITY SERVICES, NEW PARTNERS,
INC. D/B/A PARTNERS IN CARE, STELLA ORTON
HOME CARE AGENCY, RICHMOND HOME NEEDS,
SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE
CITYWIDE HOME CARE, FAMILY HOME CARE OF
BROOKLYN AND QUEENS, CARE AT HOME,
CHINESE-AMERICAN PLANNING COUNCIL HOME
ATTENDANT    PROGRAM,    UNITED    JEWISH
COUNCIL OF THE EAST SIDE HOME ATTENDANT
SERVICE    CORP.,    THE    FIRST    CHINESE
PRESBYTERIAN COMMUNITY AFFAIRS HOME
ATTENDANT    CORP.,    AZOR    HOME    CARE,
BUSHWICK    STUYVESANT    HEIGHTS    HOME
ATTENDANT,    INC.,    CABS    HOMECARE,
RIVERSPRING LICENSED HOMECARE SERVICES
AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS
CORP., WARTBURG, ALLIANCE FOR HEALTH,
INC., REGION CARE, INC., SPECIAL TOUCH HOME
CARE SERVICES, INC., RAIN, INC., PRESTIGE
HOME CARE, INC., PRESTIGE HOME ATTENDANT,
INC. D/B/A ALL SEASON HOME ATTENDANT,
PERSONAL TOUCH HOME CARE OF N.Y., INC.,
PRIORITY HOME SERVICES, PREMIER HOME
HEALTH    CARE,    INC.,    BRONX    JEWISH
COMMUNITY COUNCIL HOME ATTENDANT
SERVICES,    CIDNY    INDEPENDENT    LIVING
SERVICES,    HOME    CARE    SERVICES    FOR
INDEPENDENT LIVING, NEW YORK FOUNDATION
FOR SENIOR CITIZENS HOME ATTENDANT
SERVICES,    COOPERATIVE    HOME    CARE
ASSOCIATES, RISEBORO HOME CARE, INC., FEGS
HOME ATTENDANT SERVICES, HOME HEALTH
MANAGEMENT    SERVICES,    INC.,    SCHOOL
SETTLEMENT    HOME    ATTENDANT    CORP.,
ROCKAWAY HOME ATTENDANT, BRONXWOOD
HOME FOR THE AGED, INC., ACCENTCARE OF NY,
INC., ISABELLA VISITING CARE, INC., SOCIAL
CONCERN COMMUNITY DEVELOPMENT CORP.,

**DECLARATION OF
LAUREVE D. BLACKSTONE**

Case No.
20-cv-03611-JGK

I-000-00464:11186885_3

ABC HEALTH SERVICES REGISTRY, ALLIANCE
HOME SERVICES, *collectively identified by the
Arbitrator as the* "HOME HEALTH CARE AGENCIES",

Respondents.
-----------------------------------------------------------------------X

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF KINGS    )

       I, LAUREVE D. BLACKSTONE declare, pursuant to 28 U.S.C. § 1746 and subject to penalties of perjury, that the following is true and correct:

1. I am a member of Levy Ratner, P.C., counsel to Petitioner 1199SEIU United Healthcare Workers East ("1199" or "Union") in the above-captioned proceeding before this Court.

2. I submit this declaration in further support of the Union's pending Petition to Confirm the April 17, 2020 Arbitration Award ("Award") [ECF 1], in opposition to the motion to intervene [ECF 103] and motion to dismiss or stay this proceeding [ECF 101], and in response to the Court's first question in its November 24, 2020 Order [ECF 137] directing supplemental briefing and, inter alia, requesting "a brief answer to the factual question of whether [each individual intervenor] was a member of the 1199SEIU at the time (A) the relevant Memorandum of Agreement ('MoA') took effect, (B) the MoA was executed, and/or (C) at the time 1199SEIU began the grievance process at issue here."

3. I have reviewed the information contained in the Union's records as set forth in the Declaration of Brijesh Shah dated December 7, 2020. I have also reviewed the relevant collective bargaining agreements ("CBAs"), including MoAs.

4. According to the Union's records:

1-000-00464: 11186885_3               2

a. Seferina Acosta was a bargaining unit member at the time the relevant MOA took effect, December 1, 2015, and when it was executed, December 21, 2015.

b. Eugenia Barahona Alvarado was not an 1199 bargaining unit member at the time the relevant MOA took effect, when it was executed or when the grievance was filed, but was a bargaining unit member after the grievance was filed and when the Award was issued.

c. Carmen Carrasco was a bargaining unit member at the time the relevant MOA took effect, December 1, 2015, when it was executed, December 21, 2015, and when the grievance was filed, January 2, 2019.

d. Mei Kum Chu was not an 1199 bargaining unit member at the time the relevant MOA took effect, when it was executed, or when the grievance was filed.

e. Sau King Chung was not an 1199 bargaining unit member at the time the relevant MOA took effect, when it was executed, or when the grievance was filed.

f. Dulce Herrera was a bargaining unit member at the time the relevant MOA took effect, December 1, 2015, when it was executed, December 21, 2015, and when the grievance was filed, January 2, 2019.

g. Epifania Hichez was not an 1199 bargaining unit member at the time the relevant MOA took effect, when it was executed or when the grievance was filed.

h. QunXiang Ling was not an 1199 bargaining unit member at the time the relevant MOA took effect, when it was executed or when the grievance was filed.

i.   Elida Agustin Mejia Herrera was not an 1199 bargaining unit member at the time the relevant MOA took effect, when it was executed or when the grievance was filed.

j.   Leticia Panama Rivas was not an 1199 bargaining unit member at the time the relevant MOA took effect, when it was executed or when the grievance was filed.

k.   Alvaro Ramirez-Guzman was an 1199 bargaining unit member at the time the relevant MOA took effect, December 1, 2015, when it was executed, April 6, 2016, and when the grievance was filed, January 2, 2019.

l.   Gail Yan was not an 1199 bargaining unit member at the time the relevant MOA took effect, when it was executed or when the grievance was filed.

LAUREVE BLACKSTONE

Date: December 7, 2020