

VIRGINIA
& AMBINDER LLP
A t t o r n e y s   a t   L a w

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080

**LaDonna M. Lusher**
Partner

December 21, 2020

<u>VIA ECF</u>
Honorable John G. Koeltl
United States Courthouse
500 Pearl Street, Courtroom #14A
New York, NY 10007-1312

Re:  *1199SEIU United Healthcare Wrks East v. PSC Comm. Svcs.,et al.* No. 20-cv-03611(JGK)

Dear Judge Koeltl:

This firm represents interested party Gail Yan. We write jointly with Fisher Taubenfeld, LLP, and TakeRoot Justice, counsel for Proposed Intervenors, to submit this supplemental briefing in accordance with this Court's December 14, 2020 Order.  The Parties cannot meet their burden of showing this Court has subject matter jurisdiction under the LMRA because, as admitted by the Parties, the Arbitrator's Award was a procedural award addressing "threshold" issues, is open to future modification by the arbitrator, and, thus, is not final.  Moreover, the Parties have failed to submit any documentary evidence demonstrating they explicitly agreed to submit arbitrability to the arbitrator for a final determination.

Courts in this circuit have declined to exercise jurisdiction under the LMRA where confirmation of non-final awards was sought, like the instant matter here.  In *Mason Tenders Dist. Council of Greater N.Y. v. CAC of N.Y., Inc.*, the court addressed the finality of an award under the LMRA and observed: "Ordinarily, in order for an award to be deemed 'final' and thus ripe for judicial review, 'the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages.'" 46 F. Supp. 3d 432, 435-436 (S.D.N.Y 2014) (quoting *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 413-14 (2d Cir. 1980)).  *See also Time Warner Cable of*



*N.Y. City LLC v. IBEW, AFL-CIO, Local Union No. 3*, 2015 U.S. Dist. LEXIS 67053, *10-11 (E.D.N.Y. May 22, 2015) (complaint dismissed for lack of subject matter jurisdiction under the LMRA because arbitration award lacked finality where arbitrator retained jurisdiction to address other remedies that required resolution of significant issues); *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constr., LLC*, 2015 U.S. Dist. LEXIS 178206, *32 (S.D.N.Y. 2015) (arbitration award not final under LMRA because parties had agreed to a preliminary award, followed by a final award).

Here, there has been no determination on the merits of the claims that the Parties seek to arbitrate.  Only "gateway" issues of arbitrability and jurisdiction have been decided, both of which are subject to future modification by the arbitrator.  Thus, the award is not a final award.

Cases cited by Yan and the Proposed Intervenors support denial of the Petition, despite that they involved analyses under the Federal Arbitration Act ("FAA"). Courts in the Second Circuit have looked to the FAA for guidance in deciding whether to dismiss complaints seeking confirmation of arbitration awards under the LMRA, due to lack of finality. For example, in *Mason Tenders* the Second Circuit denied confirmation of a labor arbitration award for lack of subject matter jurisdiction under the LMRA, noting that, "[a]lthough most of the cases cited…examined the finality requirement with respect to arbitration proceedings brought under the Federal Arbitration Act, this Court has previously applied the same lines of case law in assessing finality in the LMRA context." 46 F. Supp. 3d at 435-436 (S.D.N.Y 2014) (citations omitted). *See also Time Warner Cable of N.Y. City LLC*, 2015 U.S. Dist. LEXIS 67053, *10-11 ("federal courts enforcing labor arbitration awards look to the FAA 'to guide the development of rules of federal common law to govern such disputes pursuant to the authority to develop such rules granted under 29 U.S.C. § 185.").

Accordingly, Yan's citation to cases such as *Schreiber v. Friedman* should be considered by this Court even though that court's analyses of subject matter jurisdiction was derived from the FAA.



2017 U.S. Dist. LEXIS 222838 (E.D.N.Y. Mar. 30, 2017) (court found award of arbitrability non-final and state that it was not aware of "any case in which a court has reviewed an arbitrator's arbitrability determination as a final award."). See also *United Steelworkers of America, etc. v. Ideal Cement Co., Div. of Ideal Basic Industries, Inc.*, 762 F.2d 837, 842 (10th Cir. 1985) (finding arbitration award not final under the LMRA where all issues were not fully resolved, and award was conditioned on a procedural decision yet to be made, even though arbitrator referred to award as "final").


Respectfully submitted,
_____/s/_____
LaDonna M. Lusher, Esq.


cc:     All counsel of record (via email and ECF)