**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

1199SEIU UNITED HEALTHCARE
WORKERS EAST,

                Petitioner,

                v.

PSC COMMUNITY SERVICES, NEW PARTNERS, INC. D/B/A
PARTNERS IN CARE, STELLA ORTON HOME CARE
AGENCY, RICHMOND HOME NEEDS, SUNNYSIDE HOME
CARE PROJECT, SUNNYSIDE CITYWIDE HOME CARE,
FAMILY HOME CARE OF BROOKLYN AND QUEENS, CARE
AT HOME, CHINESE-AMERICAN PLANNING COUNCIL
HOME ATTENDANT PROGRAM, UNITED JEWISH COUNCIL
OF THE EAST SIDE HOME ATTENDANT SERVICE CORP.,
THE FIRST CHINESE PRESBYTERIAN COMMUNITY
AFFAIRS HOME ATTENDANT CORP., AZOR HOME CARE,
BUSHWICK STUYVESANT HEIGHTS HOME ATTENDANT,
INC., CABS HOMECARE, RIVERSPRING LICENSED
HOMECARE SERVICES AGENCY, INC., ST. NICHOLAS
HUMAN SUPPORTS CORP., WARTBURG, ALLIANCE FOR
HEALTH, INC., REGION CARE, INC., SPECIAL TOUCH
HOME CARE SERVICES, INC., RAIN, INC., PRESTIGE HOME
CARE, INC., PRESTIGE HOME ATTENDANT, INC. D/B/A ALL
SEASON HOME ATTENDANT, PERSONAL TOUCH HOME
CARE OF N.Y., INC., PRIORITY HOME SERVICES, PREMIER
HOME HEALTH CARE, INC., BRONX JEWISH COMMUNITY
COUNCIL HOME ATTENDANT SERVICES, CIDNY
INDEPENDENT LIVING SERVICES, HOME CARE SERVICES
FOR INDEPENDENT LIVING, NEW YORK FOUNDATION
FOR SENIOR CITIZENS HOME ATTENDANT SERVICES,
COOPERATIVE HOME CARE ASSOCIATES, RISEBORO
HOME CARE, INC., FEGS HOME ATTENDANT SERVICES,
HOME HEALTH MANAGEMENT SERVICES, INC., SCHOOL
SETTLEMENT HOME ATTENDANT CORP., ROCKAWAY
HOME ATTENDANT, BRONXWOOD HOME FOR THE AGED,
INC., ACCENTCARE OF NY, INC., ISABELLA VISITING
CARE, INC., SOCIAL CONCERN COMMUNITY
DEVELOPMENT CORP., ABC HEALTH SERVICES
REGISTRY, ALLIANCE HOME SERVICES, *collectively
identified by the Arbitrator as the* "HOME HEALTH CARE
AGENCIES",

                Respondents.

No: 20-cv-03611 (JGK)

---

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS FAMILY HOME CARE OF BROOKLYN AND QUEENS, INC. AND CARE AT HOME'S MOTION FOR PRELIMINARY AND/OR PERMANENT INJUNCTION**

---

Philip K. Davidoff
Jeffrey A. Shooman
Andrew T. Williamson
**FORD HARRISON, LLP**
366 Madison Avenue, 7th Floor
New York, NY 10017
(212) 453-5900
Attorneys for Respondents
*Family Home Care of Brooklyn and Queens, Inc. and Care at Home*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .................................................................................................................. 4

   A.  The Collective Bargaining Agreements .............................................................. 4

   B.  Motion to Confirm Arbitrator's Award .............................................................. 5

   C.  New York State Court Action ............................................................................ 6

STANDARD FOR INJUNCTIVE RELIEF ............................................................................... 9

ARGUMENT ..................................................................................................................... 10

   I.  MOVANTS HAVE SUCCEEDED ON THE MERITS AND WILL SUFFER IRREPARABLE HARM IF THIS COURT DOES NOT ENJOIN THE STATE COURT ACTION ........................................................................................................ 10

   II.  ENJOINING TESHABAEVA AND DENG FROM CONTINUING TO PROSECUTE THE STATE COURT ACTION IS NECESSARY TO PROTECT OR EFFECTUATE THIS COURT'S JUDGMENT CONFIRMING THE AWARD ................................................ 13

   III.  THE PUBLIC INTEREST AND BALANCE OF HARDSHIPS STRONGLY COUNSEL IN FAVOR OF AN INJUNCTION ................................................................... 17

CONCLUSION ................................................................................................................... 18

CERTIFICATION OF COMPLIANCE .................................................................................... 20

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*1199SEIU United Healthcare Workers East v. PSC Community Services*,
   520 F. Supp. 3d 588 (S.D.N.Y. 2021)............................................................................... passim

*A.L. Williams & Associates, Inc. v. McMahon*,
   697 F. Supp. 488 (N.D. Ga. 1988) ....................................................................................... 16

*Amalgamated Sugar Co. v. NL Industries, Inc.*,
   825 F.2d 634 (2d Cir.1987) (citations omitted), cert. denied, 484 U.S. 992, 108 S.Ct. 511, 98
   L.Ed.2d 511 (1987) ............................................................................................................. 14

*Arciniaga v. Gen. Motors Corp.*,
   460 F.3d 231 (2d Cir.2006).................................................................................................. 18

*Bailey Shipping Ltd. v. Am. Bureau of Shipping*,
   No. 12-cv-5959 (KPF), 2013 WL 5312540 (S.D.N.Y. Sept. 23, 2013) ................................... 11

*Blount Bros. Corp. v. M.K. Steel, Inc.*,
   524 F. Supp. 1037 (N.D. Ala. 1981)..................................................................................... 16

