# Levy Ratner

Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, NY 10011-7175

o  212.627.8100
f  212.627.8182

levyratner.com

*Attorneys*
—

| Daniel J. Ratner | Dana E. Lossia* | Aleksandr L. Felstiner• |
| Pamela Jeffrey | Micah Wissinger | Jessica I. Apter* |
| Carl J. Levine* | Ryan J. Barbur | Rebekah Cook-Mack |
| David Slutsky* | Alexander Rabb | Geoffrey A. Leonard♦ |
| Allyson L. Belovin | Laureve D. Blackstone* | |
| Robert H. Stroup | Kimberly A. Lehmann* | |

*Of Counsel*
—

Patricia McConnell
Linda E. Rodd

*Special Counsel*
—

Richard A. Levy
Daniel Engelstein
Richard Dorn

June 10, 2022

**BY ECF**

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  **1199SEIU United Healthcare Workers East v. PSC Community Services, et al., 20-cv-03611 (JGK)**

Dear Judge Koeltl:

As you know, this firm represents 1199SEIU United Healthcare Workers East in the above-referenced proceeding. On April 27, 2022, this Court acknowledged receipt of a letter from a non-party requesting that the Court hold off on confirming the February 2022 Arbitration Award of Martin F. Scheinman until the National Labor Relations Board ruled on two pending charges alleging breach of the Union's duty of fair representation (though the movants themselves before this Court argued the Union owes no duty to them). We write to notify the Court that yesterday, Region 29 of the National Labor Relations Board dismissed the duty of fair representation charges filed by proposed intervenor Mei Kum Chu and 1199 bargaining unit member Lai Yi Chan. Attached hereto are copies of Region 29's dismissals of the two charges.

Very truly yours,
 */s Laureve Blackstone*
Laureve Blackstone

cc:  All Counsel via ECF

1-000-00464: 11355513

*Advancing the rights of everyone who works*

\*  Admitted in NY and NJ.   •  Admitted in NY and CA.   ♦  Admitted in NY and MI.

UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**
REGION 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

Agency Website: www.nlrb.gov
Telephone: (718)330-7713
Fax: (718)330-7579

June 9, 2022

Lai Yee Chan
24011 67th Avenue
Douglaston, NY 11362

Re: 1199 SEIU (Chinese American Planning Council)
Case 29-CB-293554

Dear Ms. Chan:

We have carefully investigated and considered your charge that 1199SEIU United Healthcare Workers East (Union) has violated the National Labor Relations Act.

**Decision to Dismiss:** Based on that investigation, I have decided to dismiss your charge for the reasons discussed below.

Your charge alleges that the Union has failed and refused to represent you and other union members by not challenging the February 25, 2022 arbitrator's award for the Union's class-action grievance. Further, you allege the Union's handling of the class action grievance "had the effect of colluding with 42 homecare agencies/employers in the State of New York to evade monetary and criminal liabilities by these employers…" Contrary to what is alleged in your charge, there is insufficient evidence to establish that the Union has failed in its duty to represent you or other employees named in the charge.

Is well established that a Union, as the exclusive representative of bargaining unit employees, has the statutory duty to fairly represent their interests in the processing of grievances.  See *Vaca v. Sipes*, 386 U.S. 171 (1967). A breach of this duty occurs when the Union's conduct is based upon arbitrary, invidious, or discriminatory considerations.  At the same time, however, unions have broad discretionary power to settle or drop grievances for a multitude of reasons and the duty of fair representation "does not require that every possible option be exercised or that a grievant's case be advocated in a perfect manner." *Truck Drivers, Local Union No. 355*, 229 NLRB 1319, 1321(1977).

