UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1199SEIU UNITED HEALTHCARE WORKERS EAST,

Petitioner,

- against -

PSC COMMUNITY SERVICES, NEW PARTNERS, INC.
D/B/A PARTNERS IN CARE, STELLA ORTON HOME
CARE AGENCY, RICHMOND HOME NEEDS,
SUNNYSIDE HOME CARE PROJECT, SUNNYSIDE
CITYWIDE HOME CARE, FAMILY HOME CARE OF
BROOKLYN AND QUEENS, CARE AT HOME,
CHINESE-AMERICAN PLANNING COUNCIL HOME
ATTENDANT PROGRAM, UNITED JEWISH
COUNCIL OF THE EAST SIDE HOME ATTENDANT
SERVICE CORP., THE FIRST CHINESE
PRESBYTERIAN COMMUNITY AFFAIRS HOME
ATTENDANT CORP., AZOR HOME CARE,
BUSHWICK STUYVESANT HEIGHTS HOME
ATTENDANT, INC., CABS HOMECARE,
RIVERSPRING LICENSED HOMECARE SERVICES
AGENCY, INC., ST. NICHOLAS HUMAN SUPPORTS
CORP., WARTBURG, ALLIANCE FOR HEALTH, INC.,
REGION CARE, INC., SPECIAL TOUCH HOME CARE
SERVICES, INC., RAIN, INC., PRESTIGE HOME
CARE, INC., PRESTIGE HOME ATTENDANT, INC.
D/B/A ALL SEASON HOME ATTENDANT,
PERSONAL TOUCH HOME CARE OF N.Y., INC.,
PRIORITY HOME SERVICES, PREMIER HOME
HEALTH CARE, INC., BRONX JEWISH COMMUNITY
COUNCIL HOME ATTENDANT SERVICES, CIDNY
INDEPENDENT LIVING SERVICES, HOME CARE
SERVICES FOR INDEPENDENT LIVING, NEW YORK
FOUNDATION FOR SENIOR CITIZENS HOME
ATTENDANT SERVICES, COOPERATIVE HOME
CARE ASSOCIATES, RISEBORO HOME CARE, INC.,
FEGS HOME ATTENDANT SERVICES, HOME
HEALTH MANAGEMENT SERVICES, INC., SCHOOL
SETTLEMENT HOME ATTENDANT CORP.,
ROCKAWAY HOME ATTENDANT, BRONXWOOD
HOME FOR THE AGED, INC., ACCENTCARE OF NY,
INC., ISABELLA VISITING CARE, INC., SOCIAL
CONCERN COMMUNITY DEVELOPMENT CORP.,
ABC HEALTH SERVICES REGISTRY, ALLIANCE

No. 20-cv-03611 (JGK)

HOME SERVICES, collectively identified by the
Arbitrator as the "HOME HEALTH CARE AGENCIES",

                       Respondents.

## <u>MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT UNITED JEWISH COUNCIL OF THE EAST SIDE HOME ATTENDANT SERVICE CORP.'S MOTION FOR PRELIMINARY AND/OR PERMANENT INJUNCTION</u>

Dated:  August 22, 2022

Kenneth Kirschner
David J. Baron
Heather McAdams
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Tel.: (212) 918- 3000
Fax: (212) 918-3100
kenneth.kirschner@hoganlovells.com
david.baron@hoganlovells.com
heather.mcadams@hoganlovells.com

*Attorneys for Respondent United Jewish Council of the East Side Home Attendant Service Corp.*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ...........................................................................1
RELEVANT FACTS AND PROCEDURAL HISTORY ...................................3
    **I.**    UJC and its Collective Bargaining Agreement ...................................3
    **II.**   The State Court Action and the Arbitration ......................................4
    **III.**  The Arbitrator's Awards and This Court's Confirmation Orders...................5
    **IV.**  The State Action, Continued ...............................................................6
ARGUMENT....................................................................................................7
    **I.**    THIS COURT SHOULD ENJOIN THE STATE ACTION AS TO
        PUTATIVE CLASS MEMBERS .................................................7
        **A.**   The All Writs Act and Anti-Injunction Act permit injunctions to
            prevent relitigation of matters already decided by this Court. ........... 7
        **B.**   All requirements for an injunction under the relitigation exception
            are met in this case. ...................................................................... 9
            **1.**   The issues involved in the putative class claims in the State
                Action are identical to issues this Court already resolved when
                it confirmed the Awards.............................................. 10
            **2.**   The putative class members are bound by this Court's
                confirmation of the Awards even though they were not parties
                to the federal action. .................................................. 11
            **3.**   The state court has not ruled on the preclusive effect of this
                Court's orders. .......................................................... 12
            **4.**   Equitable considerations favor the requested relief. ................ 13
    **II.**   THIS COURT'S DENIAL OF INJUNCTIVE RELIEF TO OTHER
        RESPONDENTS DOES NOT COMPEL A DIFFERENT RESULT............15
CONCLUSION ...............................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*,
    520 F. Supp. 3d 588 (S.D.N.Y. 2021)......................................................................12

*ACLI Gov't Secs., Inc. v. Rhoades*,
    963 F.2d 530 (2d Cir. 1992).....................................................................................11

*Amalgamated Sugar Co. v. NL Indus., Inc.*,
    825 F.2d 634 (2d Cir. 1987)............................................................................. *passim*

*Matter of Arbitration Between Nuclear Elec. Ins. Ltd. & Central Power & Light Co.*,
    926 F. Supp. 428 (S.D.N.Y. 1996) ...........................................................................9

*Arciniaga v. Gen. Motors Corp.*,
    460 F.3d 231 (2d Cir. 2006).....................................................................................14

*In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litigation)*,
    770 F.2d 328 (2d Cir. 1985).....................................................................................17

*Blue Cross v. Smithkline Beecham Clinical Labs., Inc.*,
    108 F. Supp. 2d 130 (D. Conn. 2000)........................................................................8

