UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1199SEIU UNITED HEALTHCARE WORKERS EAST,

Petitioner,

- against -

PSC COMMUNITY SERVICES, ET AL.,

Respondents.

20-cv-3611 (JGK)

Judgment

**John G. Koeltl, District Judge:**

WHEREAS, the United States Court of Appeals for the Second Circuit, by opinion dated July 10, 2026 in 1199 SEIU United Healthcare Workers East v. PSC Community Services, 2026 U.S. App. LEXIS 20304 (2026) (the "Opinion"), vacated, in part, judgments of this Court entered on February 19, 2021, Dkt. Nos. 159-60 (the "First Confirmation Order")[1] and June 24, 2022 Dkt. Nos. 262-63 (the "Second Confirmation Order"), and remanded the matters to this Court for entry of revised judgments;

WHEREAS, the Court of Appeals held that Gail Yan, Alvaro Ramirez Guzman, Elida Agustina Mejia Herrera, Leticia Panama Rivas, Eugenia Barahona Alvarado, Rafaela Cruceta, Virtudes Duran, Wai Kam Lou, Yue Ming Wu, Cui Ying Mai, Mei Kum Chu, Sau King Chung, Qun Xiang Ling, Epifania Hichez, Carmen Carrasco, Seferina Acosta, and Maria Diaz (collectively, the "Named Appellants") were entitled to intervene as of right under Federal Rule of Civil Procedure 24(a) in the proceedings to confirm the

[1] Capitalized terms are from the Glossaries in the Opinion at 58-61.

Arbitrator's First Award (dated April 17, 2020) and Second Award (dated February 25, 2022, as modified) (together, the "Awards");

WHEREAS, the Court of Appeals further held that Named Appellants were not bound to any labor agreement between Petitioner 1199 SEIU United Healthcare Workers East ("the Union") and their respective former Respondent-Employers compelling arbitration of statutory claims, nor did they assent, implicitly or explicitly, to the Union's representation of them in entering into labor agreements executed after their employment with that Respondent-Employer had ended;

WHEREAS, the Court of Appeals accordingly held that the Arbitrator exceeded the scope of his authority insofar as the Awards purported to bind the Named Appellants individually on their own behalf and, in the state court's discretion, on behalf of a class of Pre-2015 MOA Employees of the Named Employers;

WHEREAS, the Court of Appeals held that the First Award and Second Award are not disturbed, except as to the Named Appellants and, insofar as a state court finds them qualified to do so, the classes that they seek to represent; and

WHEREAS, the Court of Appeals did not issue any findings on the merits of Named Appellants' statutory claims, and noted that whether, and to what extent, Named Appellants and the classes they seek to represent are ultimately entitled to recover on their statutory wage claims are questions best

left for the state courts to address in the first instance and to resolve in pending state court actions.

**NOW, THEREFORE, IT IS HEREBY ORDERD, ADJUDGED, AND DECREED:**

1. The First Confirmation Order and the Second Confirmation Order are VACATED only insofar as they confirmed the Awards as binding upon, or as precluding the judicial pursuit of statutory claims by, any of the Named Appellants and the classes they seek to represent, as determined by the state courts. The Awards otherwise remain binding consistent with the First Confirmation Order and the Second Confirmation Order.
2. The First Award and the Second Award are not binding upon, and not enforceable against the Named Appellants and the classes they seek to represent, as determined by the state courts. The Awards do not preclude any Named Appellant from pursuing her or his statutory claims against their respective former employers - Chinese-American Planning Council Home Attendant Program, United Jewish Council of the East Side Home Attendant Service Corp., The First Chinese Presbyterian Community Affairs Home Attendant Corp., and Alliance for Health, Inc. - individually on their own behalf and, in the state court's discretion, on behalf of a class.

3. This Judgment shall be without prejudice to further proceedings in state court actions including any determination by those state courts as to class certification.
4. The Clerk of Court is directed to enter judgment accordingly and upon entering judgment, shall close this action.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 8, 2026**

John G. Koeltl
**John G. Koeltl**
**United States District Judge**