*Burger Chef Systems Inc. v. Baldwin Inc.*,
   365 F. Supp. 1229 (S.D.N.Y. 1973)...................................................................................... 12

*Burmah Oil Tankers, Ltd. v. Trisun Tankers, Ltd.*,
   687 F. Supp. 897 (S.D.N.Y. 1988) ....................................................................................... 14

*Capstone Logistics Holdings, Inc. v. Navarrete*,
   736 F. App'x 25 (2d Cir. 2018) ............................................................................................... 9

*Chick Kam Choo v. Exxon Corp.*,
   486 U.S. 140 (1988).............................................................................................................. 14

*Comverse, Inc. v. Am. Telecommunications, Inc.*,
   No. 06-cv-6825 (PKL), 2006 WL 3016315 (S.D.N.Y. Oct. 23, 2006) ................................... 11

*Doctor's Assocs. Inc. v. Stuart*,
   11 F. Supp. 2d 221 (D. Conn. 1998)..................................................................................... 16

*Emilio v. Sprint Spectrum L.P.*,
   No. 08-CV-7147 (BSJ), 2008 WL 4865050 (S.D.N.Y. Nov. 6, 2008)..................................... 12

*Emilio v. Sprint Spectrum, L.P.*,
   315 F. App'x. 322 (2d Cir. 2009) ........................................................................... 13, 15

*H & M Charters, Inc. v. Reed*,
   757 F. Supp. 859 (S.D. Ohio 1991) ............................................................................ 16

*Hichez v. United Jewish Counsel of the E. Side*,
   179 A.D.3d 576 (1st Dep't 2020) ................................................................................. 7

*Konstantynovska v. Caring Professionals, Inc.*,
   172 A.D.3d 486 (1st Dep't 2019) ................................................................................. 7

*Lorentti-Herrera v. Alliance for Health, Inc.*,
   173 A.D.3d 596 (1st Dep't 2019) ................................................................................. 7

*McGuire, Cornwell, & Blakely v. Grider*,
   765 F. Supp. 1048 (D. Colo. 1991) ............................................................................ 16

*Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*,
   482 F. Supp. 788 (D. Fla. 1980) ................................................................................ 13

*Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*,
   820 F.3d 527 (2d Cir. 2016) .................................................................................... 5, 6

*Nat'l Union Fire Ins. Co. v. Advanced Micro Devices, Inc.*,
   No. 16-CV-5699 (JGK), 2016 WL 4204066 (S.D.N.Y. Aug. 4, 2016) ............................ 11, 12

*Necchi Sewing Mach. Sales Corp. v. Carl*,
   260 F. Supp. 665 (S.D.N.Y. 1966) ............................................................................ 16

*Network Cinema Corp. v. Glassburn*,
   357 F. Supp. 169 (S.D.N.Y. 1973) ............................................................................ 16

*Olde Discount Corp. v. Tupman*,
   1 F.3d 202 (3d Cir. 1993) ......................................................................................... 13

*Oxford Health Plans LLC v. Sutter*,
   569 U.S. 564 (2013) ................................................................................................... 6

*Paramedics Electromedicina Comercial Ltd. v. GE Med. Sys. Info. Technolog*ies, Inc.,
   No. 02-cv-9369 (DFE), 2003 WL 23641529 (S.D.N.Y. June 4, 2003), *amended in par*t, No.
   02cv-9369 (DFE), 2003 WL 21697884 (S.D.N.Y. July 21, 2003), *aff'd and remanded sub no*
   .................................................................................................................... 11, 13

*Pervel Indus., Inc. v. TM Wallcover*ing, Inc.,
   675 F. Supp. 867 (S.D.N.Y. 1987*), aff'd sub n*om. *Pervel Indus., Inc. v. T M Wallcovering,*
   Inc., 871 F.2d 7 (2d Cir. 1989) ................................................................................. 16

*Reliance Nat. Ins. Co. v. Seismic Risk Ins. Servs., Inc.*,
   962 F. Supp. 385 (S.D.N.Y.1997) ............................................................... 11, 12, 13

*Rodriguez v. New York Found. for Senior Citizens Home Attendant Servs., Inc.*,
   No. 15-cv-9817 (VC), 2016 WL 11707094 (S.D.N.Y. July 14, 2016)..................................... 15

*Salinger v. Colting*,
   607 F.3d 68 (2d Cir. 2010)......................................................................... 9

*Smith v. Bayer Corp.*,
   564 U.S. 299 (2011)........................................................................... 14, 15

*Snap-on Tools Corp. v. Vetter*,
   838 F. Supp. 468 (D. Mont. 1993).................................................................. 16

*Southern Bell Tel. & Tel. Co. v. Louisiana Power & Light Co.*,
   221 F. Supp. 364 (D.C. La. 1963).................................................................. 17

*Vera v. Saks & Co.*,
   335 F.3d 109 (2d Cir. 2003)....................................................................... 18

*Statutes*

28 U.S.C. § 1651 ..................................................................................... 13, 14

28 U.S.C. § 2283..................................................................................... 14

*Rules*

Federal Rule of Civil Procedure 65 ..................................................................... 1

Respondents Family Home Care of Brooklyn and Queens, Inc. and Care at Home (collectively, "Movants") submit this memorandum of law in support of their motion for a preliminary and/or permanent injunction pursuant to Federal Rule of Civil Procedure 65. Movants seek an Order enjoining Maktumma Teshabaeva ("Teshabaeva") and Jin Hua Deng ("Deng"), former members of Petitioner 1199SEIU United Healthcare Workers East ("1199SEIU" or the "Union") and home care employees of Movants, from further prosecuting claims in the Supreme Court of the State of New York that this Court confirmed were subject to final and binding arbitration pursuant to the Collective Bargaining Agreement between 1199SEIU and Movants (the "CBA"),  and which this Court confirmed by Order dated February 18, 2021 (the "Judgment") (ECF No. 159).[1]  *1199SEIU United Healthcare Workers East v. PSC Community Services*, 520 F. Supp. 3d 588 (S.D.N.Y. 2021).