Here, the evidence shows that the Union processed a class-action grievance on behalf of approximately 120,000 home healthcare workers which resulted in an arbitrator issuing a decision on February 25, 2022. The arbitrator's decision establishes a fund of approximately $32 million to pay the wage claims of the employees represented by the Union. Further, the arbitrator's decision establishes a formula to distribute the funds to employees who submit claims. While you have objected to the arbitrator's decision, claiming that it is arbitrary and discriminatory, the Union's assessment is that the decision is fair and reasonable and balances the various factors related to such a large class action. Contrary to what you have claimed, the

1199 SEIU (Chinese American Planning Council)  
Case 29-CB-293554

- 2 -

arbitrator's award does not arbitrarily distribute funds equally to all employees in the class, but rather compensates employees consistent with a formula that accounts for which employees had worked 24-hour shifts. While you disagree with the Union's assessment that the arbitrator's award is appropriate, there is insufficient evidence that the Union's actions are based on any unlawful considerations. Your disagreement with how the Union has chosen to represent the class of employees does not equate to the Union violating its statutory obligation to provide fair representation to the employees it represents. Accordingly, since there is insufficient evidence to establish that the Union violated the Act as alleged or in any other manner encompassed by your charge, I am dismissing this charge.

**Charging Party's Right to Appeal:**  The Charging Party may appeal my decision to the General Counsel of the National Labor Relations Board, through the Office of Appeals.

**Means of Filing:  You must file your appeal electronically or provide a written statement explaining why electronic submission is not possible or feasible. Written instructions for the NLRB's E-Filing system and the Terms and Conditions of the NLRB's E-Filing policy are available at www.nlrb.gov.** See User Guide.  **A video demonstration which provides step-by-step instructions and frequently asked questions are also available at www.nlrb.gov.  If you require additional assistance with E-Filing, please contact e-Filing@nlrb.gov**.

You are encouraged to also submit a complete statement of the facts and reasons why you believe my decision was incorrect.  If you cannot file electronically, please send the appeal and your written explanation of why you cannot file electronically to the **General Counsel** at the **National Labor Relations Board, Attn: Office of Appeals, 1015 Half Street SE, Washington, DC 20570-0001**.  Unless filed electronically, a copy of the appeal should also be sent to me.

The appeal MAY NOT be filed by fax or email.  The Office of Appeals will not process faxed or emailed appeals.

**Appeal Due Date:** The appeal is due on **June 23, 2022**. If the appeal is filed electronically, the transmission of the entire document through the Agency's website must be completed **no later than 11:59 p.m. Eastern Time** on the due date.  If filing by mail or by delivery service an appeal will be found to be timely filed if it is postmarked or given to a delivery service no later than June 22, 2022.  **If an appeal is postmarked or given to a delivery service on the due date, it will be rejected as untimely**.  If hand delivered, an appeal must be received by the General Counsel in Washington D.C. by 5:00 p.m. Eastern Time on the appeal due date.  If an appeal is not submitted in accordance with this paragraph, it will be rejected.

**Extension of Time to File Appeal:** The General Counsel may allow additional time to file the appeal if the Charging Party provides a good reason for doing so and the request for an extension of time is **received on or before June 23, 2022.**  The request may be filed electronically through the *E-File Documents* link on our website www.nlrb.gov, by fax to (202)273-4283, by mail, or by delivery service.  The General Counsel will not consider any request for an extension of time to file an appeal received after June 23, 2022, **even if it is**

1199 SEIU (Chinese American Planning Council)  
Case 29-CB-293554

- 3 -

**postmarked or given to the delivery service before the due date**. Unless filed electronically, a copy of the extension of time should also be sent to me.

      **Confidentiality:** We will not honor requests to limit our use of appeal statements or evidence. Upon a request under the Freedom of Information Act (FOIA) by a party during the processing of an appeal, the Agency's FOIA Branch discloses appeal statements, redacted for personal privacy, confidential source protection, or other applicable FOIA exemptions. In the event the appeal is sustained, any statement or material submitted may be introduced as evidence at a hearing before an administrative law judge. However, certain evidence produced at a hearing may be protected from public disclosure by demonstrated claims of confidentiality.