*Doctor's Assocs., Inc. v. Stuart*,
    85 F.3d 975 (2d Cir. 1996).........................................................................................9

*Doctor's Assocs. Inc. v. Stuart*,
    11 F. Supp. 2d 221 (D. Conn. 1998).................................................................9, 14

*Doctor's Assocs., LLC v. Tripathi*,
    794 F. App'x 91 (2d Cir. 2019) ..............................................................................11

*Epic Sys. Corp. v. Lewis*,
    138 S. Ct. 1612 (2018).............................................................................................14

*Expert Elec. Co. v. Levine*,
    554 F.2d 1227 (2d Cir. 1977)...................................................................................11

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    139 S. Ct. 524 (2019)...............................................................................................14

*Hichez v. United Jewish Council of the East Side Home Attendant Service Corp.*,
    Index No. 653250/2017 (filed June 14, 2017 Sup. Ct. N.Y. Cnty.)................ *passim*

*Hichez v. United Jewish Counsel of the East Side Home Attendant Service Corp.*,
No. 653250/2017, 2018 WL 4466257 (Sup. Ct. N.Y. Cnty. Sept. 18, 2018) ....................4, 10

*Hichez v. United Jewish Counsel of the East Side Home Attendant Service Corp.*,
No. 653250/2017, 2020 WL 2747784 (Sup. Ct. N.Y. Cnty. May 27, 2020) ........................2, 5

*Hichez v. United Jewish Counsel of the East Side Home Attendant Service Corp.*,
No. 653250/2017, 2021 WL 1034895 (Sup. Ct. N.Y. Cnty. Mar. 16, 2021) ......................2, 5

*Hichez v. United Jewish Counsel of the East Side Home Attendant Service Corp.*,
No. 653250/2017, 2021 WL 5883111 (Sup. Ct. N.Y. Cnty. Dec. 13, 2021)...........................6

*Higgins v. U.S. Postal Serv.*,
655 F. Supp. 739 (D. Ne. 1987) ...............................................................................................1

*Jones v. Ass'n for Rehab. Case Mgmt. & Supported Hous. Program*,
Civ. No.: 1:19-cv-10114 (CM), 2020 WL 495935 (S.D.N.Y. Jan. 30, 2020) ........................17

*JSC Sec., Inc. v. Gebbia*,
4 F. Supp. 2d 243 (S.D.N.Y. 1998) .........................................................................................9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
No. 12 Civ. 9350 (NRB), 2017 WL 6403087 (S.D.N.Y. Nov. 16, 2017) .........................8, 13

*Keep on Kicking Music, Ltd. v. Hibbert*,
268 F. Supp. 3d 585 (S.D.N.Y. 2017).....................................................................................14

*Massen v. Cliff*,
No. 02-Civ. 9282, 2003 WL 2012404 (S.D.N.Y. 2003)............................................................1

*Merck & Co. v. Tecnoquimicas S.A.*,
No. 01 Civ. 5345 (NRB), 2001 WL 963977 (S.D.N.Y. Aug. 13, 2001) ................................14

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1, 24 (1983).............................................................................................................14

*Nat'l Union Fire Ins. Co. v. Advanced Micro Devices, Inc.*,
No. 16-cv-5699, 2016 WL 4204066 (S.D.N.Y. Aug. 4, 2016)........................................13, 14

*Necchi Sewing Mach. Sales Corp. v. Carl*,
260 F. Supp. 665 (S.D.N.Y. 1966) ...........................................................................................9

*Network Cinema Corp. v. Glassburn*,
357 F. Supp. 169 (S.D.N.Y. 1973) ...........................................................................................9

*New Y-Capp, Inc. v. Arch Capital Funding, LLC*,
No. 1:18-CV-03223 (ALC), 2020 WL 5549315 (S.D.N.Y. Sept. 16, 2020)...........................17

*Paramedics Electromedicina Comercial Ltd. v. GE Med. Sys. Info. Technologies, Inc.*,
No. 02-cv-9369 (DFE), 2003 WL 23641529 (S.D.N.Y. June 4, 2003), *aff'd and remanded sub nom. Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Technologies, Inc.*, 369 F.3d 645 (2d Cir. 2004) ................................................14

*Parsons Steel v. First Ala. Bank*,
474 U.S. 518 (1986) ...............................................................................................8

*Reliance Nat'l Ins. Co. v. Seismic Risk Ins. Servs., Inc.*,
962 F. Supp. 385 (S.D.N.Y. 1997) .......................................................................13

*In re Rezulin Prods. Liab. Litig.*, 223 F.R.D. 109, 119 (S.D.N.Y. 2004), *vacated in part on other grounds*, *In re Rezulin Prods. Liab. Litig.*, No. 03-cv1756, 2004 WL 1700618 (S.D.N.Y. July 27, 2004) .......................................................8, 13

*Ronnie Van Zant, Inc. v. Pyle*, 270 F. Supp. 3d 656, 675 (S.D.N.Y. 2017) (citing cases), *rev'd, vacated on other grounds sub nom.*, *Ronnie Van Zant, Inc. v. Cleopatra Recs., Inc.*, 906 F.3d 253 (2d Cir. 2018) ..............................................13

*Smith v. Bayer Corp.*,
564 U.S. 299 (2011) ...............................................................................................8

*Smith v. Woosley*,
399 F.3d 428 (2d Cir. 2005) ...................................................................................8

*Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*,
922 F.2d 92 (2d Cir. 1990) ...................................................................................12

*Wyly v. Weiss*,
697 F.3d 131 (2d Cir. 2012) ...............................................................8, 9, 10, 13

**Statutes**

28 U.S.C. § 2283 ..........................................................................................................7

All Writs Act, 28 U.S.C. § 1651 ..................................................................................7

New York Home Care Worker Wage Parity Law ...................................................3, 10