## PRELIMINARY STATEMENT

This motion arises from incompatible and irreconcilable decisions rendered by this Court and the New York State Courts in which Teshabaeva's and Deng's putative class claims are being litigated.  In short, an Arbitrator tasked by the parties to the CBA with interpreting that agreement's provisions, and with the clear and unmistakable authority to determine his own jurisdiction, determined that the claims asserted in the State Court Action are subject to his jurisdiction and to final and binding arbitration under the CBA.  This Court, in a comprehensive Opinion and Order dated February 18, 2021, confirmed the Arbitrator's Award, effectively compelling Movant to arbitrate Teshabaeva's and Deng's claims.  Judgment was entered accordingly on February 19, 2021.  In compliance with this Court's Judgment, Movants were bound to engage in arbitration of

---

[1] The action Movants seek to enjoin prosecution is pending before the Supreme Court of the State of New York, New York County, under Index No. 158949/2017 (the "State Court Action").

1

the various wage and hour claims brought by 1199SEIU on behalf of Teshabaeva and Deng (and similarly situated former employees of Movants), which Movants have done.[2]

Contemporaneously, Movants continued to assert in the State Court Action that Teshabaeva's and Deng's claims are subject to mandatory arbitration pursuant to the CBA and federal labor law.   Indeed, Movants promptly apprised the State Court of the Arbitrator's jurisdictional ruling, only to have the State Court summarily reject his Award.   Subsequently, Movants promptly apprised the State Court of this Court's Judgment confirming the Arbitrator's Award and confirming that such claims as those being asserted by Teshabaeva and Deng are subject to binding arbitration under the CBA.   On Friday, December 10, 2021, the State Court dismissively rejected this Court's Judgment and ordered that Teshabaeva's and Deng's claims may proceed in the State Court Action.[3]   (Declaration of Philip K. Davidoff ("Davidoff Decl."), ¶ 22, Ex. G).

Notably, Virginia and Ambinder, the private attorneys representing Teshabaeva and Deng in the State Court Action, previously (and unsuccessfully) sought to intervene in this proceeding and to challenge the confirmation of the Arbitrator's Award.   This Court rejected their arguments and confirmed the Arbitrator's determination that those 1199SEIU bargaining unit employees, like Teshabaeva and Deng, who ceased employment with Movants prior to the effective date of a 2015 Memorandum of Agreement to the CBA ("2015 MOA"), were bound by the CBA's mandatory mediation/arbitration provisions.

---

[2] It is anticipated that the Arbitrator's Award as to such claims will be issued in early 2022.

[3] Movants have once again filed a notice of appeal of the State Court's December 10, 2021 Order.

Nonetheless, since this Court's confirmation of the Arbitrator's Award, Teshabaeva and Deng, through Virginia and Ambinder, have ignored this Court's Judgment by continuing aggressively to pursue claims in State Court that this Court confirmed are subject to mandatory arbitration under the CBA. Moreover, they have repeatedly and specifically posited to the State Court that it can and should reject this Court's Judgment. For instance, on February 24, 2021, in response to Movants' effort to effectuate this Court's judgment, they urged the State Court to flout this Court's Judgment. (Davidoff Decl., ¶ 13, Ex. D at 2) ("New York Courts are *not* bound by federal district court holdings.") (Emphasis in original).

Regrettably, the New York State Courts have been receptive to Teshabaeva's and Deng's entreaties, boldly rejecting the Arbitrator's determination that he is empowered by the CBA to determine his own jurisdiction and that he had jurisdiction over the claims made by Teshabaeva, Deng and similarly situated SEIU1199 bargaining unit employees, as well as this Court's confirmation of the Arbitrator's Award pursuant to the federal Labor Management Relations Act ("LMRA") as to these dispositive issues. Inexplicably, despite the fact that the matters at issue are governed *exclusively* by federal labor law, the State Courts have simply ignored federal law, and this Court's Judgment, entirely.

It is in this context that Movants urgently seek injunctive relief from this Court. As not-for-profitmaking charitable institutions, Movants simply cannot afford to continue to be caught between dueling federal and state court determinations as to the appropriate forum for Teshabaeva's and Deng's (and similarly situated employees') claims and the Arbitrator's jurisdiction. Nor is it acceptable for Movants to simultaneously have to engage in costly, duplicative and unnecessary litigation of the *exact same claims, involving the exact same parties* – matters  this Court has already confirmed are subject to mandatory arbitration under the CBA.

Accordingly, in order to protect and effectuate this Court's Judgment, Movants respectfully move this Court to permanently enjoin Teshabaeva and Deng (and their attorneys) from further prosecuting the State Court Action.[4]   Absent intervention by this Court, its Judgment will be rendered wholly ineffective.  Not only will Movants be irreparably harmed, but so too will this Court's well-reasoned Judgment.  As a result, this Court should immediately enjoin Teshabaeva and Deng from further prosecution of the State Court Action.