                             Very truly yours,

                             Kathy Drew King  
                             Regional Director

Enclosure

cc:    Sarah Ahn, Director  
       Flushing Workers Center  
       PO Box 528119  
       Flushing, NY 11355

       George Gresham  
       1199SEIU United Healthcare Workers East  
       498 Seventh Avenue  
       New York, NY 10018

       Laureve Blackstone, Esq.  
       Levy Ratner, P.C.  
       80 Eighth Avenue  
       8th Floor  
       New York, NY 10011-7175

       Kenneth Kirschner, Esq.  
       Hogan Lovells LLP  
       390 Madison Avenue  
       New York, NY 10017

1199 SEIU (Chinese American Planning Council)
Case 29-CB-293554

- 4 -

Ling Ma
Chinese-American Planning Council
1 York Street
New York, NY 10013

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

## APPEAL FORM

To: General Counsel                                                                  Date:
     Attn: Office of Appeals
     National Labor Relations Board
     1015 Half Street SE
     Washington, DC 20570-0001

    Please be advised that an appeal is hereby taken to the General Counsel of the National Labor Relations Board from the action of the Regional Director in refusing to issue a complaint on the charge in

_____

Case Name(s).

_____

Case No(s). *(If more than one case number, include all case numbers in which appeal is taken.)*

_____

*(Signature)*

# E-FILING TO APPEALS

1. **Extension of Time**: This document is used when the Charging Party is asking for more time to efile an Appeal.

   - If an Extension of Time is e-filed, and there are additional documents to be e-filed simultaneously with it, please e-file those documents under the selection **Correspondence**.
   - After an Extension of Time has already been e-filed, any **additional** materials to add to the Extension of Time should be e-filed under **Correspondence**.

2. **File an Appeal**: If the Charging Party does not agree with the Region's decision on the case, an Appeal can be e-filed.

   - Only **one** (**1**) **Appeal** can be e-filed to each determination in the Region's decision letter that is received.
   - After an Appeal has been e-filed, any **additional** materials to add to the Appeal should be e-filed under **Correspondence**.

3. **Notice of Appearance**: Either party can e-file a Notice of Appearance if there is a new counsel representing one side or a different counsel.

   - This document is only e-filed with the Office of Appeals after a decision has been made by the Region.
   - This document can be e-filed **before** an Appeal is e-filed.

4. **Correspondence**: Parties will **select** Correspondence when adding documents or supplementing the Appeal or Extension of Time.

   - Correspondence is used to e-file documents **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

5. **Position Statement**: The Charging Party or Charged Party may e-file a Position Statement.

   - The Charging Party will e-file this document as a supplement of the Appeal.
   - The Charged Party will specifically file one to support the Region's decision.
   - This document should be e-filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

6. **Withdrawal Request**: If the Charging Party decides to no longer pursue their appeal, he/she can e-file a Withdrawal Request to the Office of Appeals.

   - This document should be e-Filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

   

7. The selections of **Evidence** or **Other** should no longer be used.

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
REGION 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

Agency Website: www.nlrb.gov
Telephone: (718)330-7713
Fax: (718)330-7579

June 9, 2022

Mei Kum Chu
268 Bay 17th Street
C3
Brooklyn, NY 11214

Re: 1199SEIU United Healthcare Workers East
(Chinese-American Planning Council)
Case 29-CB-293575

Dear Chu:

We have carefully investigated and considered your charge that 1199SEIU United Healthcare Workers East has violated the National Labor Relations Act.

**Decision to Dismiss:** Based on that investigation, I have decided to dismiss your charge for the reasons discussed below.

Your charge alleges that the Union has failed and refused to represent you and other union members by not challenging the February 25, 2022 arbitrator's award for the Union's class-action grievance. Further, you allege the Union's handling of the class action grievance "had the effect of colluding with 42 homecare agencies/employers in the State of New York to evade monetary and criminal liabilities by these employers…" Contrary to what is alleged in your charge, there is insufficient evidence to establish that the Union has failed in its duty to represent you or other employees named in the charge.