New York Minimum Wage Order for Miscellaneous Industries and Occupations,
12 N.Y.C.R.R. Part 142 ........................................................................................10

New York's Wage Theft Prevention Act, New York Labor Law §§195(1), 195(3) ....10

**Other Authorities**

Fed. R. Civ. P. 65 ..................................................................................................16, 17

## PRELIMINARY STATEMENT

Respondent United Jewish Council of the East Side Home Attendant Service Corp. ("UJC") submits this memorandum of law in support of its motion for a preliminary and/or permanent injunction under the All Writs Act ("AWA") and the Anti-Injunction Act ("AIA") enjoining Epifania Hichez, Carmen Carrasco, and Seferina Acosta (together, "Named Plaintiffs"), former UJC employees, from further prosecuting putative class claims against UJC in a New York State Supreme Court action entitled *Hichez v. United Jewish Council of the East Side Home Attendant Service Corp.*, Index No. 653250/2017 (filed June 14, 2017 Sup. Ct. N.Y. Cnty.) ("State Action"). Such claims were subject to final and binding arbitration pursuant to the Collective Bargaining Agreement between 1199SEIU United Healthcare Workers East ("Union") and UJC ("CBA"). This Court is familiar with the now-resolved arbitration between the Union and various New York home care agencies, including UJC ("Arbitration"). The Court issued two orders ("Confirmation Orders") confirming the Awards issued in the Arbitration, as well as denied motions to intervene, dismiss, enjoin and stay made by, among others, the Named Plaintiffs. (ECF Nos. 159 & 262; Declaration of Kenneth Kirschner ("Kirschner Decl."), ¶¶ 17, 25). The Confirmation Orders are final judgments of the Court, which UJC's present motion seeks to protect.[1] Named Plaintiffs' continued pursuit of putative class claims in the State Action is a clear attempt to frustrate this Court's judgments—precisely the situation that calls for relief under the All Writs Act.

---

[1] Confirmation gives an arbitral award "the full force and effect of a judgment of the court." *Massen v. Cliff*, No. 02-Civ. 9282 (HBP), 2003 WL 2012404, at *2 (S.D.N.Y. May 1, 2003) (quoting *Higgins v. U.S. Postal Serv.*, 655 F. Supp. 739, 742 (D. Me. 1987)). Both Confirmation Orders are presently on appeal to the Second Circuit, which has consolidated the appeals. Order, *1199 SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, No. 21-631-cv (L) (2d Cir. Aug. 17, 2022) ECF No. 160; Order, *1199 SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, No. 21-631-cv (L) (2d Cir. Aug. 17, 2022) ECF No. 163.

The instant motion under the AWA and AIA does not seek to "appeal" any ruling in the State Action.  Indeed, the state court allowed the putative class members in the State Action to proceed to arbitration, and this motion seeks to ensure the putative class continues in the arbitral forum and not the courts.  This motion does not seek to prevent the Named Plaintiffs from proceeding in the State Action because, as this Court recognized, they were excluded from both of the arbitration awards ("Awards") issued by Arbitrator Martin Scheinman ("Arbitrator").

The Court's Confirmation Orders, together with the underlying Awards, make clear that the Awards do not apply to the Named Plaintiffs but fully and finally resolve all claims of the putative class members that Named Plaintiffs seek to represent in the State Action.  This is consistent with the state court's rulings enjoining the Arbitration as to only the Named Plaintiffs themselves and *not* as to their putative class members.  *See Hichez v. United Jewish Counsel of the E. Side Home Attendant Serv. Corp.*, No. 653250/2017, 2020 WL 2747784, at *3 (Sup. Ct. N.Y. Cnty. May 27, 2020); (Kirschner Decl., ¶ 16, Ex. I); *Hichez v. United Jewish Counsel of the E. Side Home Attendant Serv. Corp.*, No. 653250/2017, 2021 WL 1034895, at *1 (Sup. Ct. N.Y. Cnty. Mar. 16, 2021); (Kirschner Decl., ¶ 16, Ex. J).

Nonetheless, just one week after the Court issued its second Confirmation Order, Named Plaintiffs, for the first time in the five-year pendency of the State Action, served written discovery on UJC bearing not only on their individual claims, which were not covered by the Awards, but also on the putative class claims, even though those claims were resolved by the Awards and this Court's confirmation of them.  By attempting to prosecute claims on behalf of individuals whose claims have been resolved by this Court, Named Plaintiffs seek to flout and contravene this Court's judgments in hopes that the state court will do the same.

To protect and effectuate this Court's Confirmation Orders, UJC respectfully requests that the Court enjoin Named Plaintiffs from pursuing their putative class claims in the State Action. All standards for injunctive relief under the AWA and AIA are satisfied—including identity of issues and parties and the absence of any ruling in the state court on the preclusive effect of this Court's judgments. The equities, including the public policies in favor of arbitration and against duplicative proceedings, also strongly favor the requested relief. UJC recognizes that this Court has denied an injunction to other respondents in this matter; however, as explained below, material differences between the two cases underscore why UJC's proposed injunction is warranted— among them, that UJC acted expeditiously in seeking such relief under the circumstances and has fully participated in these proceedings.