## BACKGROUND

### A.   The Collective Bargaining Agreements

As this Court is aware, 1199SEIU is a labor union that has long served as the sole and exclusive representative for Movants' home health aide employees, including for purposes of collective bargaining over the terms and conditions of their employment.  PSC Community Services, 520 F. Supp. 3d at 594.  The Union is party to substantially similar CBAs with Movants. *Id*.  Among other provisions, each of these CBAs includes a grievance and arbitration procedure that provides for mandatory mediation and arbitration of grievances arising under various "Covered Statutes."[5] *Id*. at 594-95.  Further, the CBAs expressly incorporate the Labor Arbitration Rules of the American Arbitration Association ("AAA"), including its Rule 3(a), which provides "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."   *Id*. at 595.

---

[4] Alternatively, this Court should stay the State Court Action to protect and effectuate its judgment while the appeal of its decision is pending in the Second Circuit Court of Appeals.

[5] The "Covered Statutes" are defined in the CBA as the Fair Labor Standards Act ("FLSA"), New York Home Care Worker Wage Parity Law, and the New York Labor Law.

On January 2, 2019, 1199SEIU filed a class action grievance under the CBA against Movants on behalf of its home care "members concerning violations of the CBAs regarding wage and hour claims arising under the Covered Statutes." *Id*. at 596. This grievance was brought by 1199SEIU on behalf of all current ***and former*** employees, including Teshabaeva and Deng and all other similarly situated employees. *Id*. at 597. At the time the Union filed its grievance, certain home care workers, including employees like Teshabaeva and Deng whose employment had terminated prior to the adoption of the 2015 MOA, had initiated putative class action lawsuits in state and federal courts to pursue claims under the "Covered Statutes" directly against their employers. *Id*. at 596.

On April 17, 2020, following mediation and extensive hearings and submissions, Arbitrator Martin F. Scheinman ruled, in relevant part, that (1) the wage and hour related grievances under the Covered Statutes involving current *and former* Union bargaining unit members, including Teshabaeva and Deng, are arbitrable, and (2) he had "jurisdiction" to adjudicate the claims (the "Arbitrator's Award."). *Id*. at 597.

**B.       Motion to Confirm Arbitrator's Award**

On May 8, 2020, 1199SEIU filed a petition to confirm the Arbitrator's Award pursuant to the LMRA.[6] The LMRA "establishes a federal policy of promoting industrial stabilization through collective bargaining agreements, with a particular emphasis on private arbitration of grievances," and a "clear preference for the private resolution of labor disputes." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however

---

[6] Movants were Respondents in this proceeding and bound by the Court's Judgment.

good, bad, or ugly.'" *Id.* at 536 (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 573 (2013)).

Applying these well-settled principles of federal labor law, after extensive briefing and argument, this Court ruled, in relevant part, as follows:

> [T]he CBA required that grievances be arbitrated. Pet. Ex. B, at 29 (Art. XXVI, ¶ 2). The subsequent 2015 MOA clarified that grievances relating to "Covered Statutes" must be arbitrated. See Pet. Ex. D, at 9. Thus, under both agreements there is plainly an agreement to arbitrate. Second, under the CBA, arbitrations occur pursuant to AAA Rules, including AAA Rule 3(a), which delegates questions of jurisdiction and "arbitrability" to the Arbitrator. Therefore, the Respondents and the Union (on behalf of its employees) agreed to arbitrate and to delegate questions of arbitrability and jurisdiction to the Arbitrator.

*PSC Community Services*, 520 F. Supp. 3d at 606.

\*    \*    \*

> Because the CBA and 2015 MOA evince a clear consent to arbitrate and delegate questions of arbitrability to the Arbitrator, and because the Arbitrator's Award is sufficient to survive the highly deferential review appropriate for confirmation of LMRA arbitration awards, the Award is confirmed.

*Id.* at 608.

## C.    New York State Court Action

On October 6, 2017, Teshabaeva commenced the State Court Action against Movants on behalf of herself and a putative class of (Davidoff Decl., ¶ 4, Ex. A).[7]  In the State Court Action, Teshabaeva and Deng asserted various wage and hour claims under the Covered Statutes.  (*Id.*).

---

[7] The complaint in the State Court Action was amended by stipulation to add Deng as a named plaintiff on October 9, 2018 (*Id.*, ¶ 5).

Movants have continually asserted that Teshabaeva and Deng's claims are subject to arbitration pursuant to the CBA, the 1199SEIU Grievance, the Arbitrator's determination that their claims are subject to arbitration under the CBA and subject to his jurisdiction and, most recently, in accordance with this Court's confirmation of the Arbitrator's Award, to which Movants are bound.

On January 14, 2020, Teshabaeva and Deng sought to enjoin arbitration of Teshabaeva's claims and Movants cross-moved to compel arbitration.  (*Id*., ¶ 8).  On July 16, 2020, the State Court granted Teshabaeva's and Deng's application and enjoined Movants from compelling arbitration of the claims (*Id*., ¶ 9, Ex. B).  The State Court's decision relied solely on state law as pronounced by the New York State Appellate Division and completely ignored applicable federal law.  (*Id*., Ex. B at 2).[8]  Movants appealed this decision to the New York Appellate Division, First Department on July 28, 2020.  (*Id*., ¶ 10) (the "State Court Appeal").