Is well established that a Union, as the exclusive representative of bargaining unit employees, has the statutory duty to fairly represent their interests in the processing of grievances.  See *Vaca v. Sipes*, 386 U.S. 171 (1967). A breach of this duty occurs when the Union's conduct is based upon arbitrary, invidious, or discriminatory considerations.  At the same time, however, unions have broad discretionary power to settle or drop grievances for a multitude of reasons and the duty of fair representation "does not require that every possible option be exercised or that a grievant' s case be advocated in a perfect manner." *Truck Drivers, Local Union No. 355*, 229 NLRB 1319, 1321(1977).

Here, the evidence shows that the Union processed a class-action grievance on behalf of approximately 120,000 home healthcare workers which resulted in an arbitrator issuing a decision on February 25, 2022. The arbitrator's decision establishes a fund of approximately $32 million to pay the wage claims of the employees represented by the Union. Further, the arbitrator's decision establishes a formula to distribute the funds to employees who submit claims. While you have objected to the arbitrator's decision, claiming that it is arbitrary and discriminatory, the Union's assessment is that the decision is fair and reasonable and balances

1199SEIU United Healthcare Workers East      - 2 -
(Chinese-American Planning Council)
Case 29-CB-293575

the various factors related to such a large class action. Contrary to what you have claimed, the arbitrator's award does not arbitrarily distribute funds equally to all employees in the class, but rather compensates employees consistent with a formula that accounts for which employees had worked 24-hour shifts. While you disagree with the Union's assessment that the arbitrator's award is appropriate, there is insufficient evidence that the Union's actions are based on any unlawful considerations. Your disagreement with how the Union has chosen to represent the class of employees does not equate to the Union violating its statutory obligation to provide fair representation to the employees it represents. Accordingly, since there is insufficient evidence to establish that the Union violated the Act as alleged or in any other manner encompassed by your charge, I am dismissing this charge.

**Charging Party's Right to Appeal:**  The Charging Party may appeal my decision to the General Counsel of the National Labor Relations Board, through the Office of Appeals.

**Means of Filing:  You must file your appeal electronically or provide a written statement explaining why electronic submission is not possible or feasible. Written instructions for the NLRB's E-Filing system and the Terms and Conditions of the NLRB's E-Filing policy are available at www.nlrb.gov. See User Guide.  A video demonstration which provides step-by-step instructions and frequently asked questions are also available at www.nlrb.gov.  If you require additional assistance with E-Filing, please contact e-Filing@nlrb.gov**.

You are encouraged to also submit a complete statement of the facts and reasons why you believe my decision was incorrect.  If you cannot file electronically, please send the appeal and your written explanation of why you cannot file electronically to the **General Counsel** at the **National Labor Relations Board, Attn: Office of Appeals, 1015 Half Street SE, Washington, DC 20570-0001**.  Unless filed electronically, a copy of the appeal should also be sent to me.

The appeal MAY NOT be filed by fax or email.  The Office of Appeals will not process faxed or emailed appeals.

**Appeal Due Date:** The appeal is due on **June 23, 2022**. If the appeal is filed electronically, the transmission of the entire document through the Agency's website must be completed **no later than 11:59 p.m. Eastern Time** on the due date.  If filing by mail or by delivery service an appeal will be found to be timely filed if it is postmarked or given to a delivery service no later than June 22, 2022.  **If an appeal is postmarked or given to a delivery service on the due date, it will be rejected as untimely**.  If hand delivered, an appeal must be received by the General Counsel in Washington D.C. by 5:00 p.m. Eastern Time on the appeal due date.  If an appeal is not submitted in accordance with this paragraph, it will be rejected.