## RELEVANT FACTS AND PROCEDURAL HISTORY

### I.      UJC and its Collective Bargaining Agreement

UJC is a not-for-profit provider of home health care services to elderly, infirm and disabled residents of New York City. (Kirschner Decl., ¶ 2). UJC has been a party to a collective bargaining agreement ("CBA") with the Union since at least 2010. The CBA contains an express provision making arbitration subject to the Rules of the American Arbitration Association. (ECF No. 111-1 at 31-33; Kirschner Decl., ¶ 2, Ex. A). Effective December 1, 2015, UJC entered into a memorandum of agreement—the "2015 MOA"—with the Union. (ECF No. 111-3; Kirschner Decl., ¶ 10, Ex. H). Among other things, the 2015 MOA amended the CBA by adding a new alternative dispute resolution provision by which the parties agreed that "all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ('FLSA'), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the 'Covered Statutes'), in any manner, shall be subject exclusively to the grievance and arbitration procedures described in this Article." *Id.*

## II.      The State Court Action and the Arbitration

On June 14, 2017, Named Plaintiffs filed the State Action in New York Supreme Court asserting claims under the Covered Statutes against UJC on behalf of themselves and a putative class comprised of current and former UJC home care aides.  (ECF No. 105-1; Kirschner Decl., ¶ 4, Ex. B).[2]  On July 25, 2017, UJC responded to the State Action complaint by moving to compel arbitration pursuant to the 2015 MOA.  The state court denied UJC's motion.  *Hichez v. United Jewish Counsel of the E. Side Home Attendant Serv. Corp.*, No. 653250/2017, 2018 WL 4466257, at \*3 (Sup. Ct. N.Y. Cnty. Sept. 18, 2018); (Kirschner Decl., ¶ 6, Ex. D).  However, as the court later would make clear, its decision applied *only* to Plaintiffs, and *not* to putative class members. *Id.* at \*2.

On January 2, 2019, the Union filed a "a class action grievance [against UJC and others] on behalf of all of its home care bargaining unit members concerning violations of the CBAs regarding wage and hour claims arising under the Covered Statutes ("Grievance").  (ECF No. 101-13; Kirschner Decl., ¶ 8).  The Union brought its Grievance against almost 50 home care agencies ("Respondents"), including UJC, on behalf of all of those agencies' current and former employees—a class of some 100,000 individuals that included Named Plaintiffs and all other current and former UJC home care aides.  (ECF Nos. 183-1 at 4 & 262 at 30).

Arbitrator Martin Scheinman sought briefing and scheduled a hearing for January 15, 2020 on the scope of his jurisdiction in connection with the Grievance.  (ECF No. 159 at 7-8; Kirschner Decl., ¶ 11).  In response, Named Plaintiffs moved in the State Action to enjoin the Arbitration with respect to home attendants employed prior to December 1, 2015.  The state court granted the injunction but expressly limited it to the three Named Plaintiffs and declined to enjoin the

---

[2] Plaintiffs later amended their complaint to limit the putative class to former UJC home care aides employed from June 14, 2011 through November 30, 2015. (Kirschner Decl., ¶ 19, Ex. L).

Arbitration as to the putative class.  *Hichez v. United Jewish Counsel of the E. Side Home Attendant Serv. Corp.*, No. 653250/2017, 2020 WL 2747784, at *3 (Sup. Ct. N.Y. Cnty. May 27, 2020) (Kirschner Decl., ¶ 16, Ex. I).  Named Plaintiffs moved for reconsideration, arguing that the injunction should extend to their putative class, but the state court declined to reconsider.  *Hichez v. United Jewish Counsel of the E. Side Home Attendant Serv. Corp.*, No. 653250/2017, 2021 WL 1034895, at *1 (Sup. Ct. N.Y. Cnty. Mar. 16, 2021) (Kirschner Decl., ¶ 16, Ex. J). Notably, neither of these rulings, nor any other decisions in the State Action, prevented the Arbitrator from deciding any claims on behalf of the putative class.

### III.  The Arbitrator's Awards and This Court's Confirmation Orders

On April 17, 2020, the Arbitrator issued the First Award, holding, in relevant part, that (1) "the wage and hour related grievances involving current and former Union bargaining unit members . . . are arbitrable," and (2) "he had 'jurisdiction' to adjudicate the claims."  (ECF No. 159 at 7-8; Kirschner Decl., ¶ 14).   The Arbitrator asserted jurisdiction over all current and former UJC employees *except* for the three Named Plaintiffs.  The Arbitrator stated that his decision to exclude Named Plaintiffs was in deference to the state court's rulings enjoining the Arbitration as to the Named Plaintiffs but not their putative class members.  (ECF No. 1-1 at 45).

The Union petitioned this Court to confirm the First Award.  (ECF No. 1; Kirschner Decl., ¶ 15).  A number of individuals, including Named Plaintiffs, moved to intervene to oppose confirmation.  (ECF No. 103; Kirschner Decl., ¶ 15).  UJC opposed Named Plaintiffs' intervention, arguing that Named Plaintiffs lacked standing because they were expressly excluded from the First Award and lacked a cognizable interest in protecting the asserted interest of their putative class. (ECF No. 109 at 6-7).

On February 18, 2021, this Court confirmed the First Award and denied all other motions including to intervene.  As to Named Plaintiffs, the Court held they lacked standing because,

5

having been excluded from the Award, they could not allege "even speculative" injury from confirmation of the Award.  (ECF No. 159 at 17; Kirschner Decl., ¶ 17, Ex. K).  The Court held further that "the Respondents and the Union (on behalf of its employees) agreed to arbitrate and to delegate questions of arbitrability and jurisdiction to the Arbitrator" and that the Arbitrator's Award was "sufficient to survive the highly deferential review appropriate for confirmation of LMRA arbitration awards."  (*Id.* at 28-29, 35).

On February 25, 2022, the Arbitrator issued the Second Award, holding that respondents had committed various wage and hour violations and ordering them to establish a compensation fund for eligible claimants.  (ECF No. 183-1; Kirschner Decl., ¶ 23).  The Union filed a petition to confirm the Second Award.  (ECF No. 183-1; Kirschner Decl., ¶ 24).   Again, there were proposed intervenors, but this time Named Plaintiffs were not among them.  On June 24, 2022, the Court confirmed the Second Award, holding that the Arbitrator's decision was "reasonable and well-founded" and that the proposed intervenors, once again, lacked standing and sufficient interest to intervene. (ECF No. 262 at 30; Kirschner Decl., ¶ 25).