On February 18, 2021, this Court confirmed the Arbitrator's Award.  The next day, on February 19, 2021, Movants advised the State Court of this Court's confirmation of the Award by letter motion, asking the State Court to reconsider its denial of the cross-motion to compel arbitration in light of this Court's decision confirming the Arbitrator's Award.  (*Id*., ¶ 12, Ex. C). On February 24, 2021, Teshabaeva and Deng responded by urging the State Court to simply ignore this Court's Judgment.  (*Id*., ¶ 13, Ex. D at 2) ("New York Courts are *not* bound by federal district

---

[8] Specifically, the court relied on the following cases:  *Hichez v. United Jewish Counsel of the E. Side*, 179 A.D.3d 576 (1st Dep't 2020); *Konstantynovska v. Caring Professionals, Inc.*, 172 A.D.3d 486 (1st Dep't 2019); *Lorentti-Herrera v. Alliance for Health, Inc.*, 173 A.D.3d 596 (1st Dep't 2019).

court holdings.") (Emphasis in original).  In characterizing this Court's Judgment as irrelevant, Teshabaeva and Deng went so far as to dismissively characterize this Court as having merely "rubber stamped" the Arbitrator's Award.  (*Id*.).

On April 19, 2021, in reliance on this Court's Judgment, and after the State Court refused to consider the Judgment absent a formal motion to renew, Movants formally moved the State (trial) Court for renewal of their cross-motion to compel arbitration or, alternatively, for a stay of the action pending Movants' appeal.  (*Id*., ¶ 15).  In response, Teshabaeva and Deng implored the State Court to ignore this Court's Judgment, arguing the Arbitrator "incorrectly determined that [former employees] claims are arbitrable and that he had authority to decide arbitrability."  (*Id*., ¶ 16, Ex. E at 6).  On June 21, 2021, while Movants' appeal and motion to renew remained pending, Teshabaeva and Deng moved to strike Movants' pleadings and to preclude them from offering any evidence to support their affirmative defenses in the State Court Action.  (*Id*., ¶ 17).

On October 14, 2021, the First Department affirmed the state court's denial of Movants' cross-motion to compel arbitration relying entirely on state law and completely ignoring this Court's judgment confirming the Arbitrator's Award.  (*Id*., ¶ 18, Ex. F).  Notably, the appellate court declined to consider this Court's Judgment altogether because it had not been considered by the trial court in the decision underlying the appeal.[9]

---

[9] Indeed, the First Department expressly declined to address the ramifications of this Court's confirmation of the Arbitrator's Award, because it was not raised in the trial court decision. However, this Court only confirmed the Award in February 2021, approximately seven months after the state trial court issued the decision that was the subject of the appeal.  This Court decision confirming the Award was cited in Movants' appellate briefing in the State Court Appeal.

Despite its many efforts to have the State Courts recognize this Court's Judgment, most recently, on December 10, 2021, the State Court denied Movants' motion to renew their prior cross-motion to compel arbitration in accordance with this Court's Judgment.  (*Id.*, ¶ 22, Ex. G). In the decision, the State (trial) Court again expressly rejected this Court's Judgment confirming the Award, finding it was not required to follow its decision.  (*Id.*, Ex. G at 2-3).  The State Court made this erroneous determination despite the fact that this Court confirmed the Arbitrator's determination that those employees, like Teshabaeva and Deng, whose employment ended prior to December 2015, were bound by the 2015 MOA and subject to the Arbitrator's jurisdiction. *1199SEIU United Healthcare Workers E.*, 520 F. Supp. 3d at 606-08.  Again, the State Court did not meaningfully discuss or consider applicable federal law.  In the same decision, and in further disregard of this Court's Judgment disposing of the same issues, the State Court struck Movants' pleadings in the State Court Action for having not participated in class-wide discovery of claims subject to mandatory arbitration (*Id.*, ¶ 24) while its motion and appeal were pending.[10]

## STANDARD FOR INJUNCTIVE RELIEF

"To receive a preliminary injunction, the plaintiff must show (1)"a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction."  *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (internal quotation marks omitted)"; *Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25, 26 (2d Cir. 2018).

---

[10] The State Court did so despite having not ruled on Movants' pending motions for leave for renewal and a stay.

The actions of Teshabaeva and Deng (and Virginia and Ambinder), coupled with the procedural posture of the State Court Action, necessitate issuance of injunctive relief here.  The State Court recently struck Movants' pleadings in the State Court Action for seeking to avoid engaging in in costly class-wide discovery in an action raising claims this Court confirmed were subject to mandatory arbitration.  Movants have acted, at all times, in good faith in accordance with the applicable law on motions for leave to renew, and in order to avoid costly, duplicative and unnecessary litigation and in accordance with this Court's Judgment.  The State Court awarding attorneys' fees is, at best, intemperate (not to mention, incorrect in fact and law) in the face of this Court's ***binding judgment.***[11]  Moreover, Teshabaeva and Deng have pending a motion for class certification, which they filed approximately eight months after this Court's Judgment.  Absent immediate injunctive relief, Movants will be subject to a state court judgment for claims the State Court was manifestly without jurisdiction to hear.  Because this Court has determined those claims are subject to mandatory arbitration pursuant to the CBA and the Arbitrator's Award, injunctive relief must be granted in favor of Movants in order to protect and effectuate this Court's Judgment.

## ARGUMENT

### I.  MOVANTS HAVE SUCCEEDED ON THE MERITS AND WILL SUFFER IRREPARABLE HARM IF THIS COURT DOES NOT ENJOIN THE STATE COURT ACTION

If Teshabaeva and Deng are not enjoined from pursuing the State Court Action, Movants will be forced to litigate claims in New York State Court that this Court has deemed are subject to

---

[11] Indeed, to preserve its rights, Movants have once again been forced to appeal the State Court's December 10, 2021 Order.  This is simply more evidence of Movants urgent need for injunctive relief in order to avoid costly, vexatious litigation.

arbitration pursuant to the CBA.   Movants were bound by this Judgment and proceeded accordingly.