**Extension of Time to File Appeal:** The General Counsel may allow additional time to file the appeal if the Charging Party provides a good reason for doing so and the request for an extension of time is **received on or before June 23, 2022.**  The request may be filed electronically through the *E-File Documents* link on our website www.nlrb.gov, by fax to (202)273-4283, by mail, or by delivery service.  The General Counsel will not consider any


1199SEIU United Healthcare Workers East    - 3 -
(Chinese-American Planning Council)
Case 29-CB-293575

request for an extension of time to file an appeal received after June 23, 2022, **even if it is postmarked or given to the delivery service before the due date**.  Unless filed electronically, a copy of the extension of time should also be sent to me.

**Confidentiality:** We will not honor requests to limit our use of appeal statements or evidence.   Upon a request under the Freedom of Information Act (FOIA) by a party during the processing of an appeal, the Agency's FOIA Branch discloses appeal statements, redacted for personal privacy, confidential source protection, or other applicable FOIA exemptions.   In the event the appeal is sustained, any statement or material submitted may be introduced as evidence at a hearing before an administrative law judge. However, certain evidence produced at a hearing may be protected from public disclosure by demonstrated claims of confidentiality.

        Very truly yours,

        Kathy Drew King
        Regional Director

Enclosure

cc:    Sarah Ahn, Director
       Flushing Workers Center
       PO Box 528119
       Flushing, NY 11355

       George Gresham
       1199SEIU United Healthcare Workers East
       498 Seventh Avenue
       New York, NY 10018

       Laureve Blackstone, Esq.
       Levy Ratner, P.C.
       80 Eighth Avenue
       8th Floor
       New York, NY 10011-7175

       Kenneth Kirschner, Esq.
       Hogan Lovells LLP
       390 Madison Avenue
       New York, NY 10017

1199SEIU United Healthcare Workers East     - 4 -
(Chinese-American Planning Council)
Case 29-CB-293575

    Ling Ma
    Chinese-American Planning Council
    1 York Street
    New York, NY 10013

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

## APPEAL FORM

To:  General Counsel                                                                 Date:
     Attn: Office of Appeals
     National Labor Relations Board
     1015 Half Street SE
     Washington, DC 20570-0001

     Please be advised that an appeal is hereby taken to the General Counsel of the National Labor Relations Board from the action of the Regional Director in refusing to issue a complaint on the charge in

_____

Case Name(s).

_____

Case No(s). *(If more than one case number, include all case numbers in which appeal is taken.)*

_____

(Signature)

# E-FILING TO APPEALS

1. **Extension of Time**:  This document is used when the Charging Party is asking for more time to efile an Appeal.

    - If an Extension of Time is e-filed, and there are additional documents to be e-filed simultaneously with it, please e-file those documents under the selection **Correspondence**.
    - After an Extension of Time has already been e-filed, any **additional** materials to add to the Extension of Time should be e-filed under **Correspondence**.

2. **File an Appeal**:  If the Charging Party does not agree with the Region's decision on the case, an Appeal can be e-filed.

    - Only **one** (**1**) **Appeal** can be e-filed to each determination in the Region's decision letter that is received.
    - After an Appeal has been e-filed, any **additional** materials to add to the Appeal should be e-filed under **Correspondence**.

3. **Notice of Appearance**:  Either party can e-file a Notice of Appearance if there is a new counsel representing one side or a different counsel.

    - This document is only e-filed with the Office of Appeals after a decision has been made by the Region.
    - This document can be e-filed **before** an Appeal is e-filed.

4. **Correspondence**:  Parties will **select** Correspondence when adding documents or supplementing the Appeal or Extension of Time.

    - Correspondence is used to e-file documents **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

5. **Position Statement**:  The Charging Party or Charged Party may e-file a Position Statement.

    - The Charging Party will e-file this document as a supplement of the Appeal.
    - The Charged Party will specifically file one to support the Region's decision.
    - This document should be e-filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

6. **Withdrawal Request**:  If the Charging Party decides to no longer pursue their appeal, he/she can e-file a Withdrawal Request to the Office of Appeals.

    - This document should be e-Filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

    

7. The selections of **Evidence** or **Other** should no longer be used.