## IV.    The State Action, Continued

On July 7, 2021, UJC moved to dismiss three of Named Plaintiffs' core claims in the State Action due to UJC's non-profit exemption from certain New York Labor Law provisions.  On December 13, 2021, the state court granted the motion to dismiss the state causes of actions alleging violation of minimum wage, overtime and spread of hours laws. *Hichez v. United Jewish Counsel of the E. Side Home Attendant Serv. Corp.*, No. 653250/2017, 2021 WL 5883111, at *4 (Sup. Ct. N.Y. Cnty. Dec. 13, 2021); (Kirschner Decl., ¶ 20, Ex. M).  Plaintiffs noticed, but have not perfected, their appeal.  (Kirschner Decl., ¶ 21, Ex. N).

Named Plaintiffs made no attempt to further litigate the State Action until July 1, 2022— just one week after and plainly in response to this Court's confirming the Second Award.  On that

date, Named Plaintiffs for the first time served discovery on UJC in the State Action, not only as to their own claims, but also as to claims of putative class members whose claims were resolved by the Arbitration and this Court's Confirmation Orders.  For instance, Named Plaintiffs' request includes: "[a]ll documents and records that refer or relate to Plaintiffs and Defendant's *other Home Care Aides* recording the duties performed during each shift and submitting such records to Defendant"; and "[a]ny document and/or records kept and maintained by Defendant [UJC] which show during the Relevant Period Defendant's *Home Care Aides*': 1) total hours worked each day and each week; 2) total hours recorded for sleep and/or meal breaks taken by Plaintiffs who performed 24-hour shifts; 3) total pay received."  (Kirschner Decl., ¶ 26, Ex. O) (emphasis added).

Lest there be any doubt that Named Plaintiffs intend to pursue their class claims, they subsequently filed on July 14, 2022 in the State Action a Preliminary Conference Request, which describes their case as "a class action, brought by Plaintiffs, individually and on behalf of a class of similarly situated employees, to seek redress for . . . systemic and class-wide" violations. (Kirschner Decl., ¶ 27, Ex. Q).

## ARGUMENT

## I.   THIS COURT SHOULD ENJOIN THE STATE ACTION AS TO PUTATIVE CLASS MEMBERS

### A.   The All Writs Act and Anti-Injunction Act permit injunctions to prevent relitigation of matters already decided by this Court.

The All Writs Act, 28 U.S.C. § 1651 ("AWA"), authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  *Id.* § 1651(a).   Although the Anti-Injunction Act ("AIA") limits this authorization by generally prohibiting injunction of state court actions, it permits such injunctions where "necessary" for a federal court "to protect or effectuate its judgments." 28 U.S.C. § 2283. This "relitigation" exception "was designed to implement well-recognized concepts of claim and

issue preclusion, [and] authorizes a federal court to enjoin state litigation of a claim or issue that previously was presented to and decided by the federal court." *Wyly v. Weiss*, 697 F.3d 131, 139 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011)).

As the Second Circuit held, "the relitigation exception permits a preemptive strike that avoids the need to assert prior adjudication defenses in a state court when faced with claims that have already been rejected in a federal court." *Smith v. Woosley*, 399 F.3d 428, 434 (2d Cir. 2005). A federal court "is not required to 'stand idly by and hope that [a] state court' accords preclusive effect to its rulings before issuing an otherwise appropriate injunction." *In re Rezulin Prods. Liab. Litig.*, 223 F.R.D. 109, 119 (S.D.N.Y. 2004), *vacated in part on other grounds*, *In re Rezulin Prods. Liab. Litig.*, No. 03-cv1756, 2004 WL 1700618 (S.D.N.Y. July 27, 2004) (quoting *Blue Cross v. Smithkline Beecham Clinical Labs., Inc.*, 108 F. Supp. 2d 130, 136 (D. Conn. 2000)).

For the AIA relitigation exception to apply, "the issue the federal court decided [must be] the same one as the one presented in the state tribunal" and the party to be bound by the AWA injunction "must have been a party to the federal suit, or else must fall within one of a few discrete exceptions to the general rule against binding nonparties."[3] *Smith v. Bayer Corp.*, 564 U.S. 299, 307–08 (2011). The relitigation exception applies only when the state court being enjoined has not itself ruled on the preclusive effect of the federal order. *Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 641-42 (2d Cir. 1987) (citing *Parsons Steel v. First Ala. Bank*, 474 U.S. 518 (1986)). In addition, "[t]he decision whether to issue an injunction [under the AWA] remains subject to equitable considerations," *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350

---

[3] In the instant case, the Named Plaintiffs participated in the confirmation of the First Award as intervenors and their counsel continued as Counsel of Record in the second confirmation proceeding.

(NRB), 2017 WL 6403087, at *10 (S.D.N.Y. Nov. 16, 2017), including principles of comity and federalism. *Wyly*, 697 F.3d at 144.

The relitigation exception permits federal courts to enjoin state court actions to protect orders confirming arbitration awards. It is well-settled that "collateral estoppel can be applied to a confirmed arbitration award entered as a final judgment." *JSC Secs., Inc. v. Gebbia*, 4 F. Supp. 2d 243, 252 (S.D.N.Y. 1998) (citing additional cases).  Further, courts in this Circuit have considered it "necessary" to enjoin state court proceedings under the AWA to protect their judgments regarding the issue of arbitrability.  For example, in *Doctor's Assocs. Inc. v. Stuart*, the district court, having confirmed an arbitration award in favor of the movant, held that the non-moving party "must be enjoined from prosecuting the [pending] state action in order to effectuate the judgment confirming the arbitration award and to avoid needless litigation."  11 F. Supp. 2d 221, 225 (D. Conn. 1998); *see also Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996) (affirming district court order enjoining state court action that was "a bald attempt to evade" non-movants' "duty to arbitrate").  Similarly, courts in the Southern District of New York have "held that a stay of state court proceedings is authorized by [the AIA] when the dispute in question has been found by the federal court to be subject to . . . arbitration."  *Network Cinema Corp. v. Glassburn*, 357 F. Supp. 169, 172 (S.D.N.Y. 1973) (citing *Necchi Sewing Mach. Sales Corp. v. Carl*, 260 F. Supp. 665, 669 (S.D.N.Y. 1966)).  *Accord Matter of Arbitration Between Nuclear Elec. Ins. Ltd. & Cent. Power & Light Co.*, 926 F. Supp. 428, 436 (S.D.N.Y. 1996) (citing additional cases).