First, it is well settled that the loss of the right to arbitrate constitutes irreparable harm.  *See, e.g.*, *Reliance Nat. Ins. Co. v. Seismic Risk Ins. Servs., Inc.*, 962 F. Supp. 385, 391 (S.D.N.Y.1997) ("Reliance will suffer irreparable harm if it is deprived of its federal and state contractual right to arbitrate its disputes with Seismic."); *Bailey Shipping Ltd. v. Am. Bureau of Shipping*, No. 12-cv-5959 (KPF), 2013 WL 5312540, at *16 (S.D.N.Y. Sept. 23, 2013); *Comverse, Inc. v. Am. Telecommunications, Inc.*, No. 06-cv-6825 (PKL), 2006 WL 3016315, at *5 (S.D.N.Y. Oct. 23, 2006); *Paramedics Electromedicina Comercial Ltd. v. GE Med. Sys. Info. Technologies, Inc.*, No. 02-cv-9369 (DFE), 2003 WL 23641529, at *12 (S.D.N.Y. June 4, 2003), *amended in part*, No. 02cv-9369 (DFE), 2003 WL 21697884 (S.D.N.Y. July 21, 2003), *aff'd and remanded sub nom*. *Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Technologies, Inc.*, 369 F.3d 645 (2d Cir. 2004).

Second, Movants not only are likely to prevail on the merits of their position (*i.e.,* that the State Court claims are subject to arbitration), but this Court has *already confirmed* that Teshabaeva's and Deng's wage and hour claims in the State Court Action are subject to arbitration as Movants posit, irrespective of whether their employment with Movants ended before December 2015. *See 1199SEIU United Healthcare Workers E. v. PSC Community Services*, 520 F. Supp. 3d 588 (S.D.N.Y. 2021).

This Court's opinion in *Calif Nat'l Union Fire Ins. Co. v. Advanced Micro Devices, Inc.*, No. 16-CV-5699 (JGK), 2016 WL 4204066, at *5 (S.D.N.Y. Aug. 4, 2016) (Koeltl, J.), is particularly instructive.  In *Nat'l Union Fire Ins.*, with similar facts as here, this Court enjoined a state court proceeding in the face of a clear and unambiguous arbitration clause.  This Court

granted an injunction where petitioner demonstrated that it had shown a likelihood success on the merits on an indisputably clear arbitration clause.   Befitting the circumstances here, the Court found:

> MD argues that National Union faces no irreparable injury in litigating in California.   However, it is well established that losing the ability to enforce an arbitration agreement is a form of irreparable harm. *See Emilio v. Sprint Spectrum L.P.*, No. 08-CV-7147 (BSJ), 2008 WL 4865050, at *3 (S.D.N.Y. Nov. 6, 2008) (granting injunctive relief that prevented the respondent from proceeding with a state court action while an arbitration was pending); *Reliance Nat'l Ins. Co. v. Seismic Risk Ins. Servs., Inc.,* 962 F. Supp. 385, 391 (S.D.N.Y. 1997) (collecting cases); *id.* at 388 ("Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts. Such a course could lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate." (internal quotation marks and citation omitted)).

The *Reliance* case cited above, in turn, relied on black letter law established almost 50 years ago in *Burger Chef Systems Inc. v. Baldwin Inc.,* 365 F. Supp. 1229, 1233–34 (S.D.N.Y. 1973), where the court stayed a Michigan state court action and held that "when, as here, the dispute in question has been found to be subject to arbitration by a federal court, it becomes appropriate to stay state court proceedings."

This Court in *Nat'l Union Fire Ins.* also found that the plaintiff showed a likelihood of success because it has shown "that it has a dispute with AMD that should be decided by an arbitration in New York. *Nat'l Union Fire Ins. Co. v. Advanced Micro Devices, Inc.*, No. 16-CV-5699 (JGK), 2016 WL 4204066, at *5 (S.D.N.Y. Aug. 4, 2016).   This Court enjoined the party seeking relief in state court, and should do so here as well.

The cases enjoining parties from proceeding in the face of an unambiguous arbitration clause—which ***this court has already found to be valid***—are legion. *See, e.g.*, *Emilio v. Sprint Spectrum L.P.*, No. 08-cv-7147 (BSJ), 2008 WL 4865050 (S.D.N.Y. Nov. 5, 2008) (granting injunction to prevent state court litigation in light of arbitration provision in order to "prevent

[plaintiff] from suffering the irreparable harm that the loss of his right to arbitrate would entail"), *aff'd Emilio v. Sprint Spectrum, L.P.,* 315 F. App'x. 322 (2d Cir. 2009); *Reliance Nat'l Ins. Co.,* 962 F. Supp. at 391 ("[Plaintiff] will suffer irreparable harm if it is deprived of its federal and state contractual right to arbitrate its disputes with [defendant]). If National Union's request for a temporary restraining order and preliminary injunction is denied, it will lose its right to arbitrate, a right protected by both state and federal law."); *Paramedics Electromedicina Comercial Ltda. v. GE Med. Sys. Info. Techs., Inc.*, No. 02-cv-9369 (DFE), 2003 WL 23641529, at * 12 (S.D.N.Y. June 4, 2003) (granting injunction in light of agreement to arbitrate).