### B. All requirements for an injunction under the relitigation exception are met in this case.

Although the relitigation exception is "narrow" and its application discretionary, *Wyly*, 697 F.3d at 140, the requirements are clearly met in this case, and the equities weigh strongly in favor of the requested injunction.

**1. The issues involved in the putative class claims in the State Action are identical to issues this Court already resolved when it confirmed the Awards.**

The issues decided by this Court in confirming the Arbitrator's Awards are the same as the putative class issues UJC seeks to enjoin in the State Action. At issue in the Awards underlying the Court's Confirmation Orders was the Union's Grievance that UJC and other respondents failed to pay their current and former home care aides for all hours worked. The Union's claims included, *inter alia*, claims under the New York Home Care Worker Wage Parity Law; claims for spread of hour premiums under the New York Minimum Wage Order for Miscellaneous Industries and Occupations, 12 N.Y.C.R.R. Part 142; claims for overtime compensation under the FLSA; claims for pay for interruptions of sleep and meal periods occurring during 24-hour shifts, pursuant to 12 N.Y.C.R.R. Part 142; claims for travel time and pay; and claims for wage notice and wage statement violations under New York's Wage Theft Prevention Act, New York Labor Law §§195(1), 195(3). These are precisely the same claims asserted by Plaintiffs in the amended State Action. *See Hichez v. United Jewish Counsel of the E. Side Home Attendant Serv. Corp.*, No. 653250/2017, 2018 WL 4466257, at *1 (Sup. Ct. N.Y. Cnty. Sept. 18, 2018); (Kirschner Decl., ¶ 6, Ex. D).

Moreover, the Awards and Confirmation Orders decided the exact issues raised by Named Plaintiffs in the State Action: whether the Arbitration fully and finally resolved the claims of Plaintiffs' putative class members. The answer to that question is yes, and it is not one that Named Plaintiffs should be allowed to relitigate in state court. The Union's January 2, 2019 Grievance sought pay not only for 24-hour cases, but also "with respect to any other outstanding wage and

hour claims arising under the covered statutes . . . ," which included the State Action filed on June 14, 2017.  (ECF No. 101-13 at 1; Kirschner Decl., ¶ 8).

### 2. The putative class members are bound by this Court's confirmation of the Awards even though they were not parties to the federal action.

The Second Circuit has repeatedly "rejected the argument 'that the relitigation exception to [the AIA] is inapposite . . . because the parties involved in the state and federal courts are not all the same.'"  *Doctor's Assocs., LLC v. Tripathi*, 794 F. App'x 91, 94 (2d Cir. 2019) (unpub.) (quoting *ACLI Gov't Secs., Inc. v. Rhoades*, 963 F.2d 530, 532-33 (2d Cir. 1992)) (affirming injunction of state court action to effectuate order compelling arbitration). For example, the relitigation exception applies where the party to be bound, although not a party to the federal action, is in "privity" with a bound party.  *Amalgamated Sugar*, 825 F.2d at 640.  Privity exists where the nonparty's interests "were adequately represented by another vested with the authority of representation." *Id.* (quoting *Expert Elec. Co. v. Levine*, 554 F.2d 1227, 1233 (2d Cir. 1977)). The privity doctrine "is to be applied with flexibility"; there is no "bright line rule," and the question whether privity exists in a given case "depends on whether, under the circumstances, the interests of the nonparty were adequately represented." *Id.* (finding privity between shareholder and corporation sufficient to support injunction issued under relitigation exception).

Here, the preclusive effect of this Court's Confirmation Orders extends to Named Plaintiffs' putative class members because they are in privity with the Union.   It is undisputed that the Union was the exclusive collective bargaining representative for Named Plaintiffs and their putative class throughout their employment.  Moreover, this Court has already held—twice—that all former UJC employees, and therefore all possible members of Named Plaintiffs' putative class, were adequately represented by the Union during the Arbitration. (ECF Nos. 236 at 12-13 & 262 at 17).  It was for that reason that former employees did not have standing to intervene in the

confirmation of the Arbitrator's First Award or to enjoin the consequences of the Second Award. *Id.* More to the point, this Court confirmed an "identity of interest" between the former employees and the Union, and thus "adequate representation is assured." *1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, 520 F. Supp. 3d 588, 600 (S.D.N.Y. 2021) (citing *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990)). In any event, Named Plaintiffs did participate in the federal court action relating to the First Award as intervenors and their counsel continued to appear regarding both awards as discussed in Footnote 3, *supra*.

### 3. The state court has not ruled on the preclusive effect of this Court's orders.

In confirming the Arbitrator's Awards, this Court was the first court to issue a judgment regarding the Arbitrator's jurisdiction over the UJC putative class members and resolve those claims on the merits. The state court has not ruled on the preclusive effect of the Confirmation Orders in the State Action. In analogous circumstances—i.e., where a district court decided issues that a state court previously declined to address—the Second Circuit has affirmed issuance of an AWA injunction.