Similarly, courts in other jurisdictions have also long recognized that were they to deny injunctive relief, a party seeking arbitration would be improperly deprived of its selected forum, forced to engage in costly discovery, and potentially go to trial.  *Olde Discount Corp. v. Tupman*, 1 F.3d 202 (3d Cir. 1993); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 482 F. Supp. 788, 792 (D. Fla. 1980), *rev'd on other grounds,* 677 F.2d 391 (4th Cir. 1982) (the advantages of arbitration pursuant to an agreement of the parties are forever dissipated when it is peremptorily supplanted by litigation.).  Parties select arbitration because they hope that it will provide them with speedy, efficient, and simpler relief than available in the courts.  *Olde Discount Corp,* 1 F.3d at 212-13.  To deprive them of that right constitutes irreparable harm that cannot be corrected with money damages.  *Id.*

Accordingly, the elements of the permanent (and preliminary) injunction standard are met here.

## II. ENJOINING TESHABAEVA AND DENG FROM CONTINUING TO PROSECUTE  THE STATE COURT ACTION IS NECESSARY TO PROTECT OR EFFECTUATE THIS COURT'S JUDGMENT CONFIRMING THE AWARD

The All Writs Act, 28 U.S.C. § 1651, authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of

law." *Id*. § 1651(a). This grant of authority expressly permits a federal court to enjoin a proceeding in state court "where necessary . . . to protect or effectuate its judgments." *Amalgamated Sugar Co. v. NL Industries, Inc.*, 825 F.2d 634, 639 (2d Cir. 1987) (citations omitted), *cert. denied*, 484 U.S. 992 (1987); *see also Burmah Oil Tankers, Ltd. v. Trisun Tankers, Ltd.*, 687 F. Supp. 897, 899 (S.D.N.Y. 1988) (noting that an order confirming arbitration is afforded the "same status as any other federal judgment."). This so-called "relitigation" exception was "designed to implement 'well-recognized concepts' of claim and issue preclusion," and authorizes a federal court to enjoin "state litigation of a claim or issue 'that previously was presented to and decided by the federal court.'" *Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)).

In *Smith*, the Supreme Court articulated a two-part test to determine whether the relitigation exception applies and a federal court injunction of a state court proceeding may issue. 564 U.S. at 307-08. "First, the issue the federal court decided must be the same one as the one presented in the state tribunal." *Id*. at 307. "[S]econd, [the party to be bound] must have been a party to the federal suit, or else must fall within one of a few discrete exceptions to the general rule against binding nonparties." *Id*. at 308.

This Court was tasked with reviewing the following dispositive determinations made by the Arbitrator: (i) that the CBAs clearly and unmistakably delegated questions question of arbitrability under the CBAs to the Arbitrator and (ii) that employees whose employment ended before 2015, such as Teshabaeva and Deng, were bound by the CBA's grievance and arbitration provisions, including the 2015 MOA, and thus effectively required to arbitrate their wage and hour claims. 520 F. Supp. 3d at 607-08. Over the objection of Teshabaeva and Deng's counsel, this Court confirmed both determinations. *Id*. (citing *Rodriguez v. New York Found. for Senior*

14

*Citizens Home Attendant Servs., Inc.*, No. 15-cv-9817 (VC), 2016 WL 11707094, at *3 (S.D.N.Y. July 14, 2016)) (finding a former employee who ceased working prior to the date the 2015 MOA took effect was still compelled to arbitrate her wage-hour claims, including statutory claims)).

Following this Court's decision, the same issues were *once again* put before the State Court. Teshabaeva and Deng's counsel once again implored the State Court to ignore this Court's Judgment, relying on the same arguments this Court previously rejected, namely that the Arbitrator "incorrectly determined that [former employees] claims are arbitrable and that he had authority to decide arbitrability." (Davidoff Decl., ¶ 16, Ex. E at 6). Once again, the State Court ignored entirely applicable federal law, and rejected this Court's Judgment.[12] As explained above, these issues have been decided by this Court.

Courts in this circuit have often enjoined state court proceedings to protect their orders regarding matters of arbitrability. *See, e.g.*, *Emilio v. Spirit Spectrum, L.P.*, 315 F. App'x 322, 325 (2d Cir. 2009) (explaining that "[b]ecause the district court was issuing an order compelling arbitration and [non-movant] was seeking a motion in state court to enjoin [movant] to dismiss his arbitration claims, the district court correctly concluded that an injunction was necessary to protect

---

[12] We note that the State Court's opinion, that it is not bound by a federal district court's opinion, is inapposite. This emphatically is not a situation in which, for example, a state court is considering whether to apply a district court's disputed interpretation or application of precedent to a given circumstance, but rather involves application of a federal court judgment, applying federal labor law – the *exclusive* governing law – involving the same claims and the same parties. Under such circumstances, the federal court's determination must prevail and the Court must take action to effectuate its judgment.

its order"); *Doctor's Assocs. Inc. v. Stuart*, 11 F. Supp. 2d 221, 225 (D. Conn. 1998) (confirming arbitration award and enjoining further prosecution of state court action raising claims covered by the award). In *Doctor's Assocs. Inc.*, after confirming the arbitration award, the district court enjoined the non-moving party from further prosecution of a pending state action raising claims covered by the award. *Id.* In issuing the injunction, the court deemed the injunction necessary to "effectuate the judgment confirming the arbitration award and to avoid needless litigation." *Id.*