In *Amalgamated Sugar*, 825 F.2d 634, the same claims were being litigated against the defendant-appellee simultaneously in state and federal court. The federal court entered a final judgment first, and the defendant moved for summary judgment in state court on res judicata grounds. The state court did not consider the merits of the res judicata claim because it denied the motion without prejudice on other grounds. The defendant then returned to federal court to seek injunctive relief under the AWA and AIA. The district court granted the injunction, finding that it was not required to abstain from enjoining the state court action because the state court had not ruled on the merits of the common claims adjudicated, while the district court had. *Id.* at 641-42.

The Second Circuit agreed: "Where a state court has not ruled on the merits of the res judicata claim, the district court may enter an injunction pursuant to the relitigation exception . . . ." *Id.* The same reasoning applies here.

### 4. Equitable considerations favor the requested relief.

Equitable considerations strongly favor UJC's requested relief.  "[E]quity traditionally has sought to protect litigants from being subjected to a needless multiplicity of actions." *In re Rezulin Prods. Liab. Litig.*, 223 F.R.D. at 120.  And courts find "little equity in allowing [a plaintiff] to take a mulligan, through duplicative litigation, on an issue that had been squarely teed up by [a court's previous] order."  *Kaplan*, 2017 WL 6403087, at *10; *see also Wyly*, 697 F.3d at 144 (affirming injunction of further state court proceedings because district court had "legitimate concerns" that state court proceedings "might simply be an end-run around its prior decisions").

If Named Plaintiffs are permitted to pursue their putative class claims in the State Action, UJC will be deprived of its Court-approved contractual right to its chosen forum with respect to the putative class and forced to expend substantial time and resources relitigating issues already resolved in Arbitration and confirmed by this Court. "[I]t is well established that losing the ability to enforce an arbitration agreement is a form of irreparable harm," as this Court has previously recognized. (ECF No. 180 at 23) (quoting *Nat'l Union Fire Ins. Co. v. Advanced Micro Devices, Inc.*, No. 16-cv-5699 (JGK), 2016 WL 4204066, at *5 (S.D.N.Y. Aug. 4, 2016)).  Courts in this Circuit have suggested that a showing of irreparable harm is not needed to support an AWA injunction, *see, e.g., Ronnie Van Zant, Inc. v. Pyle,* 270 F. Supp. 3d 656, 675 (S.D.N.Y. 2017) (citing cases), *rev'd, vacated on other grounds sub nom., Ronnie Van Zant, Inc. v. Cleopatra Recs., Inc.*, 906 F.3d 253 (2d Cir. 2018), but in any event, irreparable harm exists here.[4]

---

[4] Deprivation of the "contractual right to arbitrate" is, of course, an irreparable harm in and of itself. *Reliance Nat'l Ins. Co. v. Seismic Risk Ins. Servs., Inc.*, 962 F. Supp. 385, 391 (S.D.N.Y. 1997); *see also,*

In addition, forcing UJC to litigate these putative class claims in the State Action risks inconsistent outcomes, which courts in this Circuit routinely seek to avoid when assessing equitable principles. *See, e.g.*, *Merck & Co. v. Tecnoquimicas S.A.*, No. 01 Civ. 5345 (NRB), 2001 WL 963977, at *4 (S.D.N.Y. Aug. 22, 2001) (finding that the equities would support a fee award where there was otherwise a substantial risk of inconsistent judgments); *Keep on Kicking Music, Ltd. v. Hibbert*, 268 F. Supp. 3d 585, 590 (S.D.N.Y. 2017) (finding that "additional discretionary factors" favored injunction on foreign court action where the foreign court's ruling on the issues "may create inconsistent outcomes").

Finally, depriving UJC of its right to the preclusive effect of the Awards would be contrary to public policy, including "[p]olicies favoring the finality of judgments, judicial economy, and repose for the parties." *Amalgamated Sugar*, 825 F.2d at 642. Furthermore, "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy [this Circuit has] often and emphatically applied." *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006) (internal quotation marks omitted); *see Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) ("The [Arbitration] Act, this Court has said, establishes 'a liberal federal policy favoring arbitration agreements.'") (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019). In this case, "[t]he arbitrator's award[s], the order[s] confirming arbitration and the strong public policy in favor of arbitration" will all be undermined if the putative class claims in the State Action are not enjoined. *Stuart*, 11 F. Supp. 2d at 225.

---

*e.g.*, *Nat'l Union Fire Ins. Co.*, 2016 WL 4204066, at *5. The risk of litigation in contravention of agreed-to contractual provisions is likewise irreparable harm, as is the risk of inconsistent judgments. *Paramedics Electromedicina Comercial Ltd. v. GE Med. Sys. Info. Techs., Inc.*, No. 02-cv-9369 (DFE), 2003 WL 23641529, at *12 (S.D.N.Y. June 4, 2003), *aff'd and remanded sub nom. Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645 (2d Cir. 2004).

On the other hand, principles of comity and federalism do not counsel against injunctive relief in this case, for the simple reason that the proposed injunction will not conflict with any state court rulings. As discussed above, the Arbitration Awards and Confirmation Orders are consistent with the state court's repeated refusals to enjoin the Arbitration as to putative class members, and the state court has not denied the preclusive effect of this Court's judgments. *See Amalgamated Sugar*, 825 F.2d at 641 (holding that district court "was not required to abstain on principles of comity from issuing the injunction against relitigation . . . in state court" where the state court "ha[d] not ruled on the merits of the res judicata claim").

Named Plaintiffs, meanwhile, will not be harmed by the requested injunction. As the Arbitrator held and this Court confirmed, Named Plaintiffs are not covered by the Awards and are therefore free to continue to pursue their claims against UJC in the State Action. The only "interest" that will be affected by the injunction is Named Plaintiffs' asserted interest in pursuing claims on behalf of their putative class. But these claims are the claims of the putative class members, not Named Plaintiffs. And as this Court found in denying Named Plaintiffs' motion to intervene, Named Plaintiffs have no cognizable interest in protecting the claims of putative class members when they cannot "point[] to any class that has been certified." (ECF No. 159 at 11; Kirschner Decl., ¶ 28. Named Plaintiffs' asserted interest in pursuing claims on behalf of a putative class is simply too speculative to weigh against an injunction.