These decisions are consistent with those of other federal courts, which routinely issue or affirm orders enjoining parties to parallel state proceedings or staying the state proceedings "when the dispute in question has been found by the federal court to be subject to" arbitration under federal law. *Network Cinema Corp. v. Glassburn*, 357 F. Supp. 169, 172 (S.D.N.Y. 1973); *Pervel Indus., Inc. v. TM Wallcovering, Inc.*, 675 F. Supp. 867, 870 (S.D.N.Y. 1987), *aff'd sub nom. Pervel Indus., Inc. v. T M Wallcovering, Inc.*, 871 F.2d 7 (2d Cir. 1989) ("The case law is clear that [the Anti-Injunction Act] provides authority for a federal district court to stay a parallel state proceeding pending arbitration."); *Necchi Sewing Mach. Sales Corp. v. Carl*, 260 F. Supp. 665 (S.D.N.Y. 1966) (staying further pursuit of state court action on claims subject to arbitration in order to protect the federal court order compelling arbitration); *accord McGuire, Cornwell, & Blakely v. Grider*, 765 F. Supp. 1048, 1052 (D. Colo. 1991) (staying state court litigation under the Anti-Injunction Act "to protect or effectuate" the federal court's order compelling arbitration); *see also H & M Charters, Inc. v. Reed*, 757 F. Supp. 859, 863 (S.D. Ohio 1991); *A.L. Williams & Associates, Inc. v. McMahon*, 697 F. Supp. 488 (N.D. Ga. 1988) (staying pending state court action after concluding claims were subject to arbitration); *Snap-on Tools Corp. v. Vetter*, 838 F. Supp. 468 (D. Mont. 1993) (same); *Blount Bros. Corp. v. M.K. Steel, Inc.*, 524 F. Supp. 1037 (N.D. Ala.

1981) (same); *Southern Bell Tel. & Tel. Co. v. Louisiana Power & Light Co.*, 221 F. Supp. 364 (D.C. La. 1963) (same).

The circumstances of this case compel a similar result.  This Court has already confirmed the Arbitrator's determination that wage and hour claims presented by the Union's members are subject to arbitration, irrespective of when the employees ceased employment with a particular Respondent.  Teshabaeva and Deng (and their counsel) have engaged in extensive (and, to date, successful) efforts to undermine this Court's Judgment.  They have argued, and regrettably the state court has agreed, that this Court's judgment is inconsequential despite the fact that identical legal issues and factual circumstances were before both courts.  Respectfully, this Court should put an end to these efforts to circumvent its Judgment and enjoin or, alternatively, stay Teshabaeva and Deng from prosecuting the State Court Action.  If permitted to continue their State Court Action, this Court's Judgment would be without effect and severely, if not fatally, undermined..

This Court must ensure that the continued disregard of its Judgment in this matter of federal law does not proceed to cause Movants substantial and irreparable harm. [13]

## III.    THE PUBLIC INTEREST AND BALANCE OF HARDSHIPS STRONGLY COUNSEL IN FAVOR OF AN INJUNCTION

Not only do Movants clearly demonstrate a reasonable likelihood of success on the merits, it is beyond any doubt that they will continue to suffer immediate, irreparable, and permanent harm if Teshabaeva and Deng are permitted to continue to litigate the State Court Action.  Movants will be deprived of their bargained for forum, forced to undertake costly discovery and motion practice,

---

[13] At a minimum, this Court should issue an order staying prosecution of the State Court Action pending the Second Circuit's review of this Court's decision.

and forced to proceed to trial in state court. There is simply no adequate remedy at law to compensate Movants for such clear deprivations of their contractual rights.

Likewise, there is no question that the balance of the equities and the public interest both counsel in favor of the requested injunctive relief. At all times during their employment with Movants, Teshabaeva and Deng were members of 1199SEIU who was authorized to act as their sole and exclusive bargaining agents. In this capacity, they negotiated with Movants and eventually agreed to the CBA containing the mandatory grievance and arbitration provisions. Movants have expended a considerable amount of time and financial resources arbitrating the very claims Teshabaeva and Deng seek to pursue in State Court, the same claims this Court confirmed were subject to mandatory arbitration. Movants cannot and should not be forced to litigate the same claims in multiple fora and risk inconsistent outcomes.

Finally, there is an exceedingly strong public policy in favor of enforcing agreements to arbitrate. *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir.2006) ("[I]t is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we have often and emphatically applied.") (internal quotation marks omitted). The policy is particularly strong in the context of a dispute concerning an arbitration clause contained in a CBA. *See, e.g*., *Vera v. Saks & Co.*, 335 F.3d 109, 117 (2d Cir. 2003). Put simply, the circumstances of this matter all support issuance of an order enjoining Teshabaeva, Deng, and their counsel, from further prosecuting the State Court Action.

## CONCLUSION

For the foregoing reasons, Movants respectfully request the Court grant their request for injunctive relief and permanently enjoin State Court Counsel and Plaintiffs from further prosecution of the State Court Action or, alternatively, either preliminarily enjoin or stay further prosecution of the State Court Action while the Second Circuit's review of this Court's judgment

remains pending; and other and further relief this Court deems just and proper.

Dated: December 22, 2021
      New York, New York

                                **FORD HARRISON LLP**

                              By:  */s/ Philip K. Davidoff*
                                Philip K. Davidoff, Esq.
                                Jeffrey A. Shooman, Esq.
                                Andrew T. Williamson, Esq.
                                366 Madison Avenue, 7th Floor
                                New York, New York 10017
                                Tel: (212) 453-5900
                                pdavidoff@fordharrison.com
                                jshooman@fordharrison.com
                                awilliamson@fordharrison.com
                                *Attorneys for Movants*

19

## <u>CERTIFICATION OF COMPLIANCE</u>

The Movants Memorandum of Law in Support of Their Motion for Injunctive Relief complies with the word count limitation because it contains 6,027 words, including footnotes, but excluding the cover page, certification of compliance, table of contents, and table of authorities, pursuant to Rule II(D) of the Individual Practices of Judge John G. Koeltl.

Dated:  December 22, 2021

/s/ Philip K. Davidoff
Philip K. Davidoff