## II.   THIS COURT'S DENIAL OF INJUNCTIVE RELIEF TO OTHER RESPONDENTS DOES NOT COMPEL A DIFFERENT RESULT.

Plaintiffs may argue that this Court's decision (ECF No. 180) denying the request of two other respondents, Family Home Care of Brooklyn and Queens, Inc. and Care at Home ("Movants") to enjoin a different putative class action in another New York Supreme Court proceeding is dispositive of UJC's motion. It is not.

15

Unlike UJC, Movants moved for injunctive relief under Fed. R. Civ. P. 65. (ECF No. 169 at 2). And unlike UJC, Movants sought to enjoin not the state court proceeding at issue, but the two named plaintiffs prosecuting that case.

The Court denied Movants' motion chiefly because they sought to upend a state court judgment, essentially running to federal court after losing in state court to ask this Court to step in on "appellate" review. (ECF No. 180 at 13-14, 22). Specifically, the state courts had ruled that this Court's first Confirmation Order did *not* preclude continued prosecution of the plaintiffs' claims and that the question of arbitrability was for the court, not the Arbitrator, to decide. (*Id.* at 6-7). In light of these rulings, this Court held that it lacked jurisdiction to issue an injunction under the *Rooker-Feldman* doctrine, which generally prevents federal courts from granting relief that would effectively void a state court ruling. (*Id.* at 9 & n.6). The Court also held in the alternative that Movants were not entitled to an AWA injunction under the relitigation exception, because the state courts had already issued rulings rejecting the preclusive effect of this Court's Confirmation Orders. (*Id.* at 18-20).

The Court then held that Movants were not entitled a Rule 65 injunction. The Court reasoned that Movants' delay in seeking to protect their right to arbitration belied their claim of irreparable harm and that the proposed injunction would contravene the public interest "in ensuring that lower federal courts do not preside over appeals lodged by state court losers seeking to overturn adverse state court decisions." (*Id.* at 22-25).

Not one of the factors that led the Court to deny the Movants' requested injunction is present here. First, UJC does not seek to challenge any state judgment, because, as explained above, all rulings in the State Action to date have been consistent with this Court's orders. *Rooker-Feldman* does not apply to a party, such as UJC, that is not seeking to challenge a state court

judgment in federal court. *Jones v. Ass'n for Rehab. Case Mgmt. & Supported Hous. Program*, Civ. No.: 1:19-cv-10114 (CM), 2020 WL 495935, at *3 (S.D.N.Y. Jan. 30, 2020) (rejecting *Rooker-Feldman* argument because the state court "never entered a judgment against the Plaintiff on the [relevant] issue"); *New Y-Capp, Inc. v. Arch Capital Funding, LLC*, No. 1:18-CV-03223 (ALC), 2020 WL 5549315, at *3 (S.D.N.Y. Sept. 16, 2020) (*Rooker-Feldman* inapplicable where "there is no state-court judgment to review or reject").

<u>Second</u>, unlike in Movants' case, the state court in the UJC State Action has *not* ruled on the preclusive effect of this Court's confirmation orders. The Court held that the existence of such rulings in Movants' case rendered the relitigation exception inapplicable. No such order exists here.

<u>Third</u>, the injunctive relief UJC seeks is not against Named Plaintiffs. Rather, UJC seeks to enjoin the state court from proceeding with the putative class, which is covered by the Awards and Confirmation Orders. Moreover, UJC moves for an injunction only under the AWA and the AIA relitigation exception, whereas Movants also sought relief under Rule 65. This is significant because, as noted above, the Rule 65 requirements need not be met under the AWA. *See, e.g., In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litigation)*, 770 F.2d 328, 338-39 (2d Cir. 1985) ("While the issuance of the injunction here did not comply with the requirements that Fed. R. Civ. P. 65 prescribes for the issuance of preliminary injunctions, this is not a fatal defect. Injunctions issued under the authority of the All-Writs Act stem from very different concerns than those motivating preliminary injunctions governed by Fed. R. Civ. P. 65.").

But even assuming that the Rule 65 standards apply, UJC is entitled to relief. Unlike Movants' conduct, UJC's conduct has been consistent with a finding of irreparable harm, because UJC has moved promptly and diligently in both the state and federal proceedings to protect its

right to arbitration.  Among other things, UJC moved to compel arbitration immediately in the State Action after Named Plaintiffs filed their complaint and pursued appeals of the state courts' adverse rulings on that motion.  UJC participated actively in the confirmation proceedings before this Court.  And at the first signal that Named Plaintiffs intend to pursue their putative class claims in the State Action in derogation of this Court's Confirmation Orders—i.e., the recent class-wide discovery requests—UJC is moving to seek appropriate relief from this Court.

Fourth, and finally, the only public policy that the Court found warranted rejection of Movants' request—the policy against enjoining existing state court judgments—is not present here, and UJC has identified compelling reasons why its motion should be granted.

## CONCLUSION

For the foregoing reasons, UJC respectfully requests the Court enjoin Named Plaintiffs' prosecution of putative class claims in the State Action and grant UJC such other and further relief as this Court deems just and proper including attorneys' fees and costs.


Dated:  New York, New York
         August 22, 2022

                                        Respectfully submitted

                                        /s/ Kenneth Kirschner
                                        Kenneth Kirschner
                                        David Baron
                                        Heather McAdams
                                        HOGAN LOVELLS US LLP
                                        390 Madison Avenue
                                        New York, New York 10017
                                        Telephone:  (212) 918-3260
                                        Facsimile:  (212) 918-3100
                                        Email:  Kenneth.kirschner@hoganlovells.com

                                        *Attorneys for United Jewish Council of the*
                                        *East Side Home Attendant Service Corp.*